**STEPTOE & JOHNSON LLP**
STEPHANIE A. SHERIDAN, State Bar No. 135910
ssheridan@steptoe.com
ANTHONY J. ANSCOMBE, State Bar No. 135883
aanscombe@steptoe.com
MEEGAN B. BROOKS, State Bar No. 298570
mbrooks@steptoe.com
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6678

Attorneys for
PETSMART, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

TODD CARPENTER,
Individually, on behalf of himself and
others similarly situated,

       Plaintiff,

    v.

PETSMART, INC.,

       Defendant.

Case No. 3:19-cv-01731-CAB-LL

**MEMORANDUM AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS REGARDING PROPOSED NATIONWIDE CLASS**

Hearing Date: February 10, 2020

PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................... 1

II. THE ALLEGATIONS OF PLAINTIFF'S FAC ................................................... 1

III. LEGAL STANDARDS APPLICABLE TO MOTIONS TO STRIKE ................... 2

IV. ARGUMENT ........................................................................................................... 3

    A. This Court Lacks Personal Jurisdiction over Claims by Putative Class Members Who Bought Goods Outside of California .............................................................................. 4

    B. Plaintiff Cannot Bring Nationwide Claims Under California Law .................................. 6

    C. Plaintiff Lacks Standing to Sue Under Other States' Laws ............................................ 6

    D. This Court Should Strike the Nationwide Class as Unmanageable ................................ 7

        (a) The Ninth Circuit's Decision in *Mazza v. Honda* Controls this Case ...................... 8

        (b) Material Differences in State Laws Preclude Plaintiff from Representing a Nationwide Class ......................................................................................... 10

            (i) Fraud by Omission (Count IV) .................................................................... 10

            (ii) Breach of Implied Warranty and Magnuson-Moss Warranty Act ( Counts V and VI) ......................................................................................... 13

            (iii) Unjust Enrichment (Count VII) .................................................................. 16

        (c) The States Each Have a Prevailing Interest in Having Their Laws Applied to Transactions that Took Place Within Their Borders ............................. 20

V. CONCLUSION ....................................................................................................... 20

Case No. 3:19-CV-01731-CAB-LL

MPA ISO PETSMART'S MOTION TO STRIKE PLAINTIFF'S NATIONWIDE CLAIMS FROM THE FAC

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allee v. Medrano*,
    416 U.S. 802 (1974) .................................................................................................7

*In re Am. Med. Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996) .................................................................................8

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...............................................................................................7

*Andren v. Alere, Inc.*,
    No. 16-cv-1255-GPC, 2017 WL 6509550 (S.D. Cal. Dec. 20, 2017) ...............16, 17

*In re Aqua Dots Prods Liab. Litig.*,
    270 F.R.D. 377 (N.D. Ill. 2010) ...........................................................................19

*In re Aqua Dots Prods. Liab. Litig.*,
    654 F.3d 748 (7th Cir. 2011) .................................................................................8

*Baldwin v. Star Sci., Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015) ......................................................................7

*Ballie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*,
    810 P.2d 12 (Wash. Ct. App. 1991) .....................................................................18

*In re Baycol Prods. Litig.*,
    218 F.R.D. 197 (D. Minn. 2003) ..........................................................................17

*Behrman v. Allstate Life Ins. Co.*,
    388 F. Supp. 2d 1346 (S.D. Fla. 2005), *aff'd*, 178 F. App'x 862 (11th Cir. 2006)...................12

*Bemis v. Estate of Bemis*,
    967 P.2d 437 (1998) .............................................................................................14

*Bias v. Wells Fargo & Co.*,
    312 F.R.D. 528 (N.D. Cal. 2015) .........................................................................16

*Brazil v. Dell, Inc.*,
    585 F. Supp. 2d 1158 (N.D. Cal. 2008) .................................................................2

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002)................................................................................8

*Bristol-Myers Squib Co. v. Superior Court of Cal.*,
    137 S. Ct. 1773 (2017) ......................................................................................4, 5

*by Abogados v. AT&T, Inc.*,
   223 F.3d 932 (9th Cir. 2000)..................................................................................20

*Caldas v. Affordable Granite & Stone, Inc.*,
   820 N.W.2d 826 (Minn. 2012) ............................................................................17

*In re Carrier IQ, Inc.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) ..................................................................6

*Castaneda v. Fila USA, Inc.*,
   No. 11-cv-1033-H(BGS), 2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ................9

*City of Sierra Vista v. Cochise Enters., Inc.*,
   697 P.2d 1125 (Ariz. Ct. App. 1984) ...................................................................19

*Clark v. LG Elecs. U.S.A., Inc.*,
   No. 13-cv-485 (JMA), 2013 WL 5816410 (S.D. Cal. Oct. 29, 2013).......................3

*Clay v. American Tobacco Co.*,
   188 F.R.D. 483 (S.D. Ill. 1999) ...........................................................................16

*Cole v. Gen. Motors Corp.*,
   484 F.3d 717 (5th Cir. 2007) .................................................................................8

*Czuchaj v. Conair Corp.*,
   No. 13-CV-1901-BEN (RBB), 2016 WL 1240391 (S.D. Cal. Mar. 30, 2016).........14

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ......................................................................................4, 5

*Darisse v. Nest Labs, Inc.*,
   No. 5:14-cv-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)...........11, 14

*Decker v. Mazda Motor of Am., Inc.*,
   No. SACV 11-0873 ......................................................................................10, 12

*In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*,
   No. 12-169, 2013 WL 5503308 (D.N.J. Oct. 2, 2013)............................................7

*Fenwick v. Ranbaxy Pharm., Inc.*,
   353 F. Supp. 3d 315 (D.N.J. 2018) ......................................................................14

*First Nat'l Bank of Dwight v. Regent Sports Corp.*,
   803 F.2d 1431 (7th Cir. 1986).........................................................................4, 15

*In re Ford Motor Co. Vehicle Paint Litig.*,
   182 F.R.D. 214 (E.D. La. 1998).........................................................10, 11, 12, 13

*Freeman Indus., LLC v. Eastman Chem. Co.*,
   172 S.W.3d 512 (Tenn. 2005)........................................................................17, 18

*Frenzel v. AliphCom,*
    76 F. Supp. 3d 999 (N.D. Cal. 2014) ...................................................................9

*Frezza v. Google Inc.,*
    No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013)................9

*Gen. Tel. Co. of S.W. v. Falcon,*
    457 U.S. 147 (1982) .................................................................................................2

*Georgine v. Amchem Prods., Inc.,*
    83 F.3d 610 (3d Cir. 1996), *aff'd sub nom. Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) .................................................................................................8

*In re Grand Theft Auto Video Game Consumer Litig. No. II,*
    251 F.R.D. 139 (S.D.N.Y. 2008)..............................................................................8

*Hanna v. Am. Cruise Lines, Inc.,*
    No. 3:18-CV-0919-CAB-(WVG), 2018 WL 3993357 (S.D. Cal. Aug. 21, 2018) .....5

*Hernandez v. Burger,*
    102 Cal. App. 3d 795 (1980) .................................................................................20

*Hillman Const. Corp. v. Wainer,*
    636 So.2d 576 (Fla. 4th Dist. Ct. App. 1994) .......................................................18

*In re Hyundai & Kia Fuel Econ. Litig.,*
    881 F.3d 679 (9th Cir. 2018)................................................................................7, 9

*J.W. Thompson Co. v. Welles Prods. Corp.,*
    758 P.2d 738 (Kan. 1988) ......................................................................................18

*Jackson v. 2109 Brandywine, LLC,*
    952 A.2d 304 (Md. Ct. Spec. App. 2008) .............................................................18

*Jones Cooling & Heating, Inc. v. Booth,*
    394 S.E.2d 292 (N.C. Ct. App. 1990) ...................................................................17

*Kamm v. Cal. City Dev. Co.,*
    509 F.2d 205 (9th Cir. 1975)...................................................................................2

*Kunzelmann v. Wells Fargo Bank, N.A.,*
    No. 9:11-CV-81373-DMM, 2013 WL 139913 (S.D. Fla. Jan. 10, 2013)................19

*Lane v. Wells Fargo Bank, N.A.,*
    No. C12-04026 WHA, 2013 WL 3187410 (N.D. Cal. Jun. 21, 2013).....................13

*Lejbm v. Transnatl. Foods, Inc.,*
    No. 17-CV-1317-CAB-MDD, 2018 WL 1258256 (S.D. Cal. Mar. 12, 2018) .......3, 9

MPA ISO PETSMART'S MOTION TO STRIKE PLAINTIFF'S NATIONWIDE CLAIMS FROM THE FAC

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
    211 F.R.D. 228 (S.D.N.Y. 2002)........................................................................................11

*Lilly v. Ford Motor Co.*,
    No. 00 C 7372, 2002 WL 507126 (N.D. Ill. Apr. 3, 2002) ........................................19

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997)........................................................................................12

*Littlehale v. Hain Celestial Grp., Inc.*,
    No. C 11–6342 (PJH), 2012 WL 5458400 (N.D. Cal. July 2, 2012) ..........................11

*Lochthowe v. C.F. Peterson Estate*,
    692 N.W.2d 120 (N.D. 2005)......................................................................................17

*Makeaff v. Trump Univ., LLC*,
    No. 3:10-cv-0940-CPC-WVG, 2014 WL 688164 (S.D. Cal. Feb. 21, 2014) ...........16

*Matus v. Premium Nutraceuticals, LLC*,
    715 F. App'x 662 (9th Cir. 2018)..................................................................................5

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012)............................................................................. *passim*

*Mednick v. Precor, Inc.*,
    No. 14 C 3624, 2016 WL 3213400 (N.D. Ill. June 10, 2016) .....................................15

*Meehan v. Cheltenham Twp.*,
    189 A.2d 593 (1963) ...................................................................................................17

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003)......................................................................................15

*Nacci v. Volkswagen of Am., Inc.*,
    325 A.2d 617 (Del. Super. Ct. 1974) ..........................................................................15

*Norwest Mortg., Inc. v. Superior Court*,
    72 Cal. App. 4th 214 (1999)..........................................................................................6

*Ontiveros Insulation Co., Inc. v. Sanchez*,
    3 P.3d 695 (N.M. Ct. App. 2000) ...............................................................................18

*State Dept. of Human Servs. ex rel. Palmer v. Unisys Corp.*,
    637 N.W.2d 142 (Iowa 2001)......................................................................................19

*Parrillo v. Giroux Co.*,
    426 A.2d 1313 (R.I. 1981) ..........................................................................................14

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) .....................................................................................................6

Case No. 3:19-CV-01731-CAB-LL

MPA ISO PETSMART'S MOTION TO STRIKE PLAINTIFF'S NATIONWIDE CLAIMS FROM THE FAC

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011)..................................................................................8

*Porter v. Hu*,
    169 P.3d 994 (Haw. Ct. App. 2007)........................................................................17

*Powers v. Lycoming Engines*,
    272 F.R.D. 414 (E.D. Pa. 2011) ............................................................................14

*Puttkammer v. Minth*,
    266 N.W.2d 361 (Wis. 1978) ................................................................................18

*Rawlings v. Rawlings*,
    240 P.3d 754 (Utah 2010) .....................................................................................18

*Roberts v. Wyndham Int'l, Inc.*,
    No. 12-cv-5180-PSG, 2012 WL 6001459 (N.D. Cal. Nov. 30, 2012)......................3

*Route v. Mead Johnson Nutrition Co.*,
    No. CV-12-7350-GW, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013)........................2

*Samiento v. World Yacht Inc.*,
    883 N.E.2d 990 (N.Y. 2008) .................................................................................17

*In re Samsung Galaxy Smartphone Mkt. & Sales Practices Litigation*,
    No. 16-cv-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .....................5

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................2

*Santagate v. Tower*,
    833 N.E.2d 171 (Mass. App. Ct. 2005) .................................................................17

*ServiceMaster of St. Cloud v. GAB Bus. Servs. Inc.*,
    544 N.W.2d 302 (Minn. 1996) ..............................................................................18

*Settlemires v. Jones*,
    736 So. 2d 471 (Miss. Ct. App. 1999)...................................................................15

*Sloan v. General Motors LLC*,
    287 F.Supp.3d 840 (N.D. Cal. 2018) ......................................................................5

*Smith v. Allmax Nutrition, Inc.*,
    No. 1:15-cv-00744-SAB, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) .................9

*Smith v. Whitener*,
    856 S.W.2d 328 (Ark. Ct. App. 1993) (en banc) ..................................................18

*Sperry v. Crompton Corp.*,
    810 N.Y.S.2d 498 (App. Div. 2d Dep't 2006) .......................................................19

*In re St. Jude Medical, Inc. Silzone Heart Valve Prods. Liab. Litig.*,
    425 F.3d 1116 (8th Cir. 2005) ............................................................................8

*Star–Shadow Prods., Inc. v. Super 8 Sync Sound Sys.*,
    730 A.2d 1081 (R.I. 1999) ..............................................................................15

*Struna v. Convenient Food Mart*,
    828 N.E.2d 647 (Ohio Ct. App. 2005) .............................................................18

*Stubbs v. McDonald's Corp.*,
    224 F.R.D. 668 (D. Kan. 2004) .........................................................................2

*Taison Comm'ns, Inc. v. Ubiquiti Networks, Inc.*,
    308 F.R.D. 630 (N.D. Cal. 2015) ....................................................................15

*Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*,
    No. C-13-1803 EMC, 2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ...............3

*Thompson v. Bayer Corp.*,
    No. 4:07-cv-00017 JMM, 2009 WL 362982 (E.D. Ark. Feb. 12, 2009) ...............19

*Thompson v. Jiffy Lube Intern., Inc.*,
    250 F.R.D. 607 (D. Kan. 2008) ...........................................................13, 19, 20

*Thorpe v. Washington City*,
    243 P.3d 500 (Utah Ct. App. 2010) .................................................................17

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 925 (C.D. Cal. 2011) .............................................................11

*Tracy v. Vinton Motors, Inc.*,
    296 A.2d 269 (1972) .......................................................................................15

*Trustmark Ins. Co. v. Bank One, Ariz., NA*,
    48 P.3d 485 (Ariz. Ct. App. 2002) ..................................................................17

*USA Disaster Recovery, Inc. v. St. Tammany Parish Gov't.*,
    145 So. 3d 235 (La. 2013) ...............................................................................19

*Vinci v. Hyundai Motor Am.*,
    No. SA CV 17-0997-DOC, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ............11, 14, 16

*Virgilio v. Ryland Grp., Inc.*,
    680 F.3d 1329 (11th Cir. 2012) .......................................................................19

*Walsh v. Ford Motor Co.*,
    130 F.R.D. 260 (D.D.C. 1990) ...................................................................14, 15

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) .............................................................................2

*Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama,*
    42 So. 3d 1216 (Ala. 2010) ...................................................................18

*Xi Chen Lauren v. PNC Bank, N.A.,*
    296 F.R.D. 389 (W.D. Pa. 2014)..............................................................7

*Zuger v. N. Dakota Ins. Guar. Ass'n,*
    494 N.W.2d 135 (N.D. 1992)...................................................................19

**Statutes**

La. Civ. Code Ann. art. 2534 .........................................................................14

Magnuson-Moss Warranty Act .................................................................2, 15

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................... *passim*

Fed. R. Civ. P. 82 .............................................................................................7

## I.    INTRODUCTION

This Court should strike the nationwide class allegations from Plaintiff's First Amended Complaint ("FAC"). They are patently defective. Striking them will ensure that consumers outside California, in the unlikely event that they are unhappy with their All Living Things® Tiny Tales™ Small Pet Habitats, do not rely on this proceeding to vindicate their rights.

The face of the FAC demonstrates that Plaintiff resides in California, bought his Tiny Tales habitat in California, and that PetSmart, a Delaware corporation, has its principle place of business in Arizona. This Court does not have personal jurisdiction over PetSmart with respect to the claims of absent class members who live and purchased goods outside of California. Plaintiff also lacks standing to assert claims based on transactions in jurisdictions where he does not reside and did not make any purchases. Moreover, Plaintiff has not articulated any basis for the nationwide application of law of any single state. Where a court will have to apply the laws of more than a few states, class litigation is not manageable. For all of these reasons, the Court should strike Plaintiff's nationwide class allegations.

## II.    THE ALLEGATIONS OF PLAINTIFF'S FAC

Plaintiff, a citizen of California, alleges that he purchased "four Tiny Tales Homes (one Rocket Ship, one Castle, and two Clubhouse units) and two pet hamsters (including bedding and food)" from PetSmart's Encinitas, California store on December 24, 2018. FAC ¶ 5. He claims that his hamsters chewed their way out of the habitat and escaped. *Id*. ¶ 42. He faults the design of the habitat, and has brought this action on behalf of a putative nationwide class of consumers who purchased these homes. *Id*. ¶ 83. Plaintiff also seeks to represent a sub-class of California consumers. *Id*.[1] Plaintiff purports to bring claims on behalf of the nationwide class (in addition

---

[1] The FAC's first three cases of action—for violations of California's Song-Beverly Consumer Warranty Act, Unfair Competition Law, and Consumers Legal Remedies

to the California sub-class) for fraud by omission, breach of implied warranty, unjust enrichment, and a claim under the Magnuson-Moss Warranty Act. Plaintiff does not specify which state's laws apply to his common law claims.

PetSmart, a corporation organized under the laws of Delaware, has its principle place of business in Arizona. FAC ¶ 6. Plaintiff does not allege any nexus between the State of California and the claims of consumers outside of California. The FAC also does not identify any putative class representatives besides Mr. Carpenter.

## III.   LEGAL STANDARDS APPLICABLE TO MOTIONS TO STRIKE

Federal courts are empowered to use motions to strike to "test the viability of a class at the earliest pleading stage of the litigation." *Stubbs v. McDonald's Corp.,* 224 F.R.D. 668, 674 (D. Kan. 2004) (collecting cases); *see also Sanders v. Apple, Inc.,* 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting motion to strike warranty and fraud-based claims); *Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008).

The Court need not wait until a motion for class certification submitted before deciding whether a matter can be maintained as a class action, particularly in cases where it is "plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…." *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 160 (1982); *see also, e.g., Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (Rule 12(f) motions help to avoid the unnecessary "expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…") (quotation omitted); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212-13 (9th Cir. 1975) (affirming order striking allegations at the pleading stage); *Route v. Mead Johnson Nutrition Co.*, No. CV-12-7350-GW (JEMx), 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("where the matter is sufficiently obvious from the pleadings, a court may strike class

Act—are brought only on behalf of the California sub-class.

allegations" without first permitting class discovery.); *Clark v. LG Elecs. U.S.A., Inc.*, No. 13-cv-485 (JMA), 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013).

Fed. R. Civ. P. 12(f) allows this Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *See, e.g., Clark*, 2013 WL 5816410, at *16; *Roberts v. Wyndham Int'l, Inc.*, No. 12-cv-5180-PSG, 2012 WL 6001459, at *3 (N.D. Cal. Nov. 30, 2012) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993)). Similarly, Fed. R. Civ. P. 23 authorizes the court to eliminate defective class allegations at the outset of the action. *See* Fed. R. Civ. P. 23(c)(1)(A) (the court should determine "at any early practicable time" whether to "certify the action as a class action"); Fed. R. Civ. P. 23(d)(1)(D) (the court may order that pleadings be amended to remove class allegations); *see also Roberts*, 2012 WL 6001459, at *3 ("Pursuant to Rule 23(d)(1)(D), the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained.") (citing *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009)). Courts have also dismissed nationwide class claims under Rule 12(b)(6) or 12(b)(1). *See Tasion Comms., Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014); *Lejbm v. Transnatl. Foods, Inc.*, No. 17-CV-1317-CAB-MDD, 2018 WL 1258256, at *4 (S.D. Cal. Mar. 12, 2018).

Under each of the foregoing rules, the analysis is the same, and turns upon whether the FAC demonstrates, as a matter of law, that the proposed class is not viable. *See Clark*, 2013 WL 5816410, at *16; *Roberts*, 2012 WL 6001459, at *3; *Tasion*, 2014 WL 1048710, at *3.

## IV.  <u>ARGUMENT</u>

This Court should strike the nationwide class allegations for three reasons. ***First***, this Court does not have personal jurisdiction over PetSmart as to the claims of out-of-state putative class members. PetSmart is not subject to general jurisdiction in

California, and cannot be sued in California by non-residents who purchased goods outside the state. **_Second_**, California's laws do not apply extraterritorially, and Plaintiff—as a resident of California who only purchased his PetSmart products in California—lacks standing to sue under the laws of states where he does not reside and did not purchase PetSmart products. **_Third_**, significant variations in the laws of the fifty states render a nationwide class unmanageable under Rule 23(b)(3), and destroy commonality under Rule 23(a)(2).

## A. This Court Lacks Personal Jurisdiction over Claims by Putative Class Members Who Bought Goods Outside of California

PetSmart does not dispute that this Court has specific jurisdiction over it with respect to Plaintiff's individual claim. It is a different story, however, when Plaintiff attempts to bring claims on behalf of absent class members who reside outside of California and bought goods from PetSmart in their home states. Under *Bristol-Myers Squib Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780-81 (2017), this Court lacks personal jurisdiction over PetSmart with respect to the claims of these non-residents.

In *Bristol-Myers Squibb*, the Supreme Court made clear that a district court must refuse to exercise personal jurisdiction over a defendant where an out-of-state plaintiff brings an action against the defendant in a state where it is not subject to general jurisdiction. *See id.* (reversing California specific jurisdiction over claims of nonresident plaintiffs against nonresident defendant with five California "research and laboratory facilities, which employ a total of around 160 employees" and "250 sales representatives in California and ... a small state-government advocacy office in Sacramento"). Here, general jurisdiction does not exist because PetSmart is not "at home" in California. *See also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'"). That PetSmart does business in California does not establish general jurisdiction. *Id.* at 760-61.

For this Court to exercise "specific jurisdiction over a claim, there must be an

'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (internal citations omitted). This means that *each* plaintiff's claim must arise from PetSmart's forum-related activities regardless of whether specific jurisdiction was established for another claimant. *Id.* at 1783; *see also Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) (no personal jurisdiction over California consumer's nationwide false advertising claims involving Georgia defendant's website: "If Premium can be haled into California merely on the basis of its universally accessible website, then, under [plaintiff's] proposed rule, it can be haled into every state, and respectively, every online advertiser worldwide can be haled into California"); *Hanna v. Am. Cruise Lines, Inc.*, No. 3:18-CV-0919-CAB-(WVG), 2018 WL 3993357, at *3 (S.D. Cal. Aug. 21, 2018) (personal jurisdiction over an out-of-state employer not established where "it recruited [plaintiff], a California resident, to work out of state" and paid taxes to California).

Plaintiff cannot bootstrap specific jurisdiction for out-of-state class members through his own individual claims. The same logic that precluded the *Bristol-Myers Squibb* non-resident plaintiffs from establishing specific jurisdiction to adjudicate their claims in federal court in California precludes non-California class members in this case from having their claims adjudicated by this Court. In the event of class certification, absent class members will be actual parties to this case. *See, e.g In re Samsung Galaxy Smartphone Mkt. & Sales Practices Litigation,* No. 16-cv-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (construing *Bristol-Myers* to prohibit an exercise of personal jurisdiction over a defendant as to non-resident plaintiffs in a class action).[2] These class members' claims have no connection to this forum. Their claims should be dismissed.

---

[2] *But c.f., e.g., Sloan v. General Motors LLC*, 287 F.Supp.3d 840, 858-59 (N.D. Cal. 2018).

## B. **Plaintiff Cannot Bring Nationwide Claims Under California Law**

To the extent Plaintiff proposes applying California law across the country, California law will not support such claims.

As a matter of law, California law cannot apply where the claims of absent class members and the defendant have no connection to the state. *See Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 228 (1999) (fulsome conflict of law analysis unnecessary, given presumption that California law will not apply extraterritorially absent clear legislative intent); *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (class action proponent bears the burden to show that California has a "significant contact or significant aggregation of contacts" to the claims of each class member."). Due process forbids the application of California law where California lacks a sufficient aggregation of contacts, thus making the application of California law arbitrary or unfair. *Norwest Mortgage*, 72 Cal. App. 4th at 225-227; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

In short, the FAC alleges no basis for the nationwide application of California law.

## C. **Plaintiff Lacks Standing to Sue Under Other States' Laws**

Nor can Plaintiff bring claims under the laws of each state nationwide. Plaintiff lacks standing to sue under the laws of states in which he does not reside, and where he did not purchase goods from PetSmart.

It is well accepted that a named plaintiff may only assert a state claim if he or she resides in, does business in, or has some connection to that state. *See In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074-75 (N.D. Cal. 2015) (granting motion to dismiss claims brought under the laws of thirty-five (35) states where no named plaintiff resided; "The number of consumers from 35 other states in which state law claims are

asserted is vast relative to the claims to which the named Plaintiffs have standing.").[3] It is also axiomatic that a plaintiff cannot use Rule 23 as a means of asserting claims that he could not pursue in his own right. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997); Fed. R. Civ. P. 82. Standing cannot be acquired through the back door of a class action. *Allee v. Medrano*, 416 U.S. 802, 829 (1974).

### D. This Court Should Strike the Nationwide Class as Unmanageable

Manageability is a separate reason that Plaintiff cannot bring claims on behalf of a nationwide class. *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 691 (9th Cir. 2018) ("Where plaintiffs bring a nationwide class action under CAFA and invoke Rule 23(b)(3), a court must consider the impact of potentially varying state laws, because '[i]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance.'") (quoting *Castano v. Am. Tobacco Co*., 84 F.3d 734, 741 (5th Cir. 1996)); *see also Mazza v. Am. Honda Motor Co., Inc*., 666

---

[3] *See also Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 734-35 (N.D. Ill. 2015) (finding that plaintiffs needed a named representative from each state to proceed on claims under each state's laws); *Xi Chen Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) (dismissing for lack of standing plaintiff's unjust enrichment claims that arose under the laws of states where plaintiff suffered no injury); *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*, No. 12-169, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013), *quoting In re Magnesium Oxide I*, No. 10-5943 (DRD), 2011 WL 5008090, at *8 (E.D. PA. 2009)(other internal citations omitted)("[C]ourts find that they must initially 'review the standing of actual, not proposed plaintiffs' to assert the claims in a class action complaint because 'the alternative … would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union.").

F.3d 581, 589 (9th Cir. 2012).[4,5]

      (a)    **The Ninth Circuit's Decision in _Mazza v. Honda_ Controls this Case**

     _Mazza_ holds that conflicts preclude the application of California law to the nationwide claims proposed here, and requires that those national class allegations be stricken. _Mazza_, 666 F.3d at 581. In _Mazza_, the Ninth Circuit vacated the district court's certification of a nationwide class under California consumer protection laws and for unjust enrichment. Despite the fact that Honda's principle place of business was in California, and despite the fact that Honda conceived the marketing plan in California, the Ninth Circuit concluded that "the district court abused its discretion in certifying a class under California law that contained class members who purchased or leased their cars in different jurisdictions with materially different" laws. _Id._ at 950.

     The _Mazza_ Court applied a three-part test to determine if choice-of-law principles require the application of multiple states laws: (1) do the laws of other states "materially differ" from California law; (2) if so, a trial court must determine each state's respective interest in application of its laws; and (3) if the laws materially differ and both states have an interest in the litigation, apply the law of the state whose interest would be "more impaired" if its law were not applied. _Id._ at 590-91. This

---

[4] Other Circuits have reached a similar conclusion. _See Pilgrim v. Universal Health Card, LLC,_ 660 F.3d 943, 946–49 (6th Cir. 2011); _In re Bridgestone/Firestone, Inc.,_ 288 F.3d 1012, 1015–18 (7th Cir. 2002); _Cole v. Gen. Motors Corp.,_ 484 F.3d 717, 724 (5th Cir. 2007); _Georgine v. Amchem Prods., Inc.,_ 83 F.3d 610, 627 (3d Cir. 1996), _aff'd sub nom. Amchem Prods., Inc. v. Windsor,_ 521 U.S. 591 (1997); _In re Grand Theft Auto Video Game Consumer Litig. No. II,_ 251 F.R.D. 139, 147 (S.D.N.Y. 2008); _In re Am. Med. Sys., Inc.,_ 75 F.3d 1069, 1085 (6th Cir. 1996); _In re St. Jude Medical, Inc. Silzone Heart Valve Prods. Liab. Litig.,_ 425 F.3d 1116 (8th Cir. 2005); _In re Aqua Dots Prods. Liab. Litig.,_ 654 F.3d 748 (7th Cir. 2011).

[5] Moreover, when, as here, state laws vary and diverge, the class cannot satisfy the predominance and manageability requirements of Rule 23(b)(3), or the commonality requirement of Rule 23(a)(2).

analysis led the *Mazza* Court to find that "…foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state", while "California's interest in applying its law to residents of foreign states is attenuated." *Id.* at 594. Thus, the *Mazza* Court concluded that variances in state consumer protection and unjust enrichment laws "overwhelm[ed] common issues and preclude the predominance for a single nationwide class." *Id.* at 596; *see also In re Hyundai*, 881 F.3d at 702 (citing *Mazza* and rejecting nationwide settlement, because "In failing to apply California choice of law rules, the district court committed legal error.")

Although *Mazza* was decided at class certification, "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss,'" and "is 'not only relevant but controlling,' even at the pleading phase." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014). Numerous district courts, including this Court, have followed *Mazza* in dismissing or striking nationwide classes at the pleadings stage, in cases where, as here, California law cannot apply to out-of-state class members, and where application of multiple states' laws will lead to a lack of predominance and manageability. *See, e.g. Lejbm v. Transnatl. Foods, Inc.*, No. 17-CV-1317-CAB-MDD, 2018 WL 1258256, at *5 (S.D. Cal. Mar. 12, 2018) (granting motion to dismiss nationwide claims under *Mazza* because "noticeably absent from the pleading is any evidence that the out-of-state purchases were directed from California or had anything to do with California, such that California law might apply to those claims.").[6]

---

[6] *See also Frezza v. Google Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013); *Smith v. Allmax Nutrition, Inc.*, No. 1:15-CV-00744-SAB, 2015 WL 9434768, at *10 (E.D. Cal. Dec. 24, 2015) (dismissing nationwide express warranty and unjust enrichment claims under California law because "Plaintiff's Complaint is devoid of any factual allegations from which the Court could plausibly find that California contract law would apply to any individual who purchased the Product outside of California"); *Castaneda v. Fila USA, Inc.*, No. 11-cv-1033-

**(b)    Material Differences in State Laws Preclude Plaintiff from Representing a Nationwide Class**

For the fraud, warranty, and unjust enrichment claims advanced by Plaintiff, many judicial decisions confirm the existence of serious conflicts between the laws of the fifty states. These differences are discussed below, and are further set forth in the 50-state survey charts attached hereto as Exhibits 1-3.[7]

**(i) Fraud by Omission (Count IV)**

A cursory review of this case reveals that material differences exist between the standards for common law fraud (including fraudulent concealment) in California and other states. *See, e.g. Decker v. Mazda Motor of Am., Inc.*, No. SACV 11-0873 AG-MLG, 2013 WL 12129281, at *5-6 (C.D. Cal. Mar. 29, 2013) (refusing to certify fraudulent-concealment claim for same reasons as in *Mazza*). Indeed, *Mazza* itself involved an alleged concealment or failure to disclose, as do virtually all consumer-protection cases. *Id*. at *5 (citing *Mazza* at 587). "[I]t makes no sense to allow Plaintiff to escape *Mazza*'s reasoning by couching her consumer complaints in terms of common law fraud." *Id*. at *6 (citing *Mazza* and *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 469 (D.N.J. 2009) (noting that courts have refused to certify common-law fraud claims due to differences in state law)).

The court in *In re Ford Motor Co. Vehicle Paint Litig.*, 182 F.R.D. 214, 222-223 (E.D. La. 1998) found that the many differences between states laws for fraudulent concealment "necessitate[ed] multiple jury charges on each of the following issues: the burden of proof, the duty to disclose, materiality, reliance, and

---

H(BGS), 2011 WL 7719013, at *2 (S.D. Cal. Aug. 10, 2011) (granting, in part, motion to strike nationwide class allegations where "California law embodies a presumption against the extraterritorial application of its statutes").

[7] *See* Declaration of Meegan B. Brooks ("Brooks Decl."), Exhibit 1 (50-state survey of laws regarding common law fraud claims), Exhibit 2 (50-state survey of breach of implied warranty laws), and Exhibit 3 (50-state survey of the laws regarding unjust enrichment).

the measure of damages." *Id.*[8]    Attached as Exhibit 1 is a chart highlighting many of these differences, including:

- **Statute of limitations:** Statutes of limitations for common law fraud claims vary significantly among the states: 1 year (LA); 2 years (AL, AK, KS, MT, OK, OR, PA, VA, WV); 3 years (AR, AZ, CA, CO, CT, DE, ID, MD, MA, MS, NV, NH, NC, SC, TN, UT, WA, D.C.); 4 years (FL, GA, ID, NE, NM, OH, TX, WY); 5 years (IL, IA, KY, MO); 6 years (HI, IN, ME, MI, MN, NJ, NY, ND, SD, VT, WI); 10 years (RI). *See also Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at *8 (C.D. Cal. Apr. 10, 2018) (dismissing nationwide class claims because "there are material differences in the statutes of limitations across the other forty-nine states"); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 925, 933 (C.D. Cal. 2011) (differences in statutes of limitation are material).

- **Materiality:** While all states require a false representation, thirty-one (TX, NY, IL, IN, AZ, ID, IA, CO, SC, MA, AL, AR, KY, ME, MI, MN, MT, NJ, NC, OH, OK, OR, PA, TN, UT, WV, VA, VT, WA) require that the false representation concern a material fact, and the remaining nineteen (CA, FL, CT, GA, HI, ND, AK, DE KS, LA, MD, NE, NV, NH,

---

[8] *See also Littlehale v. Hain Celestial Grp., Inc.*, No. C 11–6342 (PJH), 2012 WL 5458400, at *1–2 (N.D. Cal. July 2, 2012) (dismissing the plaintiff's class allegations for common law fraud based on *Mazza*'s analysis); *Darisse v. Nest Labs, Inc.*, No. 5:14-cv-01363-BLF, 2016 WL 4385849, at *13-14 (N.D. Cal. Aug. 15, 2016) ("[m]aterial variations…exist among the states' laws regarding common law fraud," such as the reliance requirement, the burden of proof, and statute of limitations); *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) ("The elements of fraud vary greatly from state to state, with respect to elements including mitigation, causation, damages, reliance, and the duty to disclose. This variation and lack of uniformity indicate a uniform substantive law of fraud cannot be applied to the claims of this purported nationwide class.") (Internal Citations Omitted).

NM, RI, SD, WI, WY) require no materiality.

- **Duty to Disclose:** In some states, such as Florida, a defendant only has a duty to disclose information when a "confidential, contractual, or fiduciary relationship" exists between the parties. *Behrman v. Allstate Life Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005), *aff'd*, 178 F. App'x 862 (11th Cir. 2006) ("In an arms-length transaction, neither party owes a duty to the other to act for that party's benefit or protection, or to disclose facts that the other party could have discovered through its own diligence."). In contrast, California law may impose a duty to disclose even where there is no such fiduciary relationship. *See, e.g., LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). *See also Decker v. Mazda Motor of Am., Inc*., No. SACV 11-0873 AG-MLG, 2013 WL 12129281, at *6 (C.D. Cal. Mar. 29, 2013) (citing duty to disclose as an example of a material difference between the states); *In re Ford Motor*, 182 F.R.D. at 222-223 (same).

- **Reliance/Causation:** Two states (ND, LA) do not require reliance at all, fifteen (TX, FL, IL, CT, HI, MA, KY, MI, NM, OK, SD, UT, VT, VA, WI) require mere reliance, seven (IN, AZ, ID, SC, MT, OR, WA) require an evaluation of plaintiff's right to rely, eighteen (PA, CA, IA, GA, AK, GA, CO, DE, KS, ME, MD, MO, NV, NH, OH, RI, WV, WY) require justifiable reliance, and eight (NJ, AL, MN, MS, NE, NJ, NC, TN) require reasonable reliance.

- **Scienter:** States require differing degrees of knowledge by the defendant of the statement's falsity: twenty-two (NY, CA, FL, IL, CT, GA, IA, ND, MA, AK, AR, CO, KS, MN, MS, NJ, NC, OH, VT, VA, WA, WY) require plain knowledge, while nine (TX, AZ, HI, ID, MO, MT, NV, NH, OR) allow a showing of knowledge or a defendant's ignorance of the truth, fifteen (IN, SC, AL, DE, KY, ME, MD, MI, NE, NM, OK, SD,

TN, UT, WI) accept knowledge or reckless indifference to the statement's falsity, and four (PA, LA, RI, WV) states require no knowledge at all.

- **Punitive Damages:** At least 4 states and D.C. do not allow for punitive damages (IA, LA, NE, WA, D.C.). Moreover, "different states have different threshold standards for awarding punitive damages, including different standards of intent and standards of proof, not to mention widely varying limitations on recoverable amounts … there would inevitably be material conflicts … insofar as a claim for punitive damages is concerned." *Thompson v. Jiffy Lube Intern., Inc.*, 250 F.R.D. 607, 627 (D. Kan. 2008) (citation omitted).

- **Burden of Proof:** The court in *In re Ford Motor*, noted, "[s]tate law burdens of proof in fraudulent concealment cases vary from 'clear and convincing evidence,' which is variously defined, to a preponderance of the evidence." 182 F.R.D. at 223 (collecting cases).

### (ii) <u>Breach of Implied Warranty and Magnuson-Moss Warranty Act (Counts V and VI)</u>

As to Plaintiff's breach of implied warranty claim (Count V), courts have repeatedly held that the U.C.C. is not applied uniformly across states, and that material differences exist among states' laws. *See, e.g., Lane v. Wells Fargo Bank, N.A.,* No. C12-04026 WHA, 2013 WL 3187410, at *4 (N.D. Cal. Jun. 21, 2013) (noting "significant differences in state law raised by defendant, including whether the standard for good faith is subjective or objective and whether and to what extent the implied covenant constrains discretion expressly granted to one party by the contractual terms" and concluding that "…[a]djudicating plaintiffs' claim for breach of contract [claims]…would require applying a multitude of different state standards"

and denying nationwide certification of breach of contract claims).[9]

Exhibit 2 to the Brooks Declaration summarizes many of these differences. For example, while most states impose a four-year statute of limitations, which begins on the date of sale, six states have other rules: 5 years (IA, OK), 6 years (MS, SC, WI); *see also* La. Civ. Code Ann. art. 2534 (4 years or one year from date of discovery, whichever occurs first). Further, some states employ the discovery of defect rule, which tolls the statute of limitations. *See, e.g.*, *Bemis v. Estate of Bemis*, 967 P.2d 437, 442 (1998).

Other differences include the nature of an implied warranty claim under the relevant state's law, i.e., whether the remedy lies in tort or contract;[10] whether the

---

[9] *See also, e.g. Vinci v. Hyundai Motor Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at *8 (C.D. Cal. Apr. 10, 2018) ("there are material differences between California warranty law and all the other states' warranty laws, as to various elements including privity, reliance, notice, etc.") (citing cases); *Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *12-13 (N.D. Cal. Aug. 15, 2016) (noting "significant differences regarding privity, notice, the availability of class actions, and the definition of merchantability … These differences in the law are material"); *Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN (RBB), 2016 WL 1240391, at *3 (S.D. Cal. Mar. 30, 2016) (discussing the "many differences in the states' implied warranty laws"); *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 271-73 (D.D.C. 1990) ("numerous variations exist among states' laws concerning the scope and application of implied warranty claims ... state law also varies on related issues such as vertical privity requirements, contractual limitations of implied warranties, limitations on plaintiffs' remedies and affirmative defenses available to the defendant."); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420, 428-430 (E.D. Pa. 2011) ("This sampling of states' laws reveals the multiple differences affecting the applicability of the implied warranty of merchantability, the varying requirements for valid disclaimers and the limitation of damages… [B]ecause we cannot group the differing laws to apply them as a unit, a single nationwide class action would be unmanageable."); *Fenwick v. Ranbaxy Pharm., Inc.*, 353 F. Supp. 3d 315, 330 (D.N.J. 2018) ("Plaintiffs have not explained how these variations in state law for express and implied contract claims are not 'insuperable obstacles to class certification.'") (citing *Payne v. FujiFilm U.S.A., Inc.*, CIV. A. No. 07-385 (GEB), 2010 WL 2342388, at *9 (D.N.J. May 28, 2010, which noted at least nine differences that occur between states).

[10] *Compare Parrillo v. Giroux Co.*, 426 A.2d 1313, 1317 (R.I. 1981) (contract

Case No. 3:19-CV-01731-CAB-LL

MPA ISO PETSMART'S MOTION TO STRIKE PLAINTIFF'S NATIONWIDE CLAIMS FROM THE FAC

relevant state allows waiver of the implied warranty, and whether such waiver occurred.[11]

Different states also define merchantability differently. In California, a breach of the implied warranty of merchantability means "the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003) (citing Cal. U. Com. Code § 2314(2)). Delaware asks whether "the design has created a risk of harm which is so probable that an ordinarily prudent person, acting as a manufacturer, would pursue a different available design which would substantially lessen the probability of harm." *Nacci v. Volkswagen of Am., Inc.*, 325 A.2d 617, 620 (Del. Super. Ct. 1974). In Vermont, the implied warranty of merchantability "is primarily directed at the operative essentials of a product." *Tracy v. Vinton Motors, Inc.*, 296 A.2d 269, 272 (1972).

The Magnuson-Moss Warranty Act (MMWA) (Count VI) incorporates the state-law requirements and thus similarly cannot be applied on a nationwide basis. *See, e.g., Taison Comm'ns, Inc. v. Ubiquiti Networks, Inc.,* 308 F.R.D. 630, 638 (N.D. Cal. 2015) (state warranty law does not uniformly apply across an entire class, but is rather based on where the purchaser of the product resided); *Mednick v. Precor, Inc.,* No. 14 C 3624, 2016 WL 3213400, at *8 (N.D. Ill. June 10, 2016) (denying motion to certify a nationwide class action under the Magnuson-Moss Warranty Act, which required the application of multiple state warranty laws); *Walsh v. Ford Motor Co.,* 130 F.R.D. 260, 276 (D.D.C. 1990) ("[S]tate law lies at the base of all warranty claims, whether implied or written warranty, under Manguson Moss"). The Court should not accept the Plaintiff's invitation to use the MMWA as a substitute for his

_____

remedy), *with First Nat'l Bank of Dwight v. Regent Sports Corp*., 803 F.2d 1431, 1438 (7th Cir. 1986) (applying Illinois law) (tort remedy).

[11] *Compare Settlemires v. Jones*, 736 So. 2d 471 (Miss. Ct. App. 1999) (no waivers of implied warranty), *with Star–Shadow Prods., Inc. v. Super 8 Sync Sound Sys*., 730 A.2d 1081 (R.I. 1999) (waiver allowed even if phrase "implied warranty" not included in general waiver).

1  inability to establish a nationwide breach of warranty case, due to the significant
2  differences in the warranty laws of the fifty states.

3  ### (iii)   Unjust Enrichment (Count VII)

4       Plaintiff's claims for unjust enrichment (Count VII) should follow the same
5  course as his fraud and warranty claims.  Courts have found, again and again, that
6  conflicts exist among the fifty states' laws as to unjust enrichment, including, but not
7  limited to, the elements necessary to state a claim, as well as whether it can constitute
8  an independent cause of action.  *See, e.g., Makeaff v. Trump Univ., LLC,* No. 3:10-
9  cv-0940-CPC-WVG, 2014 WL 688164, at *18 (S.D. Cal. Feb. 21, 2014) ("[A]s to the
10 unjust enrichment claims, the common law in the various states is conflicting and
11 would make trial unmanageable….[as they would] require the Court to decide the
12 applicable state law on unjust enrichment claims in fifty states."); *Andren v. Alere,*
13 *Inc.*, No. 16-cv-1255-GPC (AGS ), 2017 WL 6509550, at *17 (S.D. Cal. Dec. 20,
14 2017) (denying certification of nationwide unjust enrichment claims based, in part,
15 on variations in the laws of the various interested states); *Bias v. Wells Fargo & Co.*,
16 312 F.R.D. 528, 540 (N.D. Cal. 2015) (declining to certify a nationwide unjust
17 enrichment class due to material variations in state laws);  *Vinci v. Hyundai Motor*
18 *Am.*, No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at *8 (C.D. Cal. Apr.
19 10, 2018).

20      As the court explained in *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 501
21 (S.D. Ill. 1999):

22          [V]ariances exist in state common laws of unjust enrichment.  The actual
23          definition of "unjust enrichment' varies from state to state.  Some states
            do not specify the misconduct necessary to proceed, while others require
24          that the misconduct include dishonesty or fraud.  Other states only allow
25          a claim for unjust enrichment when no adequate legal remedy exists.
            Many states, but not all, permit an equitable defense of unclean hands.
26          (Internal citations omitted).

27      As the *Clay* court observed, there are numerous material differences between
28

each states' treatment of unjust enrichment:

- **Definition of "unjust enrichment":** Unjust enrichment is a standalone equitable claim in some states, and a remedy in others. *See, e.g., In re Baycol Prods. Litig.,* 218 F.R.D. 197, 214 (D. Minn. 2003) (noting that unjust enrichment is a remedy at law in Illinois but an equitable claim in Minnesota).

- **Benefit of the bargain:** Twenty states and the District of Columbia do not allow claims for unjust enrichment where the plaintiff has received the benefit of the bargain. *See* Brooks Decl., Ex. 3; *Andren v. Alere, Inc.*, No. 16CV1255-GPC (AGS), 2017 WL 6509550, at *17 (S.D. Cal. Dec. 20, 2017).

- **Lack of adequate remedy:** Arizona, Hawaii, Louisiana, Massachusetts, Minnesota, New York, North Carolina, North Dakota, Tennessee and Utah require that a plaintiff demonstrate that there is not an adequate remedy at law.[12]

---

[12] *See* Brooks Decl., Ex. 3; *see also Trustmark Ins. Co. v. Bank One, Ariz., NA,* 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (to establish unjust enrichment a party must show "the absence of a legal remedy"); LSA-C.C. Art. 2298 (West, 2018) (unjust enrichment "shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule"); *Santagate v. Tower,* 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) ("equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law"); *Samiento v. World Yacht Inc.,* 883 N.E.2d 990, 996 (N.Y. 2008) (cause of action for unjust enrichment "does not lie as plaintiffs have an adequate remedy"); *Jones Cooling & Heating, Inc. v. Booth,* 394 S.E.2d 292, 294 (N.C. Ct. App. 1990) (plaintiff may not recover under a theory of unjust enrichment where an adequate remedy at law exists); *Lochthowe v. C.F. Peterson Estate,* 692 N.W.2d 120, 124 (N.D. 2005) (to establish unjust enrichment a party must demonstrate "an absence of a remedy provided by law"); *Thorpe v. Washington City,* 243 P.3d 500, 507 (Utah Ct. App. 2010) (plaintiff must show absence of an adequate remedy at law); *Freeman Indus., LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 525 (Tenn. 2005) (a plaintiff must demonstrate the absence of a legal remedy); *Porter v. Hu,* 169 P.3d 994, 1007–08 (Haw. Ct. App. 2007) (unjust enrichment is only appropriate in the absence of an adequate remedy at law); *Caldas v. Affordable Granite & Stone, Inc.,* 820 N.W.2d 826, 842 (Minn. 2012) (citing *ServiceMaster of St. Cloud v. GAB Bus. Servs. Inc.,* 544 N.W.2d 302, 305 (Minn. 1996) ("A party may not have equitable relief where there is an adequate remedy at law available")). Pennsylvania does as well. *Meehan v. Cheltenham*

- **Defendant's knowledge of the benefit received:** Florida, Kansas, Maine, Maryland, Nevada, New Mexico, Ohio, Utah, Washington, and Wisconsin require that a plaintiff establish that the defendant appreciates or has knowledge of the benefit conferred.[13]

- **Degree of wrongful conduct required:** States also vary in the degree of wrongful conduct required for liability. For example, Arkansas does not require any bad faith or wrongful conduct; Alabama, by contrast, requires the defendant to have engaged in unconscionable conduct. *Compare Smith v. Whitener,* 856 S.W.2d 328, 329-330 (Ark. Ct. App. 1993) (en banc) *with Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama,* 42 So. 3d 1216, 1225 (Ala. 2010) (noting that Alabama courts require defendants to have engaged in unconscionable conduct for a claim of unjust enrichment). In Minnesota, "it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996).

---

*Twp.,* 189 A.2d 593, 595 (1963) (holding that unjust enrichment is not available where an adequate remedy at law exists).

[13] *See* Brooks Decl., Ex.3; *see also Hillman Const. Corp. v. Wainer,* 636 So.2d 576, 577 (Fla. 4th Dist. Ct. App. 1994) (must establish that the "plaintiff has conferred a benefit on the defendant, who has knowledge thereof"); *J.W. Thompson Co. v. Welles Prods. Corp.,* 758 P.2d 738, 745 (Kan. 1988) (plaintiff must establish "an appreciation or knowledge of the benefit by the defendant"); *Jackson v. 2109 Brandywine, LLC*, 952 A.2d 304, 327 (Md. Ct. Spec. App. 2008) (same); *Ontiveros Insulation Co., Inc. v. Sanchez,* 3 P.3d 695, 698 (N.M. Ct. App. 2000) (plaintiff must establish that "another has been knowingly benefitted at one's expense"); *Struna v. Convenient Food Mart*, 828 N.E.2d 647, 652 (Ohio Ct. App. 2005); *Freeman Indus., LLC,* 172 S.W.3d at 525 (plaintiff must establish "appreciation by the defendant of such benefit"); *Rawlings v. Rawlings,* 240 P.3d 754, 763 (Utah 2010) (plaintiff must establish "an appreciation or knowledge by the conferee of the benefit"); *Ballie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.,* 810 P.2d 12, 18 (Wash. Ct. App. 1991); *Puttkammer v. Minth,* 266 N.W.2d 361, 363 (Wis. 1978) (plaintiff must establish "an appreciation or knowledge by the defendant of the benefit").

- **Privity:** States also differ as to whether a benefit must have been directly conferred, both in terms of the relationship between the parties, and the connection between the conduct and the alleged injury. *Compare Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012) (affirming dismissal of unjust enrichment claim under Florida law where benefit was indirect) *with State Dept. of Human Servs. ex rel. Palmer v. Unisys Corp.,* 637 N.W.2d 142, 155 (Iowa 2001) (allowing recovery where benefit is indirect). New York, for example, requires a plaintiff to demonstrate a relationship or connection between the parties that is not too attenuated. *Sperry v. Crompton Corp.*, 810 N.Y.S.2d 498, 499–500 (App. Div. 2d Dep't 2006). North Dakota, Arizona, and Louisiana courts have required that a plaintiff demonstrate a "connection between the enrichment and the impoverishment." *Zuger v. N. Dakota Ins. Guar. Ass'n,* 494 N.W.2d 135, 138 (N.D. 1992); *City of Sierra Vista v. Cochise Enters., Inc.,* 697 P.2d 1125, 1131 (Ariz. Ct. App. 1984); *USA Disaster Recovery, Inc. v. St. Tammany Parish Gov't.,* 145 So. 3d 235, 236 n. 1 (La. 2013).

In light of these many material differences, courts across the country have repeatedly rejected attempts to bring nationwide unjust enrichment claims. *See, e.g.*, *Mazza,* 666 F.3d at 591 ("The elements necessary to establish a claim for unjust enrichment also vary materially from state to state"); *In re Aqua Dots Prods Liab. Litig.,* 270 F.R.D. 377, 386 (N.D. Ill. 2010) (the law of unjust enrichment "varies too much" from state to state and poses "insurmountable choice-of-law problems"); *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *2 (N.D. Ill. Apr. 3, 2002); *Thompson v. Jiffy Lube Int'l, Inc.,* 250 F.R.D. 607, 627 (D. Kan. 2008) (same); *Thompson v. Bayer Corp.*, No. 4:07-cv-00017 JMM, 2009 WL 362982, at *4 (E.D. Ark. Feb. 12, 2009) (same); *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-CV-81373-DMM, 2013 WL 139913, at *10 (S.D. Fla. Jan. 10,

2013) (same); *Thompson,* 250 F.R.D. at 626 (noting that because of variations between state unjust enrichment laws, "federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment"). This Court should do the same here.

        **(c)**     **The States Each Have a Prevailing Interest in Having Their Laws Applied to Transactions that Took Place Within Their Borders**

Here, as in *Mazza*, each foreign state has an overriding interest in applying its laws to transactions within its borders. *Mazza*, 666 F.3d at 593; *Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (1980) ("[W]ith respect to regulating or affecting conduct within its borders, the place of the wrong has the predominate interest."), *cited with approval by Abogados v. AT&T, Inc.*, 223 F.3d 932, 935 (9th Cir. 2000). As the *Mazza* court explained, if California law were applied to the entire class, foreign states would be "impaired in their ability to calibrate liability to foster commerce." 666 F.3d at 593. Moreover, PetSmart and consumers alike expect transactions that took place outside of California to be subject to the laws of the state in which the transaction took place. To hold PetSmart to any other standard would be arbitrary and unfair, and would deprive the states of their interests in this matter.

## V.     CONCLUSION

For the foregoing reasons, PetSmart respectfully requests that the Court grant its motion to strike all allegations and claims in which Plaintiff seeks to represent a nationwide class.

DATED:  November 18, 2019          STEPTOE & JOHNSON LLP


By:      /s/ Stephanie A. Sheridan
         STEPHANIE A. SHERIDAN
         ANTHONY J. ANSCOMBE
         MEEGAN B. BROOKS
         Attorneys for PETSMART, INC.