# 50-STATE SURVEY OF LAWS REGARDING COMMON LAW FRAUD

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **ALABAMA** | "The elements of a fraudulent suppression claim under section Ala. Code § 6–5–102 are:<br><br>(1) the suppression of a material fact;<br><br>(2) that the defendant was under a duty to communicate;<br><br>(3) because of the confidential relationship between the parties or the circumstances of the case; and<br><br>(4) which caused injury as a proximate consequence."<br><br>*Mitchell v. Indus. Credit Corp.*, 898 F. Supp. 1518, 1534 (N.D. Ala. 1995) (citation omitted). | 2 years.<br><br>*Eaton v. Unum Grp.*, No. 7:15-CV-01204-LSC, 2016 WL 6804191, at *6 (N.D. Ala. Nov. 17, 2016). | The false representation must concern a material fact.<br><br>*Cooley v. Gulf Bank, Inc.*, 773, So. 2d 1039, 1043 (Ala. Ct. Civ. App. 1999). | Reasonable reliance required.<br><br>*Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000). | Allows knowledge or reckless indifference to the statement's falsity.<br><br>*Brushwitz*, 757 So. 2d at 429. | "In order for [tort claim] of fraudulent-suppression to go to a jury, [plaintiff] must demonstrate by clear and convincing evidence each of the following elements . . . ."<br><br>*ITT Specialty Risk Servs., Inc. v. Barr*, 842 So.2d 638 (Ala. 2002). | In fraud actions, recovery is under the benefit of the bargain rule.<br><br>*Reynolds v. Mitchell*, 529 So. 2d 227, 233 (Ala. 1988).<br><br>For intentional fraud, upon a finding of intent to deceive or defraud by clear and convincing evidence, punitive damages may be awarded if the conduct was "outrageous."<br><br>Ala. Code § 6-11-20(a). | |
| **ALASKA** | "[T]he elements of fraudulent misrepresentation are:<br><br>(1) a misrepresentation of fact or intention,<br><br>(2) made fraudulently (that is, with "scienter"),<br><br>(3) for the purpose or with the expectation of inducing another to act in reliance,<br><br>(4) with justifiable reliance by the recipient,<br><br>(5) causing loss."<br><br>*Lightle v. State, Real Estate Com'n*, 146 P.3d 980, 983 (Alaska 2006). | 2 years.<br><br>*Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995). | No materiality required.<br><br>*Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010) (citing *Jarvis v. Ensminger*, 134 P.3d 353, 363 (Alaska 2006).) | Justifiable reliance required.<br><br>*Shehata*, 225 P.3d at 1114. | Plain knowledge required.<br><br>*Shehata*, 225 P.3d at 1114. | "The plaintiff in a misrepresentation case bears the burden of establishing by a preponderance of the evidence that the misrepresentation was material."<br><br>*Diblik v. Marcy*, 166 P.3d 23, 28 (Alaska 2007). | Nominal damages not available for international misrepresentation. Punitive damages may be awarded if it is shown by clear and convincing evidence that the defendant's intentional conduct was outrageous.<br><br>*Anchorage Chrysler Ctr., Inc. v. Daimler Chrysler Motors Corp.*, 221 P.3d 977, 997 (Alaska 2009). | |
| **ARIZONA** | "In order to successfully prosecute a concealment claim, a plaintiff must present clear and convincing evidence that the defendant.<br><br>(1) knew of the alleged false information and<br><br>(2) acted to 'intentionally prevent[] the plaintiff from finding the truth,' or, in other words, that the defendant actively concealed the truth."<br><br>*Freeman v. Neal Klein Constr. Corp.*, No. 12-civ-0664, 2013 WL 2644461, | 3 years.<br><br>*Van Go LLC v. Potts*, No. CV-16-00054-PHX-JJT, 2016 WL 4974968, at *2 (D. Ariz. June 7, 2016), reconsideration denied, No. CV-16-00054-PHX-JJT, 2016 WL 4974971 (D. Ariz. June 27, 2016). | The false representation must concern a material fact.<br><br>*Henderson v. Chase Home Fin.*, LLC, No. CV 09-2461, 2010 U.S. Dist. LEXIS 476000, at *9 (D. Ariz. May 14, 2010) (quoting *Moore v. Meyers*, 253 | Requires an evaluation of the plaintiff's right to rely.<br><br>*Henderson*, 2010 U.S. Dist. LEXIS 476000, at *9. | Allows a showing of knowledge or a defendant's ignorance of the truth.<br><br>*Henderson*, 2010 U.S. Dist. LEXIS 476000, at *9. | "A claim for fraud requires proof of nine elements by clear and convincing evidence . . . ."<br><br>*Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033 (Ariz. Ct. App. 2010). | Fraud may result in punitive damages. *Jenkins v. Skelton*, 21 Ariz. 663, 192 P. 249 (1920).<br><br>Damages for fraud are recovered under the benefit of the bargain rule.<br><br>*Carrel v. Lux*, 101 Ariz. 430, 436 (Ariz. 1966). | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | at *5 (Ariz. App. June 11, 2013). | | P. 626, 628 (Ariz. 1927)). | | | | | |
| **ARKANSAS** | Fraudulent concealment claim requires proof of the five elements of fraud in Arkansas:<br><br>(1) a false representation of a material fact;<br><br>(2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation;<br><br>(3) intent to induce action or inaction in reliance upon the representation;<br><br>(4) justifiable reliance on the representation; and<br><br>(5) damage suffered as a result of the representation.<br><br>*McGill v. Lafayette Cty., Arkansas*, No. 4:07CV4003, 2007 WL 2898543, at *2 (W.D. Ark. Sept. 28, 2007). | 3 years.<br><br>*Bodtke v. Stryker Corp.*, No. 4:10CV1148 JMM, 2011 WL 223013, at *2 (E.D. Ark. Jan. 24, 2011). | The false representation must concern a material fact.<br><br>*Gorman v. Gilliam*, No. CA09-501, 2010 Ark. App. LEXIS 130, at *6-7 (Ark. Ct. App. Feb. 11, 2010) (citing Joplin v. Joplin, 196 S.W.3d 496 (2004)). | Justifiable reliance required.<br><br>*Gorman*, 2010 Ark. App. LEXIS 130, at *6-7. | Plain knowledge required.<br><br>*Gorman*, 2010 Ark. App. LEXIS 130, at *6-7. | "To prove fraud, the plaintiff must establish by a preponderance of the evidence . . . ."<br><br>*Collins v. St. Vincent Doctors*, 253 S.W.3d 26, 29 (Ark. Ct. App. 2007). | Punitive damages available if "(1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damages and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be infer red; or (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage." Ark. Code Ann. § 16-55-206.<br><br>Our application of benefit-of-the-bargain damages in common-law fraud cases has nonetheless been limited to instances where the actual product received by the purchaser manifests that it is different from that which was promised.<br><br>*Wallis v. Ford Motor Co.*, 362 Ark. 317, 319 (Ark. 2005). | Common law fraud claims which result in no injury are not actionable.<br><br>*Wallis v. Ford Motor Co.*, 362 Ark. 317, 319 (Ark. 2005). |
| **CALIFORNIA** | "The elements of fraud are:<br><br>(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."<br><br>*Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004).<br><br>In addition, one of "four circumstances" must be present:<br><br>"(1) when the defendant is in a | 3 years.<br><br>*Montgomery v. Nat'l City Mortg.*, No. C-12-1359 EMC, 2012 WL 1965601, at *8 (N.D. Cal. May 31, 2012). | No materiality required.<br><br>*Osei v. GMAC Mortg.*, No. 2:09-cv-02534, 2010 U.S. Dist. LEXIS 61310, at *13 (E.D. Cal. June 21, 2010) (citing Robinson Helicopter Co. v. Dana Corp., 102 P.3d 268, 274 (Cal. | Justifiable reliance required.<br><br>*Osei*, 2010 U.S. Dist. LEXIS 61310, at *13. | Plain knowledge required.<br><br>*Osei*, 2010 U.S. Dist. LEXIS 61310, at *13. | In California, fraud need be proved by a "preponderance of the evidence" rather than "clear and convincing evidence."<br><br>*Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980). | Damages, whether for deceit or negligent misrepresentation, must be measured by the actual losses suffered because of the misrepresentation.<br><br>Cal. Civ. Code §§ 1709, 3333.<br><br>However, "fraud plaintiffs may recover 'out-of-pocket' damages in addition to benefit-of-the bargain damages. | In order to recover for fraud and negligent misrepresentation, a plaintiff must prove actual monetary loss.<br><br>*Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (Cal. 1995). |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). | | 2004)). | | | | *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 992 (Cal. 2004). Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (Cal. 1995). | |
| **COLORADO** | "The elements of fraudulent concealment are: (1) concealment of a material fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages." *Nielson v. Scott*, 53 P.3d 777, 779 (Colo. App. 2002). In addition, "[t]o establish a claim for fraudulent concealment or nondisclosure, the plaintiff must show that the defendant had a duty to disclose the information." *Berger v. Sec. Pac. Info. Sys.*, Inc., 795 P.2d 1380, 1383 (Colo. App. 1990). | 3 years. *United States Welding, Inc. v. Tecsys, Inc.*, No. 14-CV-00778-REB-MEH, 2014 WL 10321666, at *12 (D. Colo. Dec. 1, 2014), report and recommendation adopted sub nom. *United States v. Tecsys, Inc.*, No. 114CV00778REBMEH, 2015 WL 5174227 (D. Colo. Sept. 3, 2015). | The false representation must concern a material fact. *Jacobson v. XY, Inc.*, No. 07-cv-02670, 2009 U.S. Dist. LEXIS 73456, at *6-7 (D. Colo. 2009) (citing *Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987)). | Justifiable reliance required. *M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994). | Plain knowledge required. *Mortimer*, 866 P.2d at 1382. | Defendants "failed to carry . . . burden of proving by clear and convincing evidence misrepresentation, nondisclosure and fraud necessary to support counterclaim." *Ficor, Inc. v. McHugh*, 639 P.2d 385, 396 (Colo. 1982). | Punitive Damages Awarded when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a)." The damages for fraud are the "benefit of the bargain" *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 678 (Colo. 1994). | |
| **CONNECTICUT** | The elements of fraudulent misrepresentation are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act | 3 years. *Kidder v. Read*, 150 Conn. App. 720, 726, 93 A.3d 599, 603 (2014). | No materiality required. *McLaughlin v. CitiMortgage, Inc.*, No. 3:09CV1762, 2010 U.S. Dist. LEXIS 57876, | Mere reliance required. *McLaughlin*, 2010 U.S. Dist. LEXIS 57876, at *45-46. | Plain knowledge required. *McLaughlin*, 2010 U.S. Dist. LEXIS 57876, at *45-46. | "[A]t common law, fraud must be proven by clear and convincing evidence." *Stuart v. Stuart*, 297 Conn. 26, 996 A.2d 259, 268 (2010). | Common law punitive damages available for intentional misrepresentation. *Cohen v. Roll-A-Cover, LLC*, 2009 Conn. Super. LEXIS 2145 (Conn. Super. Ct. Aug. 6, 2009). | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | on it to his injury." *Batoh v. McNeil-PPC, Inc.*, 167 F. Supp. 3d 296, 315–16 (D. Conn. 2016), appeal dismissed (June 10, 2016), appeal withdrawn (Aug. 15, 2016). "We have held that [a] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." (Internal quotation marks omitted.) *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 635–36, 804 A.2d 180 (2002); *Glazer v. Dress Barn, Inc.*, 274 Conn. 33, 84, 873 A.2d 929, 961 (2005). | | at *45-46 (D. Ct. June 11, 2010) (citing *Weinstein v. Weinstein*, 882 A.2d 53 (2005)). | | | | "The method by which damages are measured in a fraud action depends on whether the plaintiff was a fraudulently induced buyer or seller. If the plaintiff was a buyer, courts apply the benefit of the bargain measure of damages, which is the difference in value between the property actually conveyed and the value of the property as it would have been if there had been no false representation." *Leisure Resort Tech., Inc. v. Trading Cove Assocs.*, 277 Conn. 21, 34 (Conn. 2006). | |
| **DELAWARE** | To establish a prima facie case of intentional misrepresentation (fraudulent concealment), the following elements must be proven: (1) Deliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) That the defendant acted with scienter; (3) An intent to induce plaintiff's reliance upon the concealment; (4) Causation; and (5) Damages resulting from the concealment. *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987). | 3 years. *Jeter v. RevolutionWear, Inc.*, No. CV 11706-VCG, 2016 WL 3947951, at *9 (Del. Ch. July 19, 2016). | No materiality required. *Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207 (Del. Ch. 2006), aff'd, 931 A.2d 438 (Del. 2007). | Justifiable reliance required. *Trenwick*, 906 A.2d at 207. | Allows knowledge or reckless indifference to the statement's falsity. *Trenwick*, 906 A.2d at 207. | Under Delaware law, standard of proof for fraud is preponderance of the evidence. *In re IBP Shareholders Litig.*, 789 A.2d 14, 54 (Del. Ch. 2001). | "The measure of damages for fraud differs from that for negligent misrepresentation. Pursuant to a fraud claim, the recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including: (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation." *Envo, Inc. v. Walters*, 2009 Del. Ch. LEXIS 216 (Del. Ch. Dec. 30, 2009). | Under Delaware law, intentional misrepresentation is a sufficient underlying tort to support a claim for civil conspiracy. *Am. Gen. Life Ins. Co. v. Goldstein*, 741 F. Supp. 2d 604, 615 (D. Del. 2010). |
| **DISTRICT OF COLUMBIA** | "In order to prove fraudulent misrepresentation, [plaintiffs] must prove (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with | "[A]ction [for fraud] must be brought within three years from the time the fraud was discovered or | | | | "The elements must be proved by clear and convincing evidence." *Railan v. Katyal,* | A finding of intentional misrepresentation by itself does not support the imposition of punitive damages. | |

# 50-STATE SURVEY OF LAWS REGARDING COMMON LAW FRAUD

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | the intent to deceive, and (5) action taken by [plaintiffs] in reliance upon the representation, (6) which consequently resulted in provable damages." *Railan v. Katyal*, 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | reasonably should have been discovered." D.C. Code § 12-301. *Interdonato v. Interdonato*, 521 A.2d 1124, 1136 (D.C. 1987) (internal citations omitted). | | | | 766 A.2d 998, 1009 (D.C. 2001) (internal citations omitted). | *Essroc Cement Corp. v. CTI/D.C., Inc.*, 740 F. Supp. 2d 131, 148 (D.D.C. 2010). | |
| **FLORIDA** | The elements of a cause of action for fraudulent concealment are: "(1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity; (3) the defendant intended the false statement or omission induce the plaintiff's reliance; (4) the plaintiff justifiably relied to his detriment." *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1122–23 (M.D. Fla. 2009). In addition, "[t]he scenarios which may give rise to a duty to speak include: (a) one party to a transaction who speaks has a duty to say enough to prevent his words from misleading the other party; (b) one party to a transaction who has special knowledge of material facts to which the other party does not have access may have a duty to disclose those facts to the other party; (c) one party to a transaction who stands in a confidential or fiduciary relation to the other party to a transaction has a duty to disclose material facts." *In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 335 (Bankr. S.D. Fla. 2013). | 4 years. *Martinez v. Bank of Am. Corp.*, No. 14-21467-CIV-MORENO, 2014 WL 2735668, at *2 (S.D. Fla. June 16, 2014). | No materiality required. *Natarajan v. Paul Revere Life Ins. Co.*, Civ. No. 8:04-cv-2612, 2010 U.S. Dist. LEXIS 60443, at *23 (M.D. Fla. June 18, 2010) (citing *Wadlington v. Continental Med. Servs., Inc.*, 907 So. 2d 631, 632 (Fla. Dist. App. 2005). | Mere reliance required. *Natarajan*, 2010 U.S. Dist. LEXIS 60443, at *23. | Plain knowledge required. *Natarajan*, 2010 U.S. Dist. LEXIS 60443, at *23. | "When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character." *Verneret v. Foreclosure Advisors, LLC*, 45 So.3d 889, 890 (Fla. Dist. Ct. App. 2010). Preponderance for negligence. *Gilchrist Timber Co. v. ITT Rayonier Inc.*, 472 F.3d 1329, 1330 (11th Cir. Fla. 2006). | A finding of intentional misrepresentation may be enough to warrant punitive damages. *Southstar Equity, LLC v. Chau*, 998 So. 2d 625, 632 (Fla. Dist. Ct. App. 2d Dist 2008) Florida has developed a "flexibility" theory of damages in cases of fraudulent misrepresentation to assure that an injured party will obtain full compensation for the effect of the fraud. An injured party may recover either the out-of-pocket loss or the benefit of the bargain loss. *Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. Dist. Ct. App. 4th Dist. 2010). | Plaintiff can only recover one count for damage on "those actions that can be brought on two theories of liability, but where a single basis for damages applies." *First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 538 (Fla. 1987). |
| **GEORGIA** | "[P]laintiffs must prove the following elements: (1) that defendant made a false representation of a material fact or concealed a material fact when under | 4 years. *Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga. App. 382, 387, 649 S.E.2d 779, 784 | No materiality required. *Rosen v. Protective Life Ins. Co.*, 1:09- | Justifiable reliance required. *Rosen*, 2010 U.S. Dist. | Plain knowledge required. *Rosen*, 2010 U.S. Dist. | Tort of fraudulent misrepresentation requires proof of elements by a preponderance of | Punitive damages may be awarded in tort actions where there is clear and convincing evidence that the defendant's actions showed willful | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | a duty to disclose; (2) that defendant knew the representation to be false or omission to be true when he made it; (3) that defendant made the representation or omission with the intent and purpose of deceiving plaintiff; (4) that plaintiff justifiably relied on the representation or omission; and (5) that plaintiff suffered an injury as a result of such reliance." *McLendon v. Georgia Kaolin Co.*, 837 F. Supp. 1231, 1239 (M.D. Ga. 1993) In addition, defendant must have a duty to disclose. O.C.G.A. § 23–2–53; *McLendon v. Georgia Kaolin Co.*, 837 F. Supp. 1231, 1240 (M.D. Ga. 1993). | (2007). | cv-03620, 2010 U.S. Dist. LEXIS 50392, at *16 (N.D. Ga. May 20, 2010) (citing *J.E. Black Constr. Co. v. Ferguson Enters., Inc.*, 643 S.E.2d 852 (2007)). | LEXIS 50392, at *16. | LEXIS 50392, at *16. | evidence. *Bloodworth v. Bloodworth*, 626 S.E.2d 589 (Ga. Ct. App. 2006) (internal citations omitted). | misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. If, however, there is evidence of fraud, punitive damages can be awarded, as fraud constitutes tortious conduct. *Trickett v. Advanced Neuromodulation Sys.*, 542 F. Supp. 2d 1338, 1356 (S.D. Ga. 2008) | |
| **HAWAII** | To elements of fraudulent concealment are: "(1) false representations were made by the defendants; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon these false representations; and (4) plaintiff did rely upon them. Further, plaintiff must show that he suffered substantial pecuniary damage." *Hawaii's Thousand Friends v. Anderson*, 768 P.2d 1293, 1296 (Haw. 1989). In addition, "[t]he defendant must owe a duty to the plaintiff in order for a cause of action for fraud to succeed based upon allegations of material misrepresentations and omissions." *Nat'l Consumer Coop. Bank v. Madden*, 737 F. Supp. 1108, 1112 (D. Haw. 1990). | 6 years. *Jou v. Adalian*, No. CV 15-00155 JMS-KJM, 2016 WL 4582042, at *19 (D. Haw. Sept. 1, 2016). | No materiality required. *Sung v. Hamilton*, CV. NO. 09-00212, 2010 U.S. Dist. LEXIS 42440, at *19-20 (D. Haw. Apr. 30, 2010). | Mere reliance required. *Sung*, 2010 U.S. Dist. LEXIS 42440, at *19-20. | Allows a showing of knowledge or a defendant's ignorance of the truth. *Sung*, 2010 U.S. Dist. LEXIS 42440, at *19-20. | The party claiming fraud must establish the elements of fraud by clear and convincing evidence. *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1067 (Haw. 2000). | Punitive Damages for intentional misrepresentation available where "the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations; or where there has been some willful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Haw. Forest & Trial, Ltd. v. Davey*, 2009 U.S. Dist. LEXIS 99070, 20-21 (D. Haw. Oct. 23, 2009). In fraud or deceit cases, the measure of pecuniary damages is the 'benefit of the bargain." *Exotics Hawaii-Kona, Inc. v. E. I. du Pont de Nemours & Co.*, 116 Haw. 277, 293 (Haw. 2007); *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309, 322 (Haw. 2002). | |

# 50-STATE SURVEY OF LAWS REGARDING COMMON LAW FRAUD

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| **IDAHO** | "In general, a party alleging a cause of action based upon fraudulent misrepresentation must prove the following nine elements:<br><br>(1) A representation; (2) Its falsity; (3) Its materiality; (4) The speaker's knowledge of the falsity or ignorance of its truth; (5) His intent that it should be acted upon by the person in the manner reasonably contemplated; (6) The hearer's ignorance of its falsity; (7) His reliance on its truth; (8) His right to rely thereon; (9) His consequent and proximate injury."<br><br>*Katseanes v. Yamagata*, 109 Idaho 702, 703, 710 P.2d 612, 613 (Ct. App. 1985).<br><br>Silence may constitute fraud when a duty to disclose exists.<br><br>*Sowards v. Rathbun*, 134 Idaho 702, 707, 8 P.3d 1245, 1250 (2000). | 3 years.<br><br>*Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 150, 90 P.3d 894, 900 (2004). | The false representation must concern a material fact.<br><br>*Chace v. Wells Fargo Home Mortg.*, No. CV-09-203, 2010 U.S. Dist. LEXIS 4463, at *5-6 (D. Idaho Jan 20, 2010) (citing *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005)). | Requires an evaluation of the plaintiff's right to rely.<br><br>*Chace*, 2010 U.S. Dist. LEXIS 4463, at *5-6. | Allows a showing of knowledge or a defendant's ignorance of the truth.<br><br>*Chace*, 2010 U.S. Dist. LEXIS 4463, at *5-6. | The burden is on the claimant to prove each element of fraud by clear and convincing evidence.<br><br>*Kuhn v. Coldwell Banker Landmark, Inc.*, Case 245 P.3d 992, 1002 (Idaho 2010). | Punitive damages available where there is an extreme deviation from a reasonable standard of conduct evidencing a harmful state of mind.<br><br>*Hardenbrook v. UPS*, 2009 U.S. Dist. LEXIS 99596, 24-25 (D. Idaho Oct. 26, 2009).<br><br>"The 'out-of-pocket rule' and the 'benefit-of-bargain rule' are not exclusive and should only be used when appropriate under the facts. The underlying principle is that the victim of fraud is entitled to compensation for every wrong, which is the natural and proximate result of the fraud. The measure of damages, which should be adopted under the facts of a case, is the one, which will effect such results."<br><br>*Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). | No recovery for mental anguish.<br><br>*Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). |
| **ILLINOIS** | "The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are:<br><br>(1) a false statement or omission of material fact;<br><br>(2) knowledge or belief of the falsity by the party making it;<br><br>(3) intention to induce the other party to act;<br><br>(4) action by the other party in reliance on the truth of the statements; and<br><br>(5) damage to the other party resulting from such reliance." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. 2010).<br><br>"In addition to these elements, in order to prove fraud by the omission | 5 years.<br><br>*Todorov v. Bank of Am. N.A.*, No. 14-CV-1028, 2014 WL 5465466, at *1 (N.D. Ill. Oct. 27, 2014). | The false representation must concern a material fact.<br><br>*Millar v. Larkin Law Firm*, No. 09-cv-101, 2010 U.S. Dist. LEXIS 60057, at *33 (S.D. Ill. Jun 17, 2010) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584 (Ill. 1996)). | Mere reliance required.<br><br>*Millar*, 2010 U.S. Dist. LEXIS 60057, at *33. | Plain knowledge required.<br><br>*Millar*, 2010 U.S. Dist. LEXIS 60057, at *33. | A plaintiff must prove the elements of fraudulent misrepresentation by clear and convincing evidence.<br><br>*Johnson v. Waterfront Servs. Co.*, 909 N.E.2d 342 (Ill. App. Ct. 2009). | Punitive damages are prohibited in simple negligence cases but are appropriate in fraud cases.<br><br>*Cripe v. Leiter*, 291 Ill. App. 3d 155, 158 (Ill. App. Ct. 3d Dist. 1997).<br><br>If the elements of damage can be proved, nominal damage can be recovered .<br><br>*City of Chicago v. Michigan Beach Hous. Coop.*, 297 Ill. App. 3d 317, 326 (Ill. App. Ct. 1st Dist. 1998).<br><br>Benefit of the bargain is used to calculate damages in fraud cases.<br><br>*Price v. Philip Morris, Inc.*, | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak." *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. 2010) (citations omitted). | | | | | | 2005 Ill. LEXIS 2071 (Ill. Dec. 15, 2005). | |
| **INDIANA** | To constitute a valid claim for fraud, the complaining party must prove" (1) "there was a material misrepresentation of past or existing fact" (2) "made with knowledge or reckless ignorance of its falsity, and" (3) "the misrepresentation caused reliance to the detriment of the person relying upon it." *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 701 (Ind. App. 2004). However, "only if [defendant] ha[s] a duty to disclose something it did not disclose, could fraud be a plausible cause of action." *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 694 (Ind. App. 2004). | 6 years. *Acuity v. Nuthak Ins., LLC*, No. 1:10-CV-00261-LJM, 2011 WL 5179156, at *6 (S.D. Ind. Oct. 31, 2011). | The false representation must concern a material fact. *Skinner v. Metro. Life Ins. Co.*, No. 3:09 CV 394, 2010 U.S. Dist. LEXIS 53040, at *23 (N.D. Ind. May 27, 2010) (citing *Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 155 (Ind. Ct. App. 2005)). | Requires an evaluation of the plaintiff's right to rely. *Skinner*, 2010 U.S. Dist. LEXIS 53040, at *23. | Allows knowledge or reckless indifference to the statement's falsity. *Skinner*, 2010 U.S. Dist. LEXIS 53040, at *23. | "When fraud is relied on as a basis for recovery, alleging party must prove all of essential elements of fraud by a preponderance of the evidence." *Grissom v. Moran*, 290 N.E.2d 119, 123 (Ind. Ct. App. 1972). | Fraudulent misrepresentation can result in punitive damages. *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1263 (Ind. Ct. App. 1986). Benefit of the bargain is the measure for intentional misrepresentation damages. *Lightning Litho, Inc. v. Danka Indus.*, 776 N.E.2d 1238, 1243 (Ind. Ct. App. 2002). | |
| **IOWA** | To establish a claim for fraudulent misrepresentation, Plaintiff has the burden of proving each of the following elements: "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage." *Van Sickle Const. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010). | 5 years. *McDowell ex rel. Faga v. McDowell*, 666 N.W.2d 621 (Iowa Ct. App. 2003). | The false representation must concern a material fact. *First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, No. 08-CV-1035, 2010 U.S. Dist. LEXIS 3755, at *35 (N.D. Iowa Jan. 19, 2010) (citing *Smidt v. Porter*, 695 N.W.2d 9, 22 (Iowa 2005)). | Justifiable reliance required. *Agriprocessors*, 2010 U.S. Dist. LEXIS 3755, at *35. | Plain knowledge required. *Agriprocessors*, 2010 U.S. Dist. LEXIS 3755, at *35. | Fraud must be proven by a preponderance of clear, satisfactory, and convincing evidence. *Stewart v. Sisson*, 766 N.W.2d 800 (Iowa App. 2009). | Punitive damages are not allowed for intentional misrepresentation in the absence of malice, fraud, or other illegal acts. *Clark-Peterson Co. v. Independent Ins. Assocs.*, 514 N.W.2d 912, 916 (Iowa 1994). "Iowa law recognizes two basic methods to measure damages in fraud cases. The first measure of damages provides compensation for the benefit of the bargain. The second measure of damages is the out-of-pocket rule. However, these measures have | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | The plaintiff must show that the defendant was under a legal duty to communicate the withheld information to prevail on a fraudulent nondisclosure claim.<br><br>*Schuster v. Anderson*, 378 F. Supp. 2d 1070, 1113 (N.D. Iowa 2005). | | | | | | primarily been developed in cases of fraud involving the transfer of property. Yet, even when property is not transferred between the defendant and the plaintiff, a defrauded plaintiff is entitled to recover those losses proximately caused by reliance on the misrepresentation."<br><br>*Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 739 (Iowa 2009). | |
| **KANSAS** | The elements of fraud by silence are:<br><br>(1) The defendant had knowledge of material facts that the plaintiff did not have and could not have discovered by the exercise of reasonable diligence;<br><br>(2) the defendant was under an obligation to communicate the material facts to the plaintiff;<br><br>(3) the defendant intentionally failed to communicate to the plaintiff the material facts;<br><br>(4) the plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and<br><br>(5) the plaintiff sustained damages as a result of the defendant's failure to communicate the material facts to the plaintiff.<br><br>*Stechschulte v. Jennings*, 297 Kan. 2, 21, 298 P.3d 1083, 1097 (2013). | 2 years.<br><br>*Patterson v. Williams*, No. 10-CV-4094-CM, 2011 WL 5142757, at *3 (D. Kan. Oct. 28, 2011), aff'd, 500 F. App'x 792 (10th Cir. 2012). | No materiality required.<br><br>*Alires v. McGehee*, 85 P.3d 1191, 1195 (Kan. 2004) (citing *Gerhardt v. Harris*, 934 P.2d 976 (Kan. 1997)). | Justifiable reliance required.<br><br>*Alires*, 85 P.3d at 1195. | Plain knowledge required.<br><br>*Alires*, 85 P.3d at 1195. | "Fraud is never presumed, but must be established by clear and convincing evidence."<br><br>*Chism v. Protective Life Ins. Co.*, 234 P.3d 780, 783 (Kan. 2010). | To recover punitive damages, plaintiff must prove by clear and convincing evidence, that defendant acted willfully, wantonly, or with fraud or malice.<br><br>K.S.A. §§ 60-3701(c), 60-3702(c).<br><br>Benefit of the bargain is used to calculate damages for fraud.<br><br>*Fisher v. Mr. Harold's Hair Lab, Inc.*, 215 Kan. 515 (Kan. 1974). | |
| **KENTUCKY** | A plaintiff asserting a fraudulent concealment (or fraud by omission) claim under Kentucky law must establish four elements:<br><br>"(1) the defendant had a duty to disclose the material fact at issue;<br><br>(2) the defendant failed to disclose the fact;<br><br>(3) the defendant's failure to disclose | 5 years.<br><br>Ky. Rev. Stat. Ann. § 413.120 (West). | The false representation must concern a material fact.<br><br>*Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. Ct. App. 2003) | Mere reliance required.<br><br>*Rivermont Inn*, 113 S.W.3d at 640.. | Allows knowledge or reckless indifference to the statement's falsity<br><br>*Rivermont Inn*, 113 S.W.3d at 640. | Fraud claim requires proof, by clear and convincing evidence, of six elements . . . .<br><br>*Flegles, Inc. v. Truserv Corp.*, 289 S.W.3d 544 (Ky. 2009). | To receive punitive damages, the plaintiff must show the defendant acted with "oppression, fraud or malice."<br><br>KRS § 411.184(2).<br><br>The terms "oppression" and "fraud" are statutorily defined. Oppression is conduct intended to subject a | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | the material fact induced the plaintiff to act; and<br><br>(4) the plaintiff suffered actual damages as a consequence."<br><br>*House v. Bristol-Myers Squibb Co.*, No. 3:15-CV-00894-JHM, 2017 WL 55876, at \*8 (W.D. Ky. Jan. 4, 2017).<br><br>"[A] party asserting a fraudulent concealment (or fraud by omission) claim must specify 'the who, what, when, where, and how' of the alleged omission." *Id.* | | (citing *United Parcel Serv. v. Rickert*, 996 S.W.2d 464, 466 (Ky. 1999)). | | | | plaintiff to cruel and unjust hardship. *Id.*<br><br>§ 411.184(1)(a).<br><br>Fraud is defined to be intentional misrepresentation…of material fact that is known to the defendant and is concealed with the intention of causing injury to the plaintiff.<br><br>§ 411.184(1)(b).<br><br>Benefit of the bargain is used to calculate damages for fraud.<br><br>*Sanford Constr. Co. v. S & H Contractors, Inc.*, 443 S.W.2d 227, 238 (Ky. 1969). | |
| **LOUISIANA** | "The elements of a claim for intentional misrepresentation in Louisiana are:<br><br>(1) a misrepresentation of a material fact;<br><br>(2) made with intent to deceive; and<br><br>(3) causing justifiable reliance with resultant injury."<br><br>*Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. CIV.A. 11-2777, 2014 WL 3094750, at \*3 (E.D. La. July 7, 2014).<br><br>Pursuant to Louisiana law, in order "[t]o find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information."<br><br>*Thomas v. Pride Oil & Gas Properties, Inc.*, 633 F. Supp. 2d 238, 241 (W.D. La. 2009). | 1 year.<br><br>*Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17), 213 So. 3d 1232, 1237. | No materiality required.<br><br>*Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, (La. 2001); *Williamson v. Haynes Best W.*, 688 So. 2d 1201 (La. Ct. App. 1997). | No reliance required.<br><br>*Shelton*, 798 So. 2d at 60. | No knowledge required.<br><br>*Shelton*, 798 So. 2d at 60. | Fraud need only be proven by preponderance of evidence and may be established by circumstantial evidence.<br><br>*Van Meter v. Gutierrez*, 897 So.2d 781, 787 (La. Ct. App. 2005). | Louisiana law prohibits punitive damage awards in tort cases.<br><br>*Silver v. Nelson*, 610 F. Supp. 505, 523 (D. La. 1985). | |
| **MAINE** | The elements of a claim of fraudulent concealment are:<br><br>(1) a failure to disclose; | 6 years.<br><br>*Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME | The false representation must concern a material fact. | Justifiable reliance required.<br><br>*Grover*, 638 | Allows knowledge or reckless indifference to the statement's | Elements of fraudulent misrepresentation must be proved by clear and convincing | Benefit of the bargain is used to calculate damages for fraud.<br><br>*Nelson v. Leo's auto Sales,* | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | (2) a material fact; (3) where a legal or equitable duty to disclose exists; (4) with the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure; and (5) which is in fact relied upon to the aggrieved party's detriment. *Picher v. Roman Catholic Bishop of Portland*, 2009 ME 67, ¶ 30, 974 A.2d 286, 295. | 131, ¶ 17, 147 A.3d 824, 829. | *Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994). | A.2d at 716. | falsity. *Grover*, 638 A.2d at 716. | evidence. *Maine Eye Care Assocs. P.A. v. Gorman*, 890 A.2d 707, 711 (Me. 2006). | *Inc.*, 158 Me. 368, 373 (Me. 1962). Punitive damages available for fraud. *St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, P21 (Me. 2002). | |
| **MARYLAND** | To prevail on a claim of fraudulent concealment, a plaintiff must show that (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment. *Crystal v. Midatlantic Cardiovascular Assocs., P.A.*, 227 Md. App. 213, 231–32, 133 A.3d 1198, 1209 (2016). | 3 years. *Branch v. Bank of Am., N.A.*, No. CIV. PWG-11-3712, 2013 WL 6815903, at *2 (D. Md. Dec. 19, 2013). | No materiality required. *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257 (Md. 2007). | Justifiable reliance required. *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). | Allows knowledge or reckless indifference to the statement's falsity. *Hoffinan*, 867 A.2d at 292. | To prevail on a fraud-based claim, a party must prove each element of the fraud by clear and convincing evidence. *Cent. Truck Ctr., Inc. v. Cent. GMC, Inc.*, 4 A.3d 515, 520 (Md. Ct. Spec. App. 2010). | Punitive damages available for intentional misrepresentation. *HBCU Pro Football. LLC v. New Vision Sports Props., LLC*, 2011 U.S. Dist. LEXIS 55976 (D. Md. May 24, 2011). "The proper measure of damages in fraud and deceit cases is determined by the so-called 'flexibility theory,'…" *Hinkle v. Rockville Motor Co.*, 262 Md. 502, 512 (Md. 1971). | |
| **MASSACHUSETTS** | To recover for fraudulent misrepresentation, a plaintiff "must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [her] damage." *Masingill v. EMC Corp.*, 449 Mass. 532, 540, 870 N.E.2d 81, 88 (2007). Where the claim of fraud is premised on a failure to disclose plaintiff has to prove that defendant had a duty to disclose. | 3 years. *Rice v. Santander Bank, N.A.*, 196 F. Supp. 3d 146, 153 (D. Mass. 2016). | The false representation must concern a material fact. *Armstrong v. Rohm & Haas Co.*, 349 F. Supp. 2d 71, 81 (D. Mass. 2004) (citing Reisman v KPMG Peat Marwick, 787 N.E.2d 1060 (Mass. Ct. App. 2003)). | Mere reliance required. *Armstrong*, 349 F. Supp. 2d at 81. | Plain knowledge required. *Armstrong*, 349 F. Supp. 2d at 81. | For fraud, the intent to deceive must be established by "clear and convincing" evidence. *Metris U.S.A., Inc. v. Faro Techs., Inc.*, 2011 U.S. Dist. LEXIS 105865 (D. Mass. Sept. 19, 2011). | A simple finding of intentional misrepresentation "does not automatically trigger punitive damages. There must be something more." *Technologies, S.A. v. Cyrano, Inc.*, 460 F. Supp. 2d 197, 206 (D. Mass. 2006). | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Rossman v. Herb Chambers Com. Ave.*, Inc., 80 Mass. App. Ct. 1116, 957 N.E.2d 254 (2011). | | | | | | | |
| **MICHIGAN** | "[T]he elements for establishing fraud or silent fraud [are] ... (1) a material representation which is false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it; and (5) thereby suffered injury. The false material representation needed to establish fraud may be satisfied by the failure to divulge a fact or facts the defendant has a duty to disclose." *McMullen v. Joldersma*, 435 N.W.2d 428, 430 (Mich. App. 1988). | 6 years. *Adams v. Adams*, 276 Mich. App. 704, 710, 742 N.W.2d 399, 403 (2007). | The false representation must concern a material fact. *Johnson v. Wausau Ins. Co.*, 769 N.W.2d 755, 759 (Mich. Ct. App. 2009). | Mere reliance required. *Johnson*, 769 N.W.2d at 759. | Allows knowledge or reckless indifference to the statement's falsity. *Johnson*, 769 N.W.2d at 759. | Fraud must be established by clear and convincing evidence and must never be presumed. *Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 381 (Mich. App. 1996). | Fraudulent intent may give rise to punitive damages. *Williams v. Polgar*, 391 Mich. 6, 21 (Mich. 1974). Benefit of the bargain is used to calculate damages for fraud. *Wolbrink v. Sorr*, 341 Mich. 512, 521 (Mich. 1954). | |
| **MINNESOTA** | To make out a claim for fraudulent misrepresentation, the plaintiff must establish that: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance. *Hoyt Properties, Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007). Nondisclosure of a fact constitutes fraud only if there is "suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him." *Highland Bank v. Wyatt*, No. A15-0275, 2015 WL 8548639, at *2 (Minn. | 6 years. *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 155 (Minn. 2012). | The false representation must concern a material fact. *In re Strid*, 487 N.W.2d 891, 893-94 (Minn. 1992). | Reasonable reliance required. *In re Strid*, 487 N.W.2d at 893-94. | Plain knowledge required. *In re Strid*, 487 N.W.2d at 893-94. | Fraud must be proven by clear and convincing evidence. *Beasley v. Medin*, 479 N.W.2d 95, 99 (Minn. App. 1992). | Punitive damages may be awarded for fraudulent-misrepresentation claims. *Trimily, Inc. v. Delice Group*, 2007 U.S. Dist. LEXIS 47965 (D. Minn. June 25, 2007). Minnesota recognizes the "out-of-pocket" rule as the proper measure of damages for negligent misrepresentation. *Lobe Enters. v. Dotsen*, 360 N.W.2d 371, 373 (Minn. App. 1985). Same for fraud cases. *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1988). | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | Ct. App. Dec. 14, 2015), review dismissed (Feb. 17, 2016). | | | | | | | |
| **MISSISSIPPI** | A plaintiff asserting fraudulent misrepresentation must prove the following elements, by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Elchos v. Haas*, 178 So. 3d 1183, 1198 (Miss. 2015), reh'g denied (Dec. 10, 2015). We have long recognized the principle that a party is liable for its silence where its silence "relate[s] to material fact or matter known to the party and ... it is [the party's] legal duty to communicate to the other contracting party." *Daniels v. Crocker*, No. 2016-CA-00566-SCT, 2017 WL 2505196, at *10 (Miss. June 8, 2017). | 3 years. *Austin v. Bayer Pharm. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 WL 5406589, at *3 (S.D. Miss. Sept. 25, 2013). | The false representation must concern a material fact. *McGee v. Swarek*, 733 So. 2d 308, 312 (Miss. Ct. App. 1999). | Reasonable reliance required. *McGee*, 733 So. 2d at 312. | Plain knowledge required. *McGee*, 733 So. 2d at 312. | The elements of fraud, which must be proven by clear and convincing evidence. *O.W.O. Invs. v. Stone Inv. Co., Inc.*, 32 So.3d 439, 446 (Miss. 2010). | In Mississippi, to recover punitive damages based on a claim of fraud, the plaintiffs must prove by clear and convincing evidence that "the defendant … committed actual fraud." Miss. Code Ann. § 11-1-65. For fraud, damages are "actual damages" not just out of pocket expenses. *Hobbs Auto., Inc. v. Dorsey*, 914 So. 2d 148, 154 (Miss. 2005). | |
| **MISSOURI** | The elements of fraud are: "(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) the hearer's consequent and proximate injury." *McGuire v. Bode*, 607 S.W.2d 165, 166 (Mo. App. 1980). "Silence or concealment of facts can amount to misrepresentation and serve as a substitute element for a false and fraudulent misrepresentation if the | 5 years (up to 15 years). *Hilyard v. Medtronic, Inc.*, 21 F. Supp. 3d 1012, 1017 (E.D. Mo. 2014). | The false representation must concern a material fact. *Osterberger v. Hites Constr. Co.*, 599 S.W.2d 221, 227 (Mo. Ct. App. 1980). | Justifiable reliance required. *Osterberger*, 599 S.W.2d at 227. | Allows a showing of knowledge or a defendant's ignorance of the truth. *Osterberger*, 599 S.W.2d at 227. | "The party alleging fraud bears the burden of proving each element and must satisfy that burden with clear and convincing evidence." *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. App. 2007). | Punitive damages are available for fraudulent misrepresentation. *Wells v. Farmers Alliance Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 10032 (E.D. Mo. Feb. 11, 2009). "Generally, a victim of fraud can either return what he purchased and get his money back (recission), or keep what he purchased and sue for damages measured as the difference between its value as represented and its true value as of the date of purchase (benefit of the | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | silent party has a duty to speak." *Artilla Cove Resort, Inc. v. Hartley*, 72 S.W.3d 291, 298 (Mo. App. 2002); *Ziglin v. Players MH, L.P.*, 36 S.W.3d 786, 791 (Mo. App. 2001). | | | | | | bargain)." *Davis v. Cleary Bldg. Corp.*, 143 S.W.3d 659, 668 (Mo. Ct. App. 2004). | |
| **MONTANA** | A claim of actual fraud must establish the following elements: 1) a representation; 2) falsity of the representation; 3) materiality of the representation; 4) speaker's knowledge of the falsity of the representation or ignorance of its truth; 5) speaker's intent that it be relied upon; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation; 8) the hearer's right to rely on the representation; and 9) the hearer's consequent and proximate injury caused by the reliance on the representation. *McCulley v. U.S. Bank of Montana*, 2015 MT 100, ¶ 34, 378 Mont. 462, 472, 347 P.3d 247, 256. Under Montana law, constructive fraud is defined as: (1) any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming under that person; or (2) any act or omission that the law especially declares to be fraudulent, without respect to actual fraud. *Fischer v. Ocwen Loan Servicing, LLC*, No. CV-14-94-BLG-SPW-CSO, 2014 WL 6685987, at *6 (D. Mont. Nov. 25, 2014), report and recommendation adopted, No. CV 14-94-BLG-SPW-CSO, 2014 WL 11498231 (D. Mont. Dec. 11, 2014). | 2 years. *Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 14, 380 Mont. 495, 503, 358 P.3d 131, 139. | The false representation must concern a material fact. *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mt. 2005). | Requires an evaluation of the plaintiff's right to rely. *In re Estate of Kindsfather*, 108 P.3d at 490. | Allows a showing of knowledge or a defendant's ignorance of the truth. *In re Estate of Kindsfather*, 108 P.3d at 490. | "A mere suspicion of fraud is not sufficient, fraud must be proven by a preponderance of the evidence." *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005). | Punitive damages are available if clear and convincing evidence that defendant was guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221(1). The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss of which the misrepresentation is a legal cause, including (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance on the misrepresentation *United First Fed. Sav. & Loan Ass'n v. White-Stevens, Ltd.*, 253 Mont. 242, 249 (Mont. 1992). | |
| **NEBRASKA** | To prove fraudulent concealment, a plaintiff must prove these elements: (1) The defendant had a duty to disclose a material fact; (2) the | 4 years. *McGinley v. McGinley*, 7 Neb. App. 410, 413, | No materiality required. *Gibb v. Citicorp* | Reasonable reliance required. | Allows knowledge or reckless indifference to | Courts of law require proof of fraud by a preponderance of the | Punitive damages not allowed. *Abel v. Conover*, 170 Neb. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | defendant, with knowledge of the material fact, concealed the fact; (3) the material fact was not within the plaintiff's reasonably diligent attention, observation, and judgment; (4) the defendant concealed the fact with the intention that the plaintiff act or refrain from acting in response to the concealment or suppression; (5) the plaintiff, reasonably relying on the fact or facts as the plaintiff believed them to be as the result of the concealment, acted or withheld action; and (6) the plaintiff was damaged by the plaintiff's action or inaction in response to the concealment. *Knights of Columbus Council 3152 v. KFS BD, Inc.*, 280 Neb. 904, 927, 791 N.W.2d 317, 334 (2010). | 583 N.W.2d 77, 80 (1998). | *Mortg, Inc.*, 518 N.W.2d 910, 916 (Neb. 1994). | *Gibb*, 518 N.W.2d at 916. | the statement's falsity. *Gibb*, 518 N.W.2d at 916. | evidence, while courts of equity require clear and convincing evidence. *Huffman v. Poore*, 569 N.W.2d 549, 559 (Neb. Ct. App. 1997). | 926, 104 N.W.2d 684, 688 (Neb. 1960). The measure of recovery is compensation for the injury sustained. *Id.* | |
| **NEVADA** | To establish a prima facie case of fraudulent concealment under Nevada Law, a plaintiff must offer proof that satisfies five elements: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages. *Lasao v. Stearns Lending Co.*, No. 2:10-CV-01864-KJD, 2011 WL 3273923, at *6 (D. Nev. July 29, 2011). | 3 years. *Meredith v. Weilburg*, No. 3:13-CV-00277-RCJ, 2013 WL 5658181, at *5 (D. Nev. Oct. 15, 2013). | No materiality required. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). | Justifiable reliance required. *Bulbman*, 825 P.2d at 592. | Allows a showing of knowledge or a defendant's ignorance of the truth. *Bulbman*, 825 P.2d at 592. | "[B]urden is on plaintiff to establish fraud by clear and convincing evidence." *Hindenes v. Whitney by Vogelheim*, 697 P.2d 932, 933-34 (Nev. 1985). | Punitive damages may be awarded upon clear and convincing evidence of fraud, oppression, or malice, express or implied. Nev. Rev. Stat. § 42.005(1). For punitive damages purposes, Nevada law defines: (1) oppression means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person; (2) fraud to be an intentional misrepresentation or concealment of a material fact with the intent to deprive another person of his or her rights or property; (3) malice, express or implied, to be despicable conduct which is engaged in with a conscious disregard of the rights or safety of others; and (4) conscious disregard to mean knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | avoid those consequences.<br><br>Nev. Rev. Stat. § 42.001. | |
| **NEW HAMPSHIRE** | Under New Hampshire law, the elements of a fraudulent misrepresentation claim are: "(1) the defendant misrepresented a material fact to the plaintiff, knowing it to be false; (2) the defendant did so with fraudulent intent that the plaintiff act on it; and (3) that the plaintiff, without knowledge of its falsity, detrimentally relied on the misrepresentation."<br><br>*Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 30 n. 5 (1st Cir. 2004).<br><br>New Hampshire's Supreme Court has held that, in the absence of a special duty of disclosure, "silence is not sufficient for misrepresentation."<br><br>*Ingaharro v. Blanchette*, 122 N.H. 54, 57, 440 A.2d 445 (N.H.1982). *Sprague Energy Corp. v. Levco Tech Inc.*, No. 3:09CV29 (RNC), 2009 WL 1374593, at *9 (D. Conn. May 11, 2009). | 6 years.<br><br>*Cheshire Med. Ctr. v. W.R. Grace & Co.*, 764 F. Supp. 213, 216 (D.N.H.), *opinion vacated in part on reconsideration*, 767 F. Supp. 396 (D.N.H. 1991). | No materiality required.<br><br>*Snierson v. Scruton*, 761 A.2d 1046, 1049 (N.H. 2000). | Justifiable reliance required.<br><br>*Snierson*, 761 A.2d at 1049. | Allows a showing of knowledge or a defendant's ignorance of the truth.<br><br>*Snierson*, 761 A.2d at 1049. | "Fraud must be proved by clear and convincing evidence, but such proof may be founded upon circumstantial evidence."<br><br>*Snow v. Am. Morgan Horse Ass'n, Inc.*, 686 A.2d 1168, 1170 (N.H. 1996) (internal citations omitted). | "In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material."<br><br>*Kimball v. Holmes*, 60 N.H. 163, 164 (1980).<br><br>Benefits of the bargain damages are awarded for fraud.<br><br>*Lampesis v. Comolli*, 101 N.H. 279, 283 (N.H. 1958). | |
| **NEW JERSEY** | Under New Jersey law, a plaintiff must establish five elements to make out a claim for fraudulent misrepresentation or omission: "(1) a material misrepresentation [or omission] of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."<br><br>*Delaney v. Am. Express Co.*, No. CIV 06-5134 JAP, 2007 WL 1420766, at *5 (D.N.J. May 11, 2007).<br><br>"[W]here a claim for fraud is based on silence or concealment, New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous | 6 years.<br><br>*Kenney v. M2 Worldwide, LLC*, No. CIV.A. 12-1059 SRC, 2013 WL 592149, at *4 (D.N.J. Feb. 13, 2013). | The false representation must concern a material fact.<br><br>*Liberty Mut. Ins. Co. v. Land*, 892 A.2d 1240, 1248 (N.J. 2006). | Reasonable reliance required.<br><br>*Land*, 892 A.2d at 1248. | Plain knowledge required.<br><br>*Land*, 892 A.2d at 1248. | "Fraud is not presumed; it must be proven through clear and convincing evidence."<br><br>*Stoecker v. Echevarria*, 975 A.2d 975 (N.J. Super. Ct. App. Div. 2009). | "In order to recover punitive damages, Plaintiffs must demonstrate that Defendant committed "an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another."<br><br>Fraud may give rise to punitive damages.<br><br>*Barton v. RCI*, LLC, 2011 U.S. Dist. LEXIS 80134 (D.N.J. July 22, 2011).<br><br>New Jersey follows the "flexible theory" and the court may award either benefit of the bargain or out of pocket cost damages. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | statement true or the parties share a 'special relationship.' " *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir.1993) (collecting cases) *Pullman v. Alpha Media Pub., Inc.*, No. 12-CV-1924 PAC SN, 2013 WL 1290409, at *10 (S.D.N.Y. Jan. 11, 2013), *report and recommendation adopted*, No. 12 CIV. 1924 PAC SN, 2013 WL 1286144 (S.D.N.Y. Mar. 28, 2013), aff'd, 624 F. App'x 774 (2d Cir. 2015). | | | | | | *Lipkowitz v. Hamilton Surgery Ctr., LLC*, 415 N.J. Super. 29, 35 (App. Div. 2010). | |
| **NEW MEXICO** | To prove fraudulent misrepresentation, a plaintiff must demonstrate by clear and convincing evidence that (1) a representation of fact was made (either by commission or by omission) that was not true, (2) the defendant made the representation knowingly or recklessly, (3) the representation was made with the intent to induce the plaintiff to rely upon it, and (4) that the plaintiff relied on the representation. UJI 13– 1633; *see also In re Stein*, 2008–NMSC–013, ¶ 35, 143 N.M. 462, 177 P.3d 513 (misrepresentation may be committed by omission). *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 22, 310 P.3d 611, 620. Thus, where one is under a duty to speak but remains silent and fails to disclose a material fact, he may be liable for fraud." *R.A. Peck, Inc. v. Liberty Federal Savings Bank*, 108 N.M. 84, 88, 766 P.2d 928, 932 (N.M.Ct.App.1988) (citations omitted). *Skoglund v. Merav*, No. CIV.05 0378 JB/DJS, 2006 WL 4109671, at *4 (D.N.M. Aug. 25, 2006). | 4 years. *King v. Estate of Gilbreath*, No. CV 13-862 JCH/LAM, 2016 WL 7468071, at *7 (D.N.M. Mar. 30, 2016), *opinion clarified sub nom. King v. Estate of Norman L. Gilbreath*, No. CV 13-862 JCH/LAM, 2016 WL 7508835 (D.N.M. May 2, 2016). | No materiality required. *Eoff v. Forrest*, 789 P.2d 1262, 1266 (N.M. 1990). | Mere reliance required. *Eoff*, 789 P.2d at 1266. | Allows knowledge or reckless indifference to the statement's falsity. *Eoff*, 789 P.2d at 1266. | Clear and convincing standard of proof is applicable to cases concerning undue influence; this standard requires fact finder to reach abiding conviction as to truth of facts found. *Montoya v. Torres*, 823 P.2d 905, 909 (N.M. 1991). | Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard to the plaintiffs' rights. *Loucks v. Albuquerque National Bank*, 418 P.2d 191, 199 (1966). | |
| **NEW YORK** | To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was | 6 years. *Wall St. Assocs. v. Brodsky*, 257 A.D.2d | The false representation must concern a | Reasonable reliance required. | Plain knowledge required. | "The elements of fraud are narrowly defined, requiring proof by clear and | "Under New York law, such 'out-of-pocket' losses are the measure of actual damages | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance by the plaintiff on the misrepresentation or material omission, and (4) injury (*see Blanco v. Polanco*, 116 A.D.3d 892, 986 N.Y.S.2d 151; *Bernardi v. Spyratos*, 79 A.D.3d 684, 687, 912 N.Y.S.2d 627; *Pidwell v. Duvall*, 28 A.D.3d 829, 831– 832, 815 N.Y.S.2d 754). *Lewis v. Wells Fargo Bank, N.A.*, 134 A.D.3d 777, 778, 22 N.Y.S.3d 461, 463 (N.Y. App. Div. 2015). "A cause of action for fraudulent concealment requires, in addition to the four foregoing elements, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (*P.T. Bank Cent. Asia, N.Y. Branch v. ABN AMRO Bank N.V.*, 301 A.D.2d 373, 376, 754 N.Y.S.2d 245 [1st Dept. 2003] ). *Gomez-Jimenez v. New York Law Sch.*, 103 A.D.3d 13, 18, 956 N.Y.S.2d 54, 59 (2012). | 526, 530, 684 N.Y.S.2d 244 (1999). | material fact. *Chanayil v. Gulati*, 169 F.3d 168, 171 (2d. Cir. 1999) (New York). | *Chanayil*, 169 F.3d at 171. | *Chanayil*, 169 F.3d at 171. | convincing evidence." *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 607 (N.Y. 1999). | for fraudulent inducement." *Kaddo v. King Serv.*, 250 A.D.2d 948, 949 (N.Y. App. Div. 3d Dep't 1998). As to a claim for fraud, punitive damages are recoverable where there has been gross, wanton, or willful fraud, or other morally culpable conduct that was manifested by utterly reckless behavior on the part of the wrongdoer. *CoActiv Capital Partners, Inc. v. Hudson Converting, Inc.*, 2011 U.S. Dist. LEXIS 97795 (N.D.N.Y Aug. 31, 2011). | |
| **NORTH CAROLINA** | The elements of fraudulent concealment are: "(1) false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive; (5) resulting in damage to the injured party." *Comer v. Pers. Auto Sales, Inc.*, 368 F. Supp. 2d 478, 485 (M.D.N.C. 2005). "In order to establish a fraud claim based upon failure to disclose, a plaintiff must establish a duty to disclose." *Comer v. Pers. Auto Sales, Inc.*, 368 F. Supp. 2d 478, 486 (M.D.N.C. | 3 years. *Newton v. Barth*, 788 S.E.2d 653, 662 (N.C. Ct. App. 2016). | The false representation must concern a material fact. *Hardin v. KCS Int'l, Inc.*, 682 S.E.2d 726, 733 (N.C. Ct. App. 2009). | Reasonable reliance required. *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385 (N.C. 1988). | Plain knowledge required. *Myers & Chapman*, 374 S.E.2d at 385. | "[I]t is possible for a jury to find someone liable for fraud by preponderance of the evidence, but not find an aggravating factor of fraud, [as required for punitive damages,] by clear and convincing evidence." *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). | Clear and convincing evidence of fraud needed for punitive damages. *Hudgins v. Wagoner*, 694 S.E.2d 436, 450 n.8 (N.C. Ct. App. 2010). "A plaintiff may recover loss of bargain damages in a tort action if she establishes: (1) that the damages are the natural and probable result of the tortfeasor's misconduct; and (2) that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty." *Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 157 N.C. App. 577, 591 (N.C. Ct. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | App. 2003). | |
| **NORTH DAKOTA** | A tort action for fraud requires a contract between the parties; a misrepresentation of facts, suppression of facts, misleading another, or promising without an intent to perform; reliance on the false or misleading representation; and proof of actual damages proximately caused by the misrepresentation or nondisclosure. *WFND, LLC v. Fargo Marc, LLC*, 2007 ND 67, ¶ 25, 730 N.W.2d 841; *Dahl v. Messmer*, 2006 ND 166, ¶ 8, 719 N.W.2d 341. *Northstar Founders, LLC v. Hayden Capital USA, LLC*, 2014 ND 200, ¶ 27, 855 N.W.2d 614, 626. North Dakota law states that where a party to a transaction conceals some material fact within his or her own knowledge for which there is a duty to disclose, actual fraud has occurred. *See Diemert v. Johnson*, 299 N.W.2d 546 (N.D.1980) (citing N.D.C.C. § 9–10–023). *Drayton Pub. Sch. Dist. No. 19 v. W.R. Grace & Co.*, 728 F. Supp. 1410, 1414 (D.N.D. 1989). | 6 years. *Diocese of Bismarck Tr. v. Ramada, Inc.*, 553 N.W.2d 760, 766 (N.D. 1996). | No materiality required. *Farmers Coop. Co. v. Senske & Son Transfer Co.*, No. 2:06-cv-32, 2008 U.S. Dist. LEXIS 17961, at *8-9 (D.N.D. Mar. 7, 2008). | No reliance required. *Farmers Coop*, 2008 U.S. Dist. LEXIS 17961, at *8-9. | Plain knowledge required. *Farmers Coop*, 2008 U.S. Dist. LEXIS 17961, at *8-9. | "Fraud and deceit must be proved by clear and convincing evidence." *WFND, LLC v. Fargo Marc, LLC*, 730 N.W.2d 841, 843 (N.D. 2007). | Under North Dakota law, punitive damages may be awarded in "any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice..." N.D. Cent Code § 32-03.2-11. "The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule." *Asleson v. West Branch Land Co.*, 311 N.W.2d 533, 544 (N.D. 1981). | |
| **OHIO** | "The elements which constitute the basis for a claim of fraudulent misrepresentation are: (1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge maybe inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the | 4 years. *Cundall v. U.S. Bank*, 2009-Ohio-2523, ¶ 24, 122 Ohio St. 3d 188, 193, 909 N.E.2d 1244, 1249. | The false representation must concern a material fact. *Rose v. Zaring Homes, Inc.*, 702 N.E.2d 952, 955 (Ohio Ct. App. 1997). | Justifiable reliance required. *Rose*, 702 N.E.2d at 955. | Plain knowledge required. *Rose*, 702 N.E.2d at 955. | "The elements of fraud must be established by clear and convincing evidence." *Rapport v. Kochovski*, 923 N.E.2d 1212, 1215 (Ohio Ct. App. 2009). | Benefit of the bargain is sued to calculate damages for fraud. *Northpoint Props. v. Charter One Bank*, 2011 Ohio 2512, P35 (Ohio Ct. App., Cuyahoga County May 26, 2011). "In tort law, punitive damages are available in act ions involving fraud, actual malice, oppression, or insult on the part of the defendant." *Touhey v. Ed's Tree & Turf, L.L.C.*, WL 2672236, at * 4 (Ohio App. 12 Dist. 2011). | |

# 50-STATE SURVEY OF LAWS REGARDING COMMON LAW FRAUD

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | representation or concealment, and<br><br>(6) a resulting injury proximately caused by the reliance."<br><br>*Goddard v. Stabile*, 924 N.E.2d 868, 874 (Ohio App. 2009). | | | | | | | |
| **OKLAHOMA** | Under Oklahoma law, to recover under the theory of fraudulent misrepresentation,[a] plaintiff must prove [that] (1) the defendant made a material misrepresentation; (2) … it was false; (3) the defendant made the representation knowing it was false or in reckless disregard of the truth; (4) … the defendant made it with the intention that it should be acted upon by the plaintiff; (5)[the] plaintiff acted in reliance upon it; and (6)[the] plaintiff thereby suffered injury.<br><br>*Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 3881495, at *3 (N.D. Okla. Sept. 2, 2011).<br><br>"In determining whether there is a duty to speak, consideration must be given to the situation of the parties and matters with which they are dealing."<br><br>*Silk v. Phillips Pet. Co.*, 1988 OK 93, ¶ 33, 760 P.2d 174, 179. "If on account of peculiar circumstances there is a positive duty on the part of one of the parties to a contract to speak, and he remains silent to his benefit and to the detriment of the other party, the failure to speak constitutes fraud." *Id. Key Fin., Inc. v. Koon*, 2016 OK CIV APP 27, ¶ 14, 371 P.3d 1133, 1138. | 2 years.<br><br>*McCain v. Combined Commc'ns Corp. of Oklahoma*, 1998 OK 94, ¶ 7, 975 P.2d 865, 866. | The false representation must concern a material fact.<br><br>*Gish v. ECI Servs. of Okla.*, 162 P.3d 223, 228 (Okla. Civ. App. 2006). | Mere reliance required.<br><br>*Gish*, 162 P.3d at 228. | Allows knowledge or reckless indifference to the statement's falsity.<br><br>*Gish*, 162 P.3d at 228. | "Fraud is never presumed and each of its elements must be proved by clear and convincing evidence."<br><br>*Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). | Punitive damages available for fraud.<br><br>*United States ex rel. MMS Constr. & Paving, L.L.C. v. Head, Inc.*, 2011 U.S. Dist. LEXIS 120261 (W.D. Okla. Oct. 18, 2011).<br><br>"Oklahoma, by decisional law, has adopted a form of the benefit of the bargain measure in fraud actions, allowing the plaintiff to recover the difference between the actual value received and the value the defrauded party would have had if it had been as represented."<br><br>*LeFlore v. Reflections of Tulsa, Inc.*, 1985 OK 72 (Okla. 1985). | |
| **OREGON** | The elements of fraud are: "(1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false; (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the | 2 years.<br><br>*Spirit Partners, LP v. Stoel Rives LLP*, 212 Or. App. 295, 307, 157 P.3d 1194, 1201 (2007). | The false representation must concern a material fact.<br><br>*Webb v. Clark*, 546 P.2d 1078 (Or. 1976); *Johnsen v. Mel-* | Requires an evaluation of the plaintiff's right to rely.<br><br>*Webb*, 546 P.2d at 1078; Johnsen, 894 | Allows a showing of knowledge or a defendant's ignorance of the truth.<br><br>*Webb*, 546 P.2d at 1078; | "Clear and convincing proof is required in civil cases involving allegations of fraud." *Gallant v. Board of Med. Exam'rs*, 974 P.2d 814, 820 (Or. | Punitive damages are available for intentional misrepresentation. While recklessness or even negligence might suffice, it has to "g o beyond mere carelessness to a willful or reckless disregard of risk of | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | misrepresentation; and (5) the recipient was damaged by that reliance." <br><br> *McFadden v. Dryvit Sys., Inc.*, No. 04-civ-103, 2004 WL 2278542, at *11 (D. Or. Oct. 8, 2004) *report and recommendation adopted*, No. 04-civ-103, 2004 WL 2852554 (D. Or. Dec. 10, 2004). <br><br> "However, in addition to affirmative misrepresentations, silence or concealment of facts can be the basis for a fraud action, especially when there are half-truths or misleading statements." <br><br> *McFadden v. Dryvit Sys., Inc.*, No. 04-civ-103, 2004 WL 2278542, at *11 (D. Or. Oct. 8, 2004) *report and recommendation adopted*, No. 04-civ-103, 2004 WL 2852554 (D. Or. Dec. 10, 2004). | | *Ken Motors*, 894 P.2d 540 (Or. Ct. App. 1995). | P.2d at 540. | Johnsen, 894 P.2d 540. | Ct. App. 1999). | harm to others of a magnitude evincing a high degree of social irresponsibility. In such a setting the plaintiff whose economic loss may be insignificant to the enterprise and perhaps too small to justify the expenses of pressing a claim represents social interests larger than his own." <br> *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Ore. 127, 138 (Or. 1984). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule. <br><br> *Duyck v. Tualatin Valley Irrigation Dist.*, 80 Ore. App. 602, 610 (Or. Ct. App. 1986). | |
| **PENNSYLVANIA** | "The essential elements of a cause of action for fraud or deceit are" (1) "a misrepresentation," (2) "a fraudulent utterance thereof," (3) "an intention to induce action thereby, justifiable reliance thereon and" (4) "damage as a proximate result." "Concealment can be a sufficient basis for finding that a party engaged in fraudulent conduct, provided that the other requisite elements of fraud are established. While concealment may constitute fraud, however, mere silence is not sufficient in the absence of a duty to speak." <br><br> *Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315–16 (Pa. Super. 1991) (citations omitted). | 2 years. <br><br> *Toy v. Metro. Life Ins. Co.*, 2004 PA Super 404, ¶ 11, 863 A.2d 1, 7 (2004), aff'd, 593 Pa. 20, 928 A.2d 186 (2007). | The false representation must concern a material fact. <br><br> *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006). | Justifiable reliance required. <br><br> *Santana Products, Inc v Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa. Super. Ct. 2003)). | No knowledge required. <br><br> *Santana Products*, 401 F.3d at 136. | "Fraud must be averred with particularity . . . and it must be proven by clear and convincing evidence." <br><br> *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. Ct. 2008) (internal citation omitted). | Under Pennsylvania law, "there must be acts of malice, vindictiveness and a wholly wanton disregard for the rights of others" when fraudulent conduct is the basis for punitive damages. <br><br> *Pittsburgh Live Inc. v. Servov*, 615 A.2d 438, 442 (Pa.Super 1992). <br><br> "Further more, a n establishment of all or some of the elements of fraudulent misrepresentations does not entitle a plaintiff to punitive damages simply because elements have been met." <br><br> *Martik Bros., Inc. v. Huntington Nat'l Bank*, 2010 U.S. Dist. LEXIS 40250 (W.D. Pa. Apr. 23, 2010). <br><br> In general, only pecuniary loss is recoverable. <br><br> *Restituto v. Trauma Serv.* | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | *Group, 29 Phila.* 225, 244 (Pa. C.P. 1995). | |
| **RHODE ISLAND** | To establish fraud, a plaintiff must show: (1) "defendant made a false representation" (2) "intending thereby to induce plaintiff to rely thereon and" (3) "plaintiff justifiably relied thereon." *Stebbins v. Wells*, 766 A.2d 369, 372 (R.I. 2001). "Rhode Island courts allow actions for fraudulent concealment in circumstances where the defendant bears a duty to speak." *W. Reserve Life Assurance Co. of Ohio v. Conreal LLC*, 715 F. Supp. 2d 270, 285 (D.R.I. 2010), *on reconsideration in part sub nom., W. Reserve Life Assurance Co. of Ohio v. Caramadre*, 847 F. Supp. 2d 329 (D.R.I. 2012). | 10 years. *Waters v. Walt Disney World Co.*, 237 F. Supp. 2d 162, 166 (D.R.I. 2002). | No materiality required. *Women's Dev. Corp. v. City of Cent. Falls*, 764 A.2d 151, 160 (R.I. 2001). | Justifiable reliance required. *Women's Dev.*, 764 A.2d at 160. | No knowledge required. *Women's Dev.*, 764 A.2d at 160. | "[F ]raud in a civil suit need only be proven by a fair preponderance of the evidence." *Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Servs., Inc.*, 520 A.2d 563, 569 (R.I. 1987). | Punitive damages available for fraud if the party making the false statements knows it is false. *Conti v. Walter Winters*, 86 R.I. 456, 458 (R.I. 1957). "The 'benefit of the bargain' rule is the proper measure of damages in a claim for fraud or misrepresentation, the difference between the actual value of what the defrauded person received and the value which it would have had if it had been as represented." *Caseau v. Belisle*, 2005 R.I. Super. LEXIS 144 (R.I. Super. Ct. 2005). | |
| **SOUTH CAROLINA** | A claim or defense of fraudulent misrepresentation requires establishing the following elements: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) knowledge of its falsity, or reckless disregard for its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and | 3 years. *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 127 F. Supp. 3d 568, 590 (D.S.C. 2015). | The false representation must concern a material fact. *Enhance-It, L.L.C v. Am. Access Techs.*, 413 F. Supp. 2d 626, 629 (D.S.C. 2006). | Requires an evaluation of the plaintiff's right to rely. *Enhance-It*, 413 F. Supp. 2d at 629. | Allows knowledge or reckless indifference to the statement's falsity. *Enhance-It*, 413 F. Supp. 2d at 629. | "To prevail on a cause of action for fraud, a Plaintiff must prove by clear, cogent and convincing evidence…" *Moseley v. All Things Possible, Inc.*, 694 S.E.2d 43, 45 (S.C. Ct. App. 2010). | An act of fraud is enough to warrant punitive damages. *Hutcherson v. Pilgrim Health & Life Ins.* Co., 227 S.C. 239, 244 (S.C. 1955). South Carolina scheme of punitive damages, which allow s a jury to punish wealthier defendants more to effect a proportionally equal deterrent. *Defender Industries, Inc. v. Northwestern Mut. Life Ins. Co.*, 809 F. Supp. 400, 409 (D.S.C. 1992). The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule. *Schnellmann v. Roettger*, 373 | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | (9) the hearer's consequent and proximate injury.<br><br>*First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 71, 451 S.E.2d 907, 912 (Ct. App. 1994).<br><br>Nondisclosure is fraudulent when there is a duty to speak. *Ardis v. Cox*, 314 S.C. 512, 517, 431 S.E.2d 267, 270 (Ct. App. 1993). | | | | | | S.C. 379, 383 (S.C. 2007). | |
| **SOUTH DAKOTA** | The following required elements of fraudulent misrepresentation: (1) that a false representation of a material fact was made by one or more of the Defendants; (2) that the person(s) making the representation knew the fact was not true or made the statement recklessly with no reasonable grounds for believing it to be true; (3) that the misrepresentation was made with the intent to induce the Plaintiff to act upon it; (4) that the Plaintiff took action or refrained from acting in reliance upon the misrepresentation; and (5) that the Plaintiff incurred damage from such reliance.<br><br>*Larson Mfg. Co. of S. Dakota v. Connecticut Greenstar, Inc.*, 929 F. Supp. 2d 924, 932 (D.S.D. 2013).<br><br>To prove the tort of fraudulent concealment, one of the following must be shown: "(1) the suppression of a fact by one who is bound to disclose it, or<br><br>(2) the suppression of a fact by one who gives information of other facts which are likely to mislead for want of communication of that fact."<br><br>*Milligan v. Waldo*, 2001 SD 2, ¶ 10, 620 N.W.2d 377, 380 (adhering to the deceit statute of § 20-10-2(3)). *Adams v. Rapid City Reg'l Hosp., Inc.*, No. 04-5067 RHB, 2006 WL 2459483, at *24 (D.S.D. Aug. 23, 2006). | 6 years.<br><br>*Estate of Montileaux v. Farmers State Bank in Winner*, S.D., No. CIV. 05-5049, 2005 WL 3088610, at *3 (D.S.D. Nov. 16, 2005). | No materiality required.<br><br>*Paint Brush Corp., Paint Brush Div. v. Neu*, 599 N.W.2d 384, 391 (S.D. 1999). | Mere reliance required.<br><br>*Paint Brush*, 599 N.W.2d at 391. | Allows knowledge or reckless indifference to the statement's falsity.<br><br>*Paint Brush*, 599 N.W.2d at 391. | It is plaintiff's burden to prove each element of a fraud claim by a preponderance of the evidence.<br><br>*Sejnoha v. City of Yankton*, 622 N.W.2d 735, 739 (S.D. 2001). | "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant."<br><br>S.D. Codified Laws § 21-3-2.<br><br>"The general measure of damages for breach of an obligation not arising from contract is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."<br><br>*Biegler v. American Family Mut. Ins. Co.*, 2001 SD 13, P43 (S.D. 2001). | |
| **TENNESSEE** | Courts recognize "two actionable | 3 years. | The false representation | Reasonable reliance | Allows knowledge or | "[T]he preponderance [of | Punitive damages permitted only if defendant has acted | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | types of concealment:" <br><br>(1) "where the concealment constitutes a trick or contrivance and when there is a duty to disclose" and <br><br>(2) "failing to disclose a known fact or condition where he had a duty to disclose and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." <br><br>"For the nondisclosure to constitute fraud, the charged party must have knowledge of an existing fact or condition and a duty to disclose that fact or condition. The fact or condition must be a material fact affecting the essence of the subject matter of the contract." <br><br>*Odom v. Oliver*, 310 S.W.3d 344, 349 (Tenn. App. 2009) (citations omitted). | *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390, 401 (Tenn. Ct. App. 2010). | must concern a material fact. <br><br>*First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991); *Lopez v. Taylor*, 195 S.W.2d 627, 634 (Tenn. Ct. App. 2006). | required. <br><br>*Brooks Farms*, 821 S.W.2d at 927; *Lopez*, 195 S.W.2d at 634. | reckless indifference to the statement's falsity. <br><br>*Brooks Farms*, 821 S.W.2d at 927; *Lopez*, 195 S.W.2d at 634. | evidence] standard [of proof] applies in a [fraud] case where the plaintiff does not seek rescission or reformation of a written instrument due to fraud. . . ." <br><br>*Elchlepp v. Hatfield*, 294 S.W.3d 146, 150 (Tenn. Ct. App. 2008). | intentionally, fraudulently, maliciously, or recklessly. <br><br>*Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900 (Tenn. 1992). <br><br>Damages for fraud are calculated using the benefit of the bargain rule. <br><br>*Elchlepp v. Hatfield*, 294 S.W.3d 146, 152 (Tenn. Ct. App. 2008). | |
| **TEXAS** | The elements of fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." <br><br>*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). <br><br>"[W]hen circumstances impose upon a party a duty to speak and the party remains silent, the silence itself can be a false representation." <br><br>*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997). | 4 years. <br><br>*Slater v. Nat'l Med. Enterprises, Inc.*, 962 S.W.2d 228, 233 (Tex. App. 1998). | The false representation must concern a material fact. <br><br>*Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir. 2003) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). | Mere reliance required. <br><br>*Malacar*a, 353 F.3d at 403-04. | Allows a showing of knowledge or a defendant's ignorance of the truth. <br><br>*Malacara*, 353 F.3d at 403-04. | Common law fraud is proved by the preponderance of the evidence. <br><br>*Browder v. Eicher*, 841 S.W.2d 500, 502 (Tex. App. Houston 14th Dist. 1992). | Exemplary damages may be recovered for fraud if every element if proved by clear and convincing evidence. <br><br>Tex. Civ. Prac. & Rem. Code § 41.003(a). <br><br>The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule. <br><br>*D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998). | |
| **UTAH** | To maintain a claim for fraudulent inducement or fraudulent misrepresentation, Plaintiff must | 3 years. <br><br>*Booth v. Attorneys' Title Guar. Fund, Inc.*, | The false representation must concern a | Mere reliance required. <br><br>*Giusti*, 201 | Allows knowledge or reckless | "To prevail on a claim of fraudulent inducement, a | A common law fraud claim may be enough to warrant punitive damages. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | show: (1) That a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.<br><br>*Arnson v. My Investing Place L.L.C.*, No. 2:12-CV-865, 2013 WL 5724048, at *4 (D. Utah Oct. 21, 2013).<br><br>In order to establish fraudulent concealment, "a plaintiff must prove the following three elements:<br><br>(1) the nondisclosed information is material,<br><br>(2) the nondisclosed information is known to the party failing to disclose, and<br><br>(3) there is a legal duty to communicate."<br><br>*Hermansen v. Tasulis*, 2002 UT 52, ¶ 24, 48 P.3d 235; *Smith v. Frandsen*, 2004 UT 55, ¶ 12, 94 P.3d 919, 923. | 2001 UT 13, ¶ 43, 20 P.3d 319, 327. | material fact.<br><br>*Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 977 n.38 (Utah 2009) (quoting *Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980)). | P.3d at 977 n.38. | indifference to the statement's falsity.<br><br>*Giusti*, 201 P.3d at 977 n.38. | plaintiff must present clear and convincing evidence…"<br><br>*Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008). | *Galindo v. Asset Recovery Trust*, 2008 U.S. Dist. LEXIS 61495 (D. Utah Aug. 12, 2008).<br><br>For fraud damages are benefit of the bargain. *Brown v. Richards*, 840 P.2d 143, 151 (Utah Ct. App. 1992). | |
| **VERMONT** | An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.<br><br>*Silva v. Stevens*, 156 Vt. 94, 102, 589 A.2d 852, 857 (1991).<br><br>Fraudulent concealment involves concealment of facts by one with knowledge, or the means of knowledge, and a duty to disclose, | 6 years.<br><br>*Estate of Alden v. Dee*, 2011 VT 64, ¶ 18, 190 Vt. 401, 409, 35 A.3d 950, 956 (2011). | The false representation must concern a material fact.<br><br>*Silva v. Stevens*, 589 A.2d 852, 857 (Vt. 1991) (quoting *Union Bank v. Jones*, 411 A.2d 1338, 1342 (Vt. 1980)). | Mere reliance required.<br><br>*Silva*, 589 A.2d at 857. | Plain knowledge required.<br><br>*Silva*, 589 A.2d at 857. | "To succeed on a [fraud in the inducement claim,] a plaintiff must prove the elements of fraud by clear and convincing evidence.<br><br>*Bennington Housing Auth. v. Bush*, 933 A.2d 207, 210 (Vt. 2007). | "actual common law fraud, as opposed to other kinds of intentional torts, inherently possesses the necessary malice and ill will that may make punitive damages appropriate."<br><br>*Follo v. Florindo*, 2009 VT 11, P46 (Vt. 2009).<br><br>Damages may be calculated by either the out of pocket loss rule or the benefit of the bargain rule at the discretion of the court.<br><br>*Kramer v. Chabot*, 152 Vt. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | coupled with an intention to mislead or defraud. *Id.* | | | | | | 53, 57 (Vt. 1989). | |
| **VIRGINIA** | One who advances a cause of action for actual fraud bears the burden of proving by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead by the party misled, and (6) resulting damage to the party misled. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994). Concealing or omitting a material fact can also give rise to a claim of actual fraud. Although silence does not constitute fraud in the absence of a duty to disclose, *cf. Norris v. Mitchell*, 255 Va. 235, 495 S.E.2d 809, 812–13 (1998), "[c]oncealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud," *Allen Realty Corp. v. Holbert*, 227 Va. 441, 318 S.E.2d 592, 597 (1984) *Murr v. Capital One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 584 (E.D. Va. 2014). | 2 years. *Parker v. Westat, Inc.*, 301 F. Supp. 2d 537, 543 (E.D. Va. 2004). | The false representation must concern a material fact. *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316 (Va. 2006). | Mere reliance required. *Remley*, 618 S.E.2d at 316. | Plain knowledge required. *Remley*, 618 S.E.2d at 316. | "Fraud, whether actual or constructive, must be proved by clear and convincing evidence." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). | Punitive damages for common law fraud are available after a showing of actual malice. Actual malice "has been defined as "ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another." *Adkins v. Crown Auto, Inc.*, 488 F.3d 225, 234 (4th Cir. Va. 2007). Generally, a person who acquired property by virtue of a commercial transaction and who has been defrauded by false representations is entitled to recover as damages the difference between the actual value of the property at the time the contract was made and the value that the property would have possessed had the representation been true. *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666-67 (1994). | |
| **WASHINGTON** | "In order to prove fraud, the plaintiff must establish each of the following elements by clear, cogent, and convincing evidence: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage." | 3 years. *Leonard v. Recontrust Co.*, N.A., No. 15-5866 RJB, 2016 WL 304802, at *7 (W.D. Wash. Jan. 26, 2016). | The false representation must concern a material fact. *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). | Requires an evaluation of the plaintiff's right to rely. *Stiley*, 925 P.2d at 204. | Plain knowledge required. *Stiley*, 925 P.2d at 204. | Each element of fraudulent concealment must be established by clear, cogent, and convincing evidence. *Stieneke v. Russi*, 190 P.3d 60, 61 (Wash. Ct. App. 2008). | "Washington law does not provide for punitive damages because such damages are contrary to public policy." *Bau v. Interlay Citizens Bank of Tampa*, 96 Wn.2d 692, 635 (1982). Damages may be calculated by either the out of pocket loss rule or the benefit of the bargain rule at the discretion of the court. *J & J Food Ctrs. v. Selig*, 76 Wn.2d 304, 310 (Wash. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | *Kirkham v. Smith*, 23 P.3d 10, 13 (2001).<br><br>"A party may establish fraudulent concealment either by proving the elements of fraud or by showing that the defendant breached a duty to disclose a material fact."<br><br>*Bud Clary Chevrolet Oldsmobile, Cadillac, Inc. v. Jeffries*, 106 Wash. App. 1031 (2001); *Oates v. Taylor*, 199 P.2d 924, 927 (1948). | | | | | | 1969). | |
| **WEST VIRGINIA** | The "essential elements in an action for fraud are:"<br><br>"(1) that the act claimed to be fraudulent was the act of the defendant or induced by him;<br><br>(2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and<br><br>(3) that he was damaged because he relied on it."<br><br>*Kessel v. Leavitt*, 511 S.E.2d 720, 752 (W. Va. 1998).<br><br>Fraud may be based on acts, omissions, or concealments.<br><br>*Kessel v. Leavitt*, 511 S.E.2d 720, 752 (W. Va. 1998). | 2 years.<br><br>*Yoe v. Branch Banking & Tr. Co.*, No. 3:13-CV-173, 2014 WL 713283, at *7 (N.D.W. Va. Feb. 25, 2014), *aff'd*, 585 F. App'x 178 (4th Cir. 2014). | The false representation must concern a material fact.<br><br>*Martin v. ERA Goodfellow Agency, Inc.*, 423 S.E.2d 379, 381 (W. Va. 1992). | Justifiable reliance required.<br><br>*Martin*, 423 S.E.2d at 381. | No knowledge required.<br><br>*Martin*, 423 S.E.2d at 381. | Elements of fraud claim must be proved by clear and convincing evidence.<br><br>*Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.*, 425 S.E.2d 144, 148 (W. Va. 1992). | A plaintiff who proves common-law fraud may recover punitive damages.<br><br>*Muzelak v. King Chevrolet*, 179 W. Va. 340, 345 (W. Va. 1988).<br><br>"The measure of damages is the difference between the value of the vehicle as warranted or represented and the value of the vehicle in its actual condition at the time of the transaction, plus incidental and consequential damages."<br><br>*Horan v. Turnpike Ford*, 189 W. Va. 621, 628 (W. Va. 1993). | |
| **WISCONSIN** | The elements of fraudulent misrepresentation are: (1) that the statement was false; (2) that the statements' proponent either knew it was untrue or made it recklessly; (3) that the statement was made to induce the recipient to act on it; and (4) that the recipient believed the statement and relied on it to his detriment.<br><br>*Niemuth v. Medford Nat. Bank*, 157 Wis. 2d 262, 459 N.W.2d 259 (Ct. App. 1990).<br><br>In *Ollerman v. O'Rourke Co., Inc.*, 94 Wis.2d 17, 51–52, 288 N.W.2d 95, 112 (1980), the Supreme Court | 6 years.<br><br>*John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶ 37, 303 Wis. 2d 34, 60, 734 N.W.2d 827, 839. | No materiality required.<br><br>*Malzewski v. Rapkin*, 723 N.W.2d 156, 162 (Wis. Ct. App. 2006). | Mere reliance required.<br><br>*Malzewski*, 723 N.W.2d at 162. | Allows knowledge or reckless indifference to the statement's falsity.<br><br>*Malzewski*, 723 N.W.2d at 162 | Under common law regarding burdens of proof, "intentional fraud cases are subject to intermediate burden of 'clear, satisfactory, and convincing evidence.'"<br><br>*Tri-Tech Corp. of Am. v. Americorp Servs., Inc.*, 646 N.W.2d 822, 827 (Wis. 2002). | "Punitive damages are recoverable in actions based on fraud when the wrong was inflicted under "circumstances of aggravation, insult or cruelty, with vindictiveness or malice."<br><br>*D. R. W. Corp. v. Cordes*, 65 Wis. 2d 303, 310 (Wis. 1974).<br><br>The measure of damages for fraudulent misrepresentation is the benefit of the bargain rule. | |

| Jurisdiction | Elements | Statute of Limitations | Materiality | Reliance | Knowledge | Standard of Proof | Damages & Remedies | Other Defenses & Features |
|---|---|---|---|---|---|---|---|---|
| | concluded that a claim for intentional misrepresentation exists for intentionally failing to disclose a material fact, when there is a duty to speak.<br><br>*Ramsden v. Farm Credit Servs. of N. Cent. Wisconsin ACA*, 223 Wis. 2d 704, 714, 590 N.W.2d 1, 5 (Ct. App. 1998). | | | | | | *Smith v. Katz*, 226 Wis. 2d 798, 813 (Wis. 1999). | |
| **WYOMING** | To succeed on a claim of fraudulent misrepresentation, three elements must be established: First, the buyer must prove by clear and convincing evidence that the seller misrepresented a material fact; second, the buyer must establish that he relied upon the misrepresentations in entering into the contract and that such reliance was reasonable; and third, the buyer must demonstrate that he suffered injury as a result of his reliance upon the misrepresentation. *Richardson v. Hardin*, 5 P.3d 793, 797 (Wyo. 2000). Before nondisclosure or fraudulent concealment can be considered, plaintiff must show that defendant had a duty to disclose the information.<br><br>*Sundown, Inc. v. Pearson Real Estate Co.*, 8 P.3d 324, 332 (Wyo. 2000). | 4 years.<br><br>*Baker v. Speaks*, 2014 WY 117, ¶ 28, 334 P.3d 1215, 1224 (Wyo. 2014). | No materiality required.<br><br>*Marchant v. Cook*, 967 P.2d 551, 554 (Wyo. 1998). | Justifiable reliance required.<br><br>*Jurkovich v. Tomlinson*, 905 P.2d 409 (Wyo. 1995). | Plain knowledge required.<br><br>*Jurkovich*, 905 P.2d at 409. | "Fraud must be proven by clear and convincing evidence, as opposed to by a preponderance of the evidence for negligent misrepresentation claims."<br><br>*Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 43 (Wyo. 2010). | "To prove punitive damages, an insured must prove that the insurer acted with 'something more' than bad faith: his culpability must rise to the level of willful and wanton misconduct. An insurer must intentionally breach his duty of good faith and in addition must also be guilty of oppression, fraud or malice. Additionally, punitive damages are appropriate when there is an intent to do an act, or an intent to not do an act, in reckless disregard of the consequences, and under such circumstances and conditions that a reasonable person would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another."<br><br>*Harper v. Gulf Ins. Co.*, 2002 U.S. Dist. LEXIS 24492 (D. Wyo. Dec. 20, 2002). | |