# 50-STATE SURVEY OF LAWS REGARDING BREACH OF IMPLIED WARRANTY

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| **ALABAMA** | 4 years from sale.<br><br>Ala. Code § 7-2-725 | A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.<br><br>Ala. Code § 7-2-725 | Yes. Privity required where alleging purely economic injury.<br><br>*Kidd v. Kilpatrick Chevrolet, Inc.,* 613 So.2d 336, 338 (Ala.1993) ("Alabama has abolished privity requirements in actions involving personal injuries, but actions where the claim alleges purely economic injury, such as this case, privity is still required.") | In general, a plaintiff can maintain an action predicated upon on a breach of the implied warranty of merchantability with proof of (1) a warranty, (2) a breach, and (3) damages resulting from that breach.<br><br>*Collins v. Novartis Pharm. Corp.,* No. 2:08-CV-438-MHT-PWG, 2015 WL 178157, at *3 (M.D. Ala. Jan. 14, 2015) *report and recommendation adopted in part,* No. 2:08CV438-MHT, 2015 WL 2183700 (M.D. Ala. May 11, 2015) | Damages proximately caused by breach.<br><br>Ala.Code 1975, § 7–2–314(1). | |
| **ALASKA** | 4 years from date of tender<br><br>Alaska Stat. Ann. § 45.02.725 (West) | "We have created a discovery rule-which might be seen as a tolling rule-for certain tort causes of action. *See Gudenau & Co. v. Sweeney Ins.,* 736 P.2d 763, 766-67 (Alaska 1987); *Greater Area Inc. v. Bookman,* 657 P.2d 828, 829-30 (Alaska 1982). However, we have never extended the discovery rule to contract causes of action for breach of warranty under the U.C.C. To do so would effectively repeal AS 45.02.725(b)"<br><br>*Armour v. Alaska Power Auth.,* 765 P.2d 1372, 1375 (Alaska 1988) | Privity not required.<br><br>*Morrow v. new Moon Homes, Inc,* 548 P.2d 279, 289 (Alaska 1976) | "AS 45.02.314(b)(3) provides that there is an implied warranty in a contract that the goods shall be merchantable if the seller is a merchant with respect to goods of that kind. Minimally, goods to be merchantable must be fit for the ordinary purposes for which such goods are used." AS 45.02.314(b)(3).<br><br>*Bradley v. Alaska Sales & Serv., Inc.,* No. 5533, 1982 WL 889004, at *2 (Alaska Oct. 27, 1982) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>Alaska Stat. Ann. § 45.02.714 (West) | |
| **ARIZONA** | 4 years accruing from time of purchase.<br><br>A.R.S. § 47-2314(B)(3); A.R.S. § 47-2725(A,B). | No discovery rule tolling. A.R.S. § 47-2314(B)(3); A.R.S. § 47-2725(A,B).<br><br>*Moses v. Nordic Boats,* No. 1 CA-CV 07-0775, 2008 WL 4672300 (Ariz. Ct. App. Oct. 16, 2008) | Yes. Privity required for UCC claims and purely economic damages.<br><br>*Flory v. Silvercrest Indus., Inc.,* 129 Ariz. 574, 579, 633 P.2d 383, 388 (1981)( Although we allow recovery for "breach of implied warranty" without | "The issue of breach of implied warranty here depends on virtually the same elements as the strict liability claim, namely the existence of a defect at the time of sale and the defect causing damages during ordinary use." | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>A.R.S. § 47-2714 | |

# 50-STATE SURVEY OF LAWS REGARDING BREACH OF IMPLIED WARRANTY

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | privity under the theory of strict liability, plaintiffs cannot recover purely economic damages under that theory. And although we allow recovery for purely economic damages for breach of U.C.C. warranties, plaintiffs cannot recover under that theory from Silvercrest due to their lack of privity with that defendant.) | *Dietz v. Waller*, 141 Ariz. 107, 112, 685 P.2d 744, 749 (1984) | | |
| **ARKANSAS** | 4 years beginning from date of purchase.<br><br>Ark.Code Ann. § 4–2–725. | "There are two exceptions to the four-year limitations period, but neither exception applies in the Carrells' case. First, § 7–2–725(2) allows a tolling of the period if a warranty explicitly extends it to cover future performance of the goods. This provision would allow the Carrells to file a claim for breach of their express warranty, but it does not cover an implied warranty. *Wright v. Cutler–Hammer, Inc.*, 358 So.2d 444 (Ala.1978). Second, if Masonite had delivered a consumer good that had caused a personal injury, the statutory limitations period would run from the time of the injury."<br><br>*Carrell v. Masonite Corp.*, 775 So. 2d 121, 124 (Ala. 2000) | Not required.<br>Ark. Code Ann. § 4-86-101 (West) (Breach of warranty extends to anyone manufacturer or seller "might reasonably have expected to use, consume, or be affected by the goods.")<br><br>*Bluewater Yacht Sales, Inc. v. Liberty Coach, Inc.*, No. CIVIL 07-3039, 2009 WL 1684454, at *4 (W.D. Ark. June 12, 2009) (breach of warranty as subset of breach of contract and no privity required) | "Under Arkansas law, to recover for breach of implied warranty of merchantability, plaintiffs must prove that they sustained damages, that goods sold were not 'merchantable,' that is, fit for ordinary purpose for which such goods are used, that unmerchantable condition proximately caused damages,and that plaintiffs were persons whom defendants might reasonably expect to use or be affected by the goods.<br><br>"A.C.A. § 4–2–607(3)(a) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>Ark.Code Ann. § 4– 2–714. | |
| **CALIFORNIA** | 4 years from date of sale.<br><br>Cal. Civ. Code § 2725 | "Discovery and reporting of latent defects which existed at the time of purchase but did not present themselves until after the one- year period is not restricted to the one- year implied warranty period." *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305. "In the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen | Privity required<br><br>*U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App.3d 1431, 1441 ("Vertical privity is a prerequisite in California for recovery on a theory of breach of the implied warranties of fitness and merchanta bility."); | A plaintiff claiming breach of implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'<br><br>*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1241 (C.D. Cal. 2011) | The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set Civil Code §1793.2(d).; 2) Where the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform. | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | defect, not by its subsequent discovery." *Id.* at p. 1305 | | | | |
| **COLORADO** | 4 years from date of purchase.<br><br>Colo. Rev. Stat. Ann. § 4-2-725 (West)<br><br>*Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1181 (D. Colo. 2002) | "They seek to rely upon the repair doctrine enunciated by this court in *Colorado–Ute Electric Association, Inc. v. Envirotech Corp.*, 524 F.Supp. 1152, 1155 (D.Colo.1981). *471 There, Judge Carrigan expounded two related doctrines, firstly that unsuccessful efforts at repair will in themselves serve to toll the statute of limitations and secondly the broader principle that repeated assurances by a seller to stand by its warranties will operate so as to create an estoppel, preventing the latter from relying upon the statute of limitations"<br><br>*Richard O'Brien Companies v. Challenge-Cook Bros.*, 672 F. Supp. 466, 470-71 (D. Colo. 1987) | The privity obstacle that was formerly a problem in warranty cases appears to be effectively eliminated *Hiigel v. Gen. Motors Corp.*, 190 Colo. 57, 67, 544 P.2d 983, 990-91 (1975) (dissenting opinion)<br><br>The only Colorado cases which have imposed the privity requirements were cases dealing with implied warranties of merchantability by builder-vendors of newly constructed buildings. *Bradford v. Bendix-Westinghouse Auto. Air Brake Co.*, 33 Colo. App. 99, 108, 517 P.2d 406, 411 (1973) | Colo. Rev. Stat. Ann. § 4-2-314 (West) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>Colo. Rev. Stat. Ann. § 4-2-714 (West) | |
| **CONNECTICUT** | 4 years<br><br>Conn.Gen.Stat. s 42a-2-725(1) | Repair and replacement clauses do not ipso facto toll the statute:<br><br>Consequently, they too have held that a promise to repair or replace, unless it contains express language to the contrary, is not a promise of future performance with respect to § 42a-2-725(2) ... Accordingly, we reject the plaintiffs' contention that the repair or replacement clause in the purchase agreement tolls the running of the statute of limitations under § 42a-2-725. *Heibeck v. Chrysler, LLC*, No. CV075006908, 2008 WL 4633696, at *4 (Conn. Super. Ct. Sept. 24, 2008) | Split of authority under UCC whether privity required for breach of warranty claims. *Quadrini v. Sikorsky Aircraft Div.*, 505 F. Supp. 1049, 1052 (D. Conn. 1981) (Under Connecticut law, employees of buyer of product were not precluded by lack of privity from maintaining contractual breach of warranty claims against manufacturer where, under the circumstances of the case, alternative remedies were not available to them.); *cf Ferguso nv. Sturn , Ruger & Co.*, 524 F.Supp. 1042, 1048 (D. Conn.1981)(requiri ng privity) | "[A] plaintiff must prove (1) that a merchant sold goods, (2) which were not "merchantable" at the time of sale, and (3) injury and damages to the plaintiff or his property (4) [were] caused approximately and in fact by the defective nature of the goods, and (5) [that] notice [was given] to the seller of injury."<br><br>*Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F. Supp. 164, 187 (D. Conn. 1984) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>§ 42a-2-714 | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| **DELAWARE** | 4 years from date of purchase<br><br>6 Del. C. § 2–725 | No-The "time of discovery rule," recognized in other contexts, has not been extended to warranty actions. *Elmer v. Tenneco S&R Associates, L.P. v. Shell Oil Co.*, 725 A.2d 431, 435 (Del. Super. 1998) | Privity required.<br><br>However, plaintiff was not a party to any contract with Gretz, and privity of contract is essential in order to recover for breach of warranty, as was decided in *Barni v. Kutner*, 1950, 6 Terry 550, 76 A.2d 801. The rule of the Barni case still appears to be the majority rule in other jurisdictions<br><br>*Behringer v. William Gretz Brewing Co.*, 53 Del. 365, 370, 169 A.2d 249, 252 (Del. Super. 1961) | Those elements were identified as: "(1) that a merchant sold the goods; (2) that such goods were not 'merchantable' at the time of the sale; (3) that the plaintiff was damaged; (4) that the damage was caused by the breach of warrant of merchantability; and (5) that the seller had notice of the damage<br><br>*Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted. 6 Del.C. § 2-714<br><br>Del. Code Ann. tit. 6, § 2-714 (West) | |
| **DISTRICT OF COLUMBIA** | 4 years from sale.<br><br>D.C. Code Ann. § 28:2-725 (West) | No discovery rule tolling.<br><br>Until the District of Columbia Court of Appeals rules otherwise, the discovery rule does not apply to determine when the statute of limitations begins to run for breach of warranty products liability claims. Rather, under the statutory provision, the statute of limitations accrues when tender of delivery of the warrantied product is made<br><br>*Long v. Sears Roebuck & Co.*, 877 F. Supp. 8, 14 (D.D.C. 1995) | Privity not required.<br><br>"Warranty liability for defectively manufactured products "should no longer be dependent upon any contractual relationship between the manufacturer and the ultimate consumer or user." *Payne v. Soft Sheen Products, Inc.*, 486 A.2d 712, 719 (D.C. 1985) | § 28:2-314.<br><br>D.C. Code Ann. § 28:2-314 (West) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>§ 28:2-714 | Manifestation of defect not necessary. *Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36 (D.D.C. 2009) (buyer of valves could recover for implied warranty of merchantability where valves had not actually failed yet, but several had broken). |
| **FLORIDA** | 4 years<br><br>*Tech. Packaging, Inc. v. UCB Films, Inc.*, No. 8:03-CV-714-T-30TBM, 2004 WL 5639769, at *3 (M.D. Fla. Dec. 21, 2004) | "Plaintiff's allegations amount to a claim of mere "nondisclosure" which, under Florida law, is legally insufficient to toll the statute of limitations. See id. at *17–18. Plaintiff cannot invoke the doctrine of fraudulent concealment or otherwise toll the applicable statute of limitations as to her claims."<br><br>*Speier-Roche v. Volksw Agen Grp. of Am. Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *7 (S.D. Fla. Apr. 30, 2014) | Privity required.<br><br>*David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009) (Florida law requires privity of contract to sustain a breach of implied warranty claim) *Mesa v. BMW of N. Am., LLC*, 904 So.2d 450, 458 (Fla.Dist.Ct.App.2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.") | West's F.S.A. § 672.314 | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>Fla. Stat. Ann. § 672.714 (West) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| **GEORGIA** | 4 years from date of sale O.C.G.A. § 11–2– 725(1), *Wal–Mart Stores, Inc. v. Wheeler*, 262 Ga.App. 607, 586 S.E.2d 83, 87–88 (2003) | No tolling based on discovery of defect.<br><br>*Everhart v. Rich's, Inc.*, 128 Ga.App. 319, 196 S.E.2d 475, 476 (1973) (statute of limitations began to run on implied-warranty claim when the goods were delivered, absent any explicit extension of the warranty to future performance).<br><br>"Therefore, all of Plaintiffs' implied-warranty claims are barred by the statute of limitations, providing an additional reason for the Court to dismiss those claims."<br><br>*McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1361-62 (N.D. Ga. 2013) | Privity required.<br><br>In Georgia, a warranty of merchantability "clearly arises out of a contract of sale of goods, [and] can only run to a buyer who is in privity of contract with the seller." *Chaffin v. Atlanta Coca Cola Bottling, Co.*, 127 Ga.App. 619, 194 S.E.2d 513, 515 (1972); see *Keaton v. A.B.C. Drug Co.*, 266 Ga. 385, 467 S.E.2d 558, 560–61 (1996) ("Georgia law establishes that in order to recover under a theory of breach of implied warranty of merchantability, a plaintiff must have privity with the seller.").<br><br>*Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1361 (N.D. Ga. 2005) | Implied warranty: merchantability; usage of trade<br><br>Ga. Code Ann. § 11-2-314 (West) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>Ga. Code Ann. § 11-2-714 (West) | |
| **HAWAII** | 4 years.<br><br>Hawaii Rev.Stat. § 490:2–725(1); *Holliday v. Bell Helicopters Textron, Inc.*, 747 F. Supp. 1396, 1398 (D. Haw. 1990) | Accrues when breach occurs, which is when tender of delivery is made.<br><br>Hawaii Rev. Stat. § 490:2-725 | Privity not required.<br><br>*Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1035 (D. Haw. 2006) | In a breach of implied warranty of merchantability claim, Plaintiff must show (1) the seller is a merchant of such goods, and (2) the product was defective or unfit for the ordinary purpose for which it is used. Hawai'i Revised Statute (HRS) § 490:2-314 (1993);<br><br>*Neilsen v. Am. Honda Motor Co.*, 92 Haw. 180, 190, 989 P.2d 264, 274 (Ct. App. 1999) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted. HRS § 490:2-714<br><br>Haw. Rev. Stat. Ann. § 490:2-714 (West) | |
| **IDAHO** | 4 years after the goods are delivered.<br><br>I.C. § 28-2-725(2);*Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 824, 979 P.2d 1174, 1182 (1999) | Accrues when breach occurs, which is when tender of delivery is made.<br><br>I.C. § 28-2-725 | Privity required.<br><br>"Privity of contract is required in a contract action to recover economic loss for breach of implied warranty, potentially unless the application of this rule would have the effect of unfairly prejudicing the plaintiff"<br><br>*Am. W. Enterprises, Inc. v. CNH, LLC*, 155 Idaho 746, 752, 316 P.3d 662, 668 (2013) | "In a warranty cause of action, the burden is on the plaintiff to show the existence of a particular warranty, that the warranty was breached, and that damage was proximately caused by the alleged breach."<br><br>*Dickerson v. Mountain View Equip. Co.*, 109 Idaho 711, 714, 710 P.2d 621, 624 (Ct. App. 1985) I.C. § 28-2-314<br><br>Idaho Code Ann. § 28-2-314 (West) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>I.C. § 28-2-714 | Implied warranties for economic loss sound in contract principles and not tort. Law of contracts, and not law of torts, should control actions for purely economic losses from breach of implied warranties, and breach of implied warranty actions for purely economic losses must be viewed in contract setting with relevant contract principles<br><br>*Adkison Corp. v. Am. Bldg. Co., 107 Idaho* 406, 690 |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | | | P.2d 341 (1984) |
| **ILLINOIS** | 4 years from date of sale<br><br>810 ILCS 5/2-725 | No tolling.<br><br>"A breach of an implied warranty is complete when a defective product is delivered, and the statute of limitations begins running at delivery, even if the buyer could not discover the defect until later." *Ridle v. Sprayrite Mfg. Co.*, 198 Ill.App.3d 597, 144 Ill.Dec. 753, 555 N.E.2d 1272, 1273 (1990) | Privity required. We view judicial intervention unnecessary in view of the legislative concern expressed by certain enactments in this field which we will discus *Szajna v. Gen. Motors Corp.*, 115 Ill. 2d 294, 311, 503 N.E.2d 760, 767 (1986) Under Illinois law, privity of contract is a prerequisite to recover economic damages for a breach of implied warranty. *See Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 116 Ill.Dec. 207, 518 N.E.2d 1028, 1029– 30 (1988).<br><br>*Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 539 (D. Md. 2011) | "To state a claim for breach of implied warranty of merchantability, "plaintiffs must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect."<br><br>*Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *4 (N.D. Ill. Apr. 4, 2003) | Difference in value between value at time of acceptance and what value would have been if goods were as warranted.<br><br>810 ILCS 5/2-714 | |
| **INDIANA** | 4 years from date of sale.<br><br>Ind. Code Ann. § 26-1-2-725 (West) | Fraudulent concealment tolls statute of limitations.<br><br>*Olcott Int'l & Co., Inc. v. Micro Data Base Sys.*, 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) | Not required.<br><br>Indiana law does not require vertical privity between a consumer and a manufacturer as a condition to a claim by the consumer for implied warranty of merchantability breach.<br><br>*Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947 (Ind. 2005) | Ind.Code § 26–1–2– 314(1) | "The remedy for breach of implied warranty of merchantability is in most cases, including this one, the difference between 'the value of the goods accepted and the value they would have had if they had been as warranted.' I.C. § 26–1–2– 714(2)."<br><br>*Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005) | |
| **IOWA** | 5 years from date of sale<br><br>"In Iowa, a five-year statute of limitations governs actions for breach of implied warranty. Iowa Code § 614.1(4)"<br><br>*Merriam v. Samuelson Farms, Inc.*, 780 N.W.2d 248 (Iowa Ct. App. 2010) | No. Discovery rule inapplicable to implied warranty actions.<br><br>*City of Carlisle v. Fetzer*, 381 N.W.2d 627, 629 (Iowa 1986) | Privity required for purely economic loss.<br><br>"In summary, we hold that a purchaser may not maintain a suit for breach of implied warranties by a remote manufacturer where the only damages sought are for consequential economic loss"<br><br>*Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) | I.C.A. § 554.2314<br><br>Iowa Code Ann. § 554.2314 (West) | Difference between "the value of the goods accepted and the value they would have had if they had been as warranted."<br><br>I.C.A. § 554.2714 | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| **KANSAS** | 4 years from date of tender.<br><br>Kan. Stat. Ann. § 84-2-725 (West) | Doctrine of equitable estoppel applies to statute of limitations applicable to sales contracts.<br><br>*Mem. Hosp. v. Carrier Corp.*, 844 F.Supp. 712, 718 (D. Kan. 1994) | Privity required where just economic loss.<br><br>"Kansas law is clear: the 'implied warranties of fitness and merchantability are not extended to a remote seller or manufacturer of an allegedly defective product, which is not inherently dangerous, for only economic loss suffered by a buyer who is not in contractual privity with the remote seller or manufacturer.'"<br><br>*Limestone Farms, Inc. v. Deere & Co.*, 29 Kan. App. 2d 609, 614, 29 P.3d 457, 461 (2001) (internal citation omitted) | "To demonstrate a breach of the implied warranty of merchantability, a plaintiff must show that the purchased goods were defective, that the defect was present when the goods left the seller's control, and that the defect caused the injury sustained by the plaintiff."<br><br>*Hodges v. Johnson,* 288 Kan. 56, 68, 199 P.3d 1251, 1261 (2009)<br><br>Kan. Stat. Ann. § 84-2-314 (West) | Kan. Stat. Ann. § 84-2-714 (West) | Manifestation of defect not required for class certification.<br><br>*Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600, 612 (D. Kan. 2014), appeal dismissed (Sept. 25, 2015) |
| **KENTUCKY** | 4 years from date of tender.<br><br>Ky. Rev. Stat. Ann. § 355.2-725 (West) | Accrues when breach occurs, which is when tender of delivery is made.<br><br>Ky. Rev. Stat. Ann. § 355.2-725. | Privity required.<br><br>"Asserting a claim based upon an implied warranty must establish that it enjoyed privity of contract with the defendant-seller against whom the implied warranty claim is asserted."<br><br>*Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. Ct. App. 2007) | Ky. Rev. Stat. Ann. § 355.2-314 (West) | Difference between value of goods received and value if as warranted.<br><br>Ky. Rev. Stat. Ann. § 355.2-714 (West) | |
| **LOUISIANA** | 4 years from date of sale, or one year from day defect discovered, whichever occurs first.<br><br>La. Civ. Code Ann. art. 2534 | Statute is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.<br><br>La. Civ. Code Ann. Art. 2534 | Not required.<br><br>"Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty"<br><br>*Media Prod. Consultants, Inc. v. Mercedes-Benz of N. Am., Inc.*, 262 La. 80, 90, (1972) | The thing sold must be reasonably fit for its ordinary use.<br><br>La. Civ. Code Ann. 2524. | Cost of repair to make product quality of what was warranted.<br><br>*Dixie Roofing Co. of Pineville v. Allen Par. Sch. Bd.*, 95-1526 (La. App. 3 Cir. 5/8/96), 690 So. 2d 49, 56 writ denied, 96-2084 (La. 11/8/96), 683 So. 2d 276 and writ denied, 96-2100 (La. 11/8/96), 683 So. 2d 277 | Manifestation of defect not required.<br><br>"declaration made by the seller that the object sold has some quality, which it does not possess, gives rise to an action in redhibition, if this quality was the principal motive for the buyer's purchase. This action lies even though such quality does not constitute a vice or defect."<br><br>*Dixie Roofing Co. of Pineville v. Allen Par. Sch. Bd.*, 95-1526 (La. App. 3 Cir. 5/8/96), 690 So. 2d 49, 54 writ denied, 96-2084 (La. 11/8/96), 683 So. 2d 276 and |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | | | writ denied, 96-2100 (La. 11/8/96), 683 So. 2d 277 |
| **MAINE** | 4 years from date of sale.<br><br>Me. Rev. Stat. tit. 11, § 2-725 | Accrues when breach occurs, regardless of knowledge. Breach occurs when tender of delivery is made.<br><br>11 M.R.S.A. § 2-725. | No authority found regarding privity. | Me. Rev. Stat. tit. 11, § 2-314 | Difference in value received and value of product as warranted.<br><br>11 M.R.S.A. § 2-714 | |
| **MARYLAND** | 4 years from date of sale.<br><br>Md. Code Ann., Com. Law § 2-725 (West) | Under Maryland law, the statute of limitations governing warranty claims is tolled if "a cause of action is kept from a party by the fraud of an adverse party." Md.Code Ann., Cts. & Jud. Proc. § 5–203<br><br>*Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 536 (D. Md. 2011) | Privity not required.<br><br>"(b) Any previous requirement of privity is abolished as between the buyer and the seller in any action brought by the buyer.<br><br>Md. Code Ann., Com. Law § 2-314 (West) | MD Code, Commercial Law, § 2-314 | Value of difference between accepted goods and as good would have been warranted.<br><br>Md. Code Ann., Com. Law § 2-714 (West) | |
| **MASSACHUSETTS** | 4 years from date of sale.<br><br>Mass. Gen. Laws Ann. ch. 106, § 2-725 (West) | Equitable estoppel applicable if prove "that the defendants made representations they knew or should have known would induce plaintiffs to put off bringing a suit and that the plaintiffs did in fact delay in reliance on the representations." *Coady v. Marvin Lumber & Cedar Co.*, 167 F.Supp.2d 166, 171 (D. Mass. 2001) | Privity not required for consumers, but remains required in commercial transactions.<br><br>We conclude that a buyer of consumer goods has the right to maintain an action for breach of the implied warranty of merchantability against the manufacturer of that product.<br><br>*Jacobs v. Yamaha Motor Corp., U.S.A.*, 420 Mass. 323, 331, 649 N.E.2d 758, 763 (1995)<br><br>*"Irish Venture, Inc. v. Fleetguard, Inc.*, 270 F.Supp.2d 84, 87 (D.Mass.2003) ("privity of contract is required in implied warranty claims regarding commercial transactions"); *W.R. Constr. & Consulting, Inc. v. Jeld–Wen, Inc.*, 2002 WL 31194870, at * 7 (D.Mass. Sept.20, 2002) (unpublished opinion) ("Thus, it appears a contract-based breach of warranty claim involving a commercial transaction still | M.G.L.A. 106 § 2-314 | Difference between value of goods accepted and value if warranted.<br><br>Mass. Gen. Laws Ann. ch. 106, § 2-714 (West) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | requires privity of contract.")." *Cruickshank v. Clean Seas Co.*, *346 B.R.* 571, 580-81 (D. Mass. 2006) | | | |
| **MICHIGAN** | 4 years from sale. Mich. Comp. Laws Ann. § 440.2725 (West) | No tolling absent explicit warranty. M.C.L. section 440.2725(2) makes clear that in order for the statute of limitations to toll only when the breach was or should have been discovered, there must have been an explicit warranty. *Gernhardt v. Winnebago Indus.*, 2006 WL 334242, at *4 (E.D. Mich. Feb. 13, 2006) | Privity required. "As to the privity requirement, this Court stands with the numerous other judges in the Eastern and Western Districts of Michigan that have exhaustively examined Michigan law and have predicted that the Michigan Supreme Court would require that a consumer be in privity of contract with a remote manufacturer to state a breach of implied warranty claim seeking purely economic damages under § 440.2314" *Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 315, 322 (E.D. Mich. 2005) *aff'd sub nom.* *Harnden v. Jayco, Inc.*, 496 F.3d 579 (6th Cir. 2007) | Mich. Comp. Laws Ann. § 440.2314 (West) | Difference between value of goods accepted and value if warranted. Mich. Comp. Laws Ann. § 440.2714 (West) | |
| **MINNESOTA** | 4 years from date of purchase. M.S.A. § 336.2-725 | "Under Minnesota law, to prevail on claim that fraudulent concealment tolls statute of limitations on contract claim under Uniform Commercial Code (UCC), plaintiff must show that defendant fraudulently concealed the very existence of facts that establish the cause of action and that plaintiff was actually unaware of these facts. M.S.A. § 336.2–725(1)." *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873 (8th Cir. 2000) | Not necessarily. "Those who purchase, use, or otherwise acquire warranted goods have standing to sue for purely economic losses. Those who lack any such connection to the warranted goods must demonstrate physical injury or property damage before economic losses are recoverable." *Minnesota Min. & Mfg. Co. v. Nishika Ltd.*, 565 N.W.2d 16, 21 (Minn. 1997) | Minn. Stat. Ann. § 336.2-314 (West) | Difference between value of goods accepted and value if warranted. Minn. Stat. Ann. § 336.2-714 (West) | |
| **MISSISSIPPI** | 6 years from date of sale. Miss. Code. Ann. § 75-2-725 (West) | Accrues when breach occurs, regardless of lack of knowledge of breach. Breach occurs when tender of delivery is made. Miss. Code | Privity not required. "In all causes of action for personal injury or property damage or economic loss brought on account of | Miss. Code. Ann. § 75-2-314 (West) | Difference between value of goods accepted and value if warranted. Miss. Code. Ann. § 75-2-714 (West) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | Ann. § 75-2-725. | negligence, strict liability or breach of warranty, including actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain said action." Miss. Code. Ann. § 11-7-20 (West) | | | |
| **MISSOURI** | 4 years Mo. Ann. Stat. § 400.2-725 (West) | *Owen v. Gen. Motors Corp.*, i2006 WL 2808632, at *6-7 (W.D. Mo. Sept. 28, 2006) (no equitable tolling based on equitable principles due to manufacturer having greater knowledge of defect or lack of discovery of defect during the warranty period). | Privity not required. "Under Missouri law, a remote purchaser may bring suit against the manufacturer for breach of implied warranties." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 129 (Mo. 2010) | Mo. Ann. Stat. § 400.2-314 (West) | "In cases involving a breach of implied warranty, the general measure of damages is the lower of the cost of repair or diminution in value unless the facts require a different standard. *Schulze v. C & H Builders*, 761 S.W.2d 219, 223 (Mo.App.1988)." *Plunk v. Hedrick Concrete Products Corp.*, 870 S.W.2d 942, 944 (Mo. Ct. App. 1994) V.A.M.S. 400.2-714 Mo. Ann. Stat. § 400.2-714 (West) | |
| **MONTANA** | (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.(3) Where an action commenced within the | Equitable tolling permitted. *See In re MSR Exploration, Ltd.*, 147 B.R. 560, 568 (D. Mont. Br. 1992) | Privity not required. Most courts now follow the rule set forth in *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69, which holds the remote manufacturer liable for implied warranties.The evidence supports the district court's findings that such implied warranties did exist and they were breached. *Whitaker v. Farmhand, Inc.*, 173 Mont. 345, 353, 567 P.2d 916, 920 (1977) | 1) Unless excluded or modified (30-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as:(a) pass without objection in the trade under the contract description; and(b) in the case of fungible goods, are of fair average quality within the description; and(c) are fit for the ordinary purposes for which such goods are used; and(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within | (1) Where the buyer has accepted goods and given notification (subsection (3) of 30-2-607) the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under the next section may | |

# 50-STATE SURVEY OF LAWS REGARDING BREACH OF IMPLIED WARRANTY

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within 6 months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this code becomes effective.<br><br>Mont. Code Ann. § 30-2-725 (West) | | | each unit and among all units involved; and(e) are adequately contained, packaged, and labeled as the agreement may require; and(f) conform to the promises or affirmations of fact made on the container or label if any.(3) Unless excluded or modified (30-2-316) other implied warranties may arise from course of dealing or usage of trade.<br><br>Mont. Code Ann. § 30-2-314 (West) | also be recovered.<br><br>Mont. Code Ann. § 30-2-714 (West) | |
| **NEBRASKA** | 4 years from date of delivery.<br><br>Neb.Rev.St.U.C.C. § 2-725(1).<br><br>*Controlled Environments Const., Inc. v. Key Indus. Refrigeration Co.,* 266 Neb. 927, 934 (2003)<br><br>"We hold that under current Nebraska law a breach of warranty claim, alleging only economic loss, is governed solely by the UCC statute of limitations found in § 2–725."<br><br>*Gillette Dairy, Inc. v. Mallard Mfg. Corp.,* 707 F.2d 351, 354 (8th Cir. 1983) | In their Complaint, Plaintiffs alleged facts to support the claim that Defendants committed acts of fraudulent concealment which, if accepted as true, would result in an equitable tolling of the applicable statute of limitations.<br><br>*In re Saturn L-Series Timing Chain Products Liab. Litig.,* No. 8:07CV298, 2008 WL 4866604, at *5 (D. Neb. Nov. 7, 2008) | Not required.<br><br>"An implied warranty of merchantability that protects the ultimate buyer-user in that chain. Neb.Rev.St.U.C.C. §§ 2–314"<br><br>*Peterson v. N. Am. Plant Breeders,* 218 Neb. 258 (1984) | (1) Unless excluded or modified (section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as(a) pass without objection in the trade under the contract description; and(b) in the case of fungible goods, are of fair average quality within the description; and(c) are fit for the ordinary purposes for which such goods are used; and(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and(e) are adequately contained, packaged, and labeled as the agreement may require; and(f) conform to the promises or affirmations of fact | (1) Where the buyer has accepted goods and given notification (subsection (3) of section 2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under the next section may also be recovered.<br><br>Neb. Rev. Stat. Ann. § UCC § 2-714 (West) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | made on the container or label if any.(3) Unless excluded or modified (section 2-316) other implied warranties may arise from course of dealing or usage of trade.<br><br>Neb. Rev. Stat. Ann. § UCC § 2-314 (West) | | |
| **NEVADA** | 4 years from date of sale.<br><br>Nev. Rev. Stat. Ann. § 104.2725 (West) | "The Nevada Supreme Court has adopted the 'discovery rule,' holding that the statute of limitations in a breach of warranty claim begins to toll when a plaintiff knows or reasonably should know of the breach." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1028 (Nev.1997)<br><br>*Herrera v. Toyota Motor Sales, U.S.A.*, 2010 WL 3385336, at *1 (D. Nev. Aug. 23, 2010) | Privity required.<br><br>"*In Amundsen v. Ohio Brass Co.*, the Nevada Supreme Court indicated that a claim for breach of implied warranty cannot be maintained in the absence of privity"<br><br>*Gillson v. City of Sparks*, 2007 WL 839252, at *5 (D. Nev. Mar. 19, 2007) | 1. Where the buyer has accepted goods and given notification (subsection 3 of NRS 104.2607) the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.2. The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.3. In a proper case any incidental and consequential damages under the next section may also be recovered.<br><br>Nev. Rev. Stat. Ann. § 104.2714 (West) | 1. Where the buyer has accepted goods and given notification (subsection 3 of NRS 104.2607) the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable. 2. The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.3. In a proper case any incidental and consequential damages under the next section may also be recovered.<br><br>Nev. Rev. Stat. Ann. § 104.2714 (West) | |
| **NEW HAMPSHIRE** | 4 years from date of sale for breach of warranty, express or implied. N.H. Rev. Stat. Ann. § 382-A:2-725. | Equitable tolling may be applicable, but mere promises to repair or replace after delivery, or assurances of performance, do not themselves support equitable tolling. *In re Dynaco Corp.*, 200 B.R. 750, 759 (D.N.H. Br. 1996) | Not required. *Dalton v. Stanley Solar & Stove, Inc.*, 629 A.2d 794, 797 (N.H. 1993) | (1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as(a) pass without | (1) Where the buyer has accepted goods and given notification (subsection (3) of Section 2-607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | objection in the trade under the contract description; and(b) in the case of fungible goods, are of fair average quality within the description; and(c) are fit for the ordinary purposes for which such goods are used; and(d) run, within the variations permitted by the agreement, of even kind, quality and quantity with each unit and among all units involved; and(e) are adequately contained, packaged, and labeled as the agreement may require; and(f) conform to the promises or affirmations of fact made on the container or label if any.(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade<br><br>N.H. Rev. Stat. Ann. § 382-A:2-314 | acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under the next section may also be recovered.<br><br>N.H. Rev. Stat. Ann. § 382-A:2-714 | |
| **NEW JERSEY** | 4 years for property damages on warranty theory.<br><br>N.J. Sta. Ann. § 2A:14-1; N.J. Stat. Ann. § 12A:2-725. | Fraudulent concealment tolls statute of limitations.<br><br>*Foottown v. Sigma Mktg. Sys., Inc.*, 518 F. Supp. 485, 488 (D.N.J. 1980) | "New Jersey does not require privity between a plaintiff and defendant for such claims. Spring Motors Dist., Inc. v. Ford Motor Company, 98 N.J. 555, 561, 489 A.2d 660 (1985)"<br><br>*Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 454 (D.N.J. 2012) | New Jersey has adopted the Uniform Commercial Code ("UCC") which provides, in pertinent part, "that for goods to be merchantable they must at least": "(a) pass without objection in the trade under the contract description; ... (c) [be] fit for the ordinary purposes for which such goods are used; and ... (f) conform to the promises or affirmations of fact made on the container or label if any." N.J. Stat. Ann. § 12A:2–314<br><br>*Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 454 (D.N.J. 2012) | (1) Where the buyer has accepted goods and given notification (subsection (3) of 12A:2-607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under the next section may also be recovered. | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | | N.J. Stat. Ann. § 12A:2-714 (West) | |
| **NEW MEXICO** | 4 years from tender of delivery of goods for breach of warranty.<br><br>NMSA 1978, § 55-2-725(1). | Cause of action accrues when the breach occurs, regardless of the party's lack of knowledge of the breach.<br><br>NMSA § 55-2-725(2). | Not required.<br><br>*Perfetti v. McGhan Med.*, 662 P.2d 646, 655 (N.M. Ct. App. 1983) | (1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as:(a) pass without objection in the trade under the contract description; and(b) in the case of fungible goods, are of fair average quality within the description; and(c) are fit for the ordinary purposes for which such goods are used; and(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and(e) are adequately contained, packaged and labeled as the agreement may require; and(f) conform to the promises or affirmations of fact made on the container or label if any.(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.<br><br>N.M. Stat. Ann. § 55-2-314 (West) | "The UCC also establishes the remedies available under a cause of action for breach of warranty. 'For breach of warranty the buyer may recover direct, incidental, and consequential damages.'"<br><br>*Badilla v. Wal-Mart Stores E. Inc.*, 2015-NMSC-029, 357 P.3d 936, 941 (internal citation omitted) | |
| **NEW YORK** | 4 years for claim based on breach of warranty. N.Y. UCC § 2-725.<br><br>Any claim sounding in breach of contract arising out of the contract of sale and/or breach of express or implied warranty accrued on the date of delivery of the Motor Home— | As the foregoing language makes clear, the statute of limitations begins to run "on tender of delivery." Accrual is extended to the time of discovery of the breach only in cases of explicit extension of the warranty at issue to future performance. Additionally, knowledge of a | Privity required: there is no implied warranty of merchantability to a remote purchaser not in privity with the manufacturer, who has sustained no personal injury but only economic loss *Hole v. Gen. Motors Corp.*, 83 A.D.2d 715 (N.Y. App. Div. 1981) | "The implied warranty of merchantability provides that goods will be fit for the ordinary purposes for which they are used (see, UCC 2–314[2][c]; *Gordon v. Ford Motor Co.*, 260 A.D.2d 164, 165, 687 N.Y.S.2d 369; *Butler v. Interlake Corp.*, 244 A.D.2d | If privity exists, direct and consequential damages resulting from product's failure can be recovered.<br><br>*All-O-Matic Indus., Inc. v. Southern Specialty Paper Co., Inc.* 49 A.D. 2d 935 (2d. Dept. 1975) | Manifestation of defect required.<br><br>*Feinstein v. Firestone Tire & Rubber Co.*, 535 F.Supp. 595, 603 (S.D.N.Y.1982) (holding that there is no cause of action for a latent defect which never manifests itself); *Weaver v. Chrysler Corp.*, |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | November 18, 2005" *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 531 (E.D.N.Y. 2012) | defect has no effect whatever on the running of the statute. *Statler v. Dell, Inc.*, 775 F.Supp.2d 474, 481 (E.D.N.Y.2011)" *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 531 (E.D.N.Y. 2012) | | 913, 915, 665 N.Y.S.2d 192)" *Episcopal Church Home of W. New York, Inc. v. Bulb Man, Inc.*, 274 A.D.2d 961, 961, 710 N.Y.S.2d 503, 504 (2000) | | 172 F.R.D. 96, 99 (S.D.N.Y.1997) (stating that it "is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own") |
| **NORTH CAROLINA** | 4 years for contract or breach of warranty actions based on the sale of goods, in which damages are to the product itself. N.C. Gen. Stat. § 25-2-725(1). | "Outside the exceptions created by G.S. Chapter 99B, the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss. See *Holland v. Edgerton*, 85 N.C.App. 567, 355 S.E.2d 514 (1987)" *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C. App. 428, 432, 396 S.E.2d 815, 818 (1990) | In this jurisdiction, in order for a consumer to sue for breach of warranty there must be privity of contract between the plaintiff and the defendant. Generally, therefore, consumers have no cause of action against a manufacturer of a product *Lyon v. Shelter Res. Corp.*, 40 N.C. App. 557, 560, 253 S.E.2d 277, 280 (1979) | Implied in contract for sale if seller is a merchant with respect to goods of that kind. Goods must: a) pass without objection in the trade; b) in the case of fungible goods, are of fair average quality; c) are fit for the ordinary purposes for which such goods are used; d) run, within the variation permitted by the agreement, of even kind, quality, and quantity; e) are adequately contained, packaged, and labeled; and f) conform to the promises or affirmations of fact made on the container or label N.C.G.S.A. § 25-2-314. | (1) Where the buyer has accepted goods and given notification (subsection (3) of G.S. 25-2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under the next section [§ 25-2-715] may also be recovered. N.C. Gen. Stat. Ann. § 25-2-714 | |
| **NORTH DAKOTA** | 4 years from date of tender. "Breach of warranty claims under the Uniform Commercial Code "must be commenced within four years after the cause of action has accrued." SDCL 57A–2–725(1). Under § 2–725(2) of | "Under South Dakota law, a defendant may be equitably estopped from raising the statute of limitations as a defense to a warranty claim. See *L.R. Foy Constr. v. S.D. State Cement Plant*, 399 N.W.2d 340, 343–46 (S.D.1987). In order to meet | Privity required. "It was decided in federal court on the basis of South Dakota law that "lack of privity is no defense in South Dakota in a breach of implied warranty action by a remote buyer against a manufacturer even | (1) Unless excluded or modified (§ 57A-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be | Where the buyer has accepted goods and given notification (subsection (3) of § 57A-2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | the Uniform Commercial Code, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." SDCL 57A– 2–725(2). Under the circumstances of this case, the alleged breach of warranty occurred when tender of delivery was made." *Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F. Supp. 2d 1164, 1171 (D.S.D. 2000) | the elements of equitable estoppel, plaintiff must show: (1) that defendant made a false representation or concealment of fact; (2) that plaintiff was without knowledge of the real facts; (3) that defendant made the representation or concealment with the intention that it should be acted upon; and (4) that plaintiff relied upon the misrepresentation or concealment to its prejudice or injury. Id. at 344 (citation omitted)" *Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F. Supp. 2d 1164, 1171 (D.S.D. 2000) | though the buyer seeks only the recovery of damages for economic losses." *Horizons, Inc. v. Avco Corp.*, 551 F.Supp. 771, 777-78 (W.D.S.D.1982), modified on other grounds, 714 F.2d 862 (8th Cir.1983)." *Cundy v. Int'l Trencher Serv., Inc.*, 358 N.W.2d 233, 240 (S.D. 1984) | consumed either on the premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as(a) Pass without objection in the trade under the contract description; and(b) In the case of fungible goods, are of fair average quality within the description; and(c) Are fit for the ordinary purposes for which such goods are used; and(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and(e) Are adequately contained, packaged, and labeled as the agreement may require; and(f) Conform to the promises or affirmations of fact made on the container or label if any.(3) Unless excluded or modified (§ 57A-2-316) other implied warranties may arise from course of dealing or usage of trade. S.D. Codified Laws § 57A-2-314 | in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a proper case any incidental and consequential damages under § 57A-2-715 may also be recovered. S.D. Codified Laws § 57A-2-714 | |
| **OHIO** | 4 years from date of sale. R.C. § 1302.98 | There is no tolling based on discovery of the breach. R.C. § 1302.98(b). | Privity required: *Curl v. Volkswagon of Am., Inc.*, 114 Ohio St.3d 266, 871 N.E.2d 1141, 1147– 48 (2007) ("In Ohio, damages are recoverable for breach of implied warranties only if there is privity of contract between the parties.") | "This court has previously found that an action for breach of implied warranty in tort requires the following elements: 1) the existence of a defect; 2) the defect was present at the time the product left the hands of the manufacturer; and 3) the plaintiff's injury was directly and proximately caused by the defect" *Johnson v. Monsanto Co.*, 2002-Ohio-4613, ¶ 26 | Economic loss only. *Diversified Capping Equip., Inc. v. Clinton Pattern Works, Inc.*, 2002 WL 537998, at *5 (Ohio Ct. App. Apr. 12, 2002) | |
| **OKLAHOMA** | 5 years for breach of warranty under UCC. Okla. Stat. tit. 12A, § 2-725. | Accrues from time of delivery, not time of discovery of defect. 12A Okla. St. Ann. § 2-725 | Not required. *Old Albany Estates, Ltd. v. Highland Carpet Mills, Inc.*, 604 P.2d 849, 852 (Okla. | Implied in contract for sale if seller is a merchant with respect to goods of the kind. Must: a) | Difference at time and place of acceptance between value of goods accepted and value they would have had if they had been as warranted. | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | 1979) | ass without objection in the trade;<br><br>b)<br>n the case of fungible goods, are of fair average quality;<br><br>c)<br>re fit for the ordinary purpose for which such goods are used;<br><br>d)<br>un, within the variation permitted by the agreement, of even kind, quality, and quantity;<br><br>e)<br>re adequately contained, packaged, and labeled; and f) onform to the promises or affirmations of fact made on the container or label.<br><br>12A Okla. St. Ann. § 2-314 | 12A Okla. St. Ann. § 2-714 | |
| **OREGON** | 4 years.<br>Or. Rev. Stat. Ann. § 72.7250 | Breach occurs when tender of delivery is made.<br>Or. Rev. Stat. Ann. § 72.7250 | Privity is required.<br>*Hupp Corp. v. Metered Washer Serv.,* 472 P.2d 816, 817 (Or. 1970) | Implied in contract for sale if seller is a merchant with respect to goods of the kind. Goods to be merchantable must:<br><br>(a)  Pass without objection in the trade;<br><br>(b)  In the case of fungible goods, are of fair average quality within the description;<br><br>(c)  Are fit for the ordinary purposes for which such goods are used;<br><br>(d)  Run, within the variations permitted by the agreement, of even kind, quality and quantity;<br><br>(e)  Are adequately contained, packaged and labeled as the agreement may require; and | Economic loss.<br>*Hupp Corp. v. Metered Washer Serv.*, 472 P.2d 816, 817 (Or. 1970) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | (f) Conform to the promises or affirmations of fact made on the container or label.<br><br>Or. Rev. Stat. Ann. § 72.3140. | | |
| **PENNSYLVANIA** | 4 years from date of sale.<br><br>13 Pa. Cons.Stat. § 2725 | There is no tolling based on discovery of the breach.<br><br>*Rufo v. Bastian–Blessing Co.*, 417 Pa. 107, 207 A.2d 823, 825–26 (1965) (the statute of limitations for breaches of the implied warranties began to run on the date of tender of the goods even though the defect was not discovered until one year after tender). | Privity not required:<br><br>"Supreme Court has long held that, for breach of the implied warranty of merchantability, anyone injured by the defective product may sue, and anyone in the distributive chain may be sued."<br><br>*Williams v. West Penn Power Co.*, 502 Pa. 557, 467 A.2d 811 (1983) | To establish a breach of either warranty, plaintiffs must show that the equipment they purchased from defendant was defective.<br><br>*Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1104–05 (3d Cir.1992) | Economic loss – difference at time of acceptance between value of goods as accepted and value would have had if had been as warranted.<br><br>*Price v. Chevrolet Motor Div. of Gen. Motors Corp.*, 765 A.2d 800, 810 (Pa. Superior 2000) | |
| **RHODE ISLAND** | 4 years.<br><br>Gen. Laws of Rhode Island Ann., § 6A-2-725 | A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.<br><br>Gen. Laws of Rhode Island Ann., § 6A-2-725. | Privity required. *Lombardi v. Ca. Packing Sales Co.*, 112 A.2d 701, 702 (R.I. 1955) | (1) That a merchant sold goods;<br><br>(2) Which were not 'merchantab le' at the time of sale<br><br>(3) Injury and damages to the plaintiff or his property<br><br>(4) Caused proximately and in fact by the defective nature of the goods and<br><br>(5) Notice to seller of injury<br><br>*Elec. Terminal Corp. v. Cessna Aircraft*, 520 A.2d 144, 146 (R.I. 1987) | Economic loss.<br><br>*See Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 654 (R.I. 2002) | Plaintiff is required to present proof of defect.<br><br>*Gray v. Derderian*, 365 F.Supp.2d 218, 239 (D.R.I. 2005) |
| **SOUTH CAROLINA** | 6 years.<br><br>Code of Laws of South Carolina 1976 Ann. § 36-2-725. | Cause of action accrues when breach is or should have been discovered.<br><br>Code of Laws of South Carolina 1976 Ann. § 36-2-725. | Not required.<br><br>*McHugh v. Carlton*, 369 F.Supp. 1271, 1274 (D.S.C. 1974) | "To recover for breach of the implied warranty of merchantability, a plaintiff must prove (1) a merchant sold goods; (2) the goods were not 'merchantable' at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amount to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller." *Brown v. Goodman Mfg. Co., L.P.*, 2015 | Economic loss.<br><br>*See Hitachi Elec. Devices (USA), Inc. v. Platinum Techs., Inc.*, 621 S.E.2d 38, 40 (S.C. 2005) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | WL 1006319, at *5 (D.S.D. Mar. 5, 2015) | | |
| **SOUTH DAKOTA** | 4 years.<br><br>S.D. Codified Laws § 57A-2-725. | Permitted if there is equitable estoppel, such that representations and concealments were made regarding the defect.<br><br>*Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F.Supp.2d 1164, 1171 (D.S.D. 2000) | Yes.<br><br>*Jandreau v. Sheesley Plumbling & Heating Co.*, 324 N.W.2d 266, 272 (S.D. 1982); *Diamond Surface, Inc. v. State Cement Plant Com'n*, 583 N.W.2d 155, 163-65 (S.D. 1998) | Implied in contract for sale if seller is a merchant re goods of that kind.<br><br>Merchantable goods:<br><br>a) Pass without objection in the trade under the contract description;<br><br>b) In the case of fungible goods, are of fair average quality within the description;<br><br>c) Are fit for the ordinary purposes for which such goods are used;<br><br>d) Run, within the variations permitted by agreement, of even kind, quality, and quantity;<br><br>e) Are adequately contained, packaged, and labeled; and f)Conform to the promises of fact made on the container or label if any.<br><br>S.D. Codified Laws § 57A-2-314 | Economic loss.<br><br>*Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F.Supp.2d 1164, 1166 (D.S.D. 2000) | |
| **TENNESSEE** | Four years.<br><br>Tenn. Code Ann. § 47-2-725 | No. Claim accrues "when tender of delivery is made" regardless of the lack of knowledge of the breach.<br><br>*Elec. Power Bd. Of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1376 (6th Cir. 1989) | Yes.<br><br>*Leach v. Wiles*, 429 S.W.2d 823, 830-31 (Tenn. Ct. App. 1968) | Implied in contract for sale if seller is a merchant with respect to goods of the kind. Merchantable goods:<br><br>a) Pass without objection in the trade under the contract description;<br><br>b) In the case of fungible goods, are of fair average quality within the | Personal injury and injuries to property.<br><br>*Layman v. Keller Ladders, Inc.*, 455 S.W.2d 594, 596 (Tenn. 1970) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | description; | | |
| | | | | c) Are fit for the ordinary purpose for which goods are used; | | |
| | | | | d) Run, within the variations permitted by the agreement, of even kind, quality, and quantity; | | |
| | | | | e) Are adequately contained, packaged, and labeled; and f)Conform to the promises or affirmations of fact made on the container or label | | |
| | | | | Tenn. Code Annotated § 47-2-314. | | |
| | | | | Purchaser must show that the goods did not measure up to the requirements of the warranty at the time they were delivered. *Dan Stern Homes, Inc. v. Designer Floors & Homes, Inc.*, 2009 WL 1910955 at *4 (Tenn. Ct. App. June 30, 2009); *Hollingsworth v. Queen's Carpet, Inc.*, 827 S.W.2d 306 (Tenn. Ct. App. 1991) | | |
| **TEXAS** | Four years after delivery of the goods to the original buyer. Tex. Bus. & Com. Code Ann. § 2.725(b). | Statute runs from the time of delivery. *Morris v. Cessna Aircraft Co.*, 833 F.Supp.2d 622, 643 (N.D. Tex. 2011) | No privity required. *Nobility Homes of Texas, Inc. v. Shivers*, 539 S.W.2d 190 (Tex. Civ. App. 1976) | Implied in contract for sale. Goods must: a) Pass without objection in the trade; b) In the case of fungible goods, be of fair average quality within the description c) Fit for ordinary purpose in which goods are used | Economic loss. *Nobility Homes of Texas, Inc. v. Shivers*, 539 S.W.2d 190 (Tex. Civ. App. 1976); *Signal Oil & Gas Co. v. Univ. Oil Prods.*, 572 S.W.2d 320, 327-28 (Tex. 1978) | Plaintiff must demonstrate a defect in the "condition of the goods that renders them unfit for the ordinary purposes for which they are used." Manifestation of defect must occur at time left manufacturer's or seller's possession. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F.Supp.2d 805, 817, 837 (S.D. Tex. 2013) |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | d) Run, within variations permitted by the agreement, of even kind, quality, and quantity; | | |
| | | | | e) Be adequately contained, packaged, and labeled; and | | |
| | | | | f) Conform to the promises or affirmations of fact made on the container or label if any. | | |
| | | | | Tex. Bus. & Com. Code Ann. § 2.314 | | |
| | | | | Elements: | | |
| | | | | (1) Merchant sold the goods to the plaintiff; | | |
| | | | | (2) Goods were unmerchantabl e, i.e., unfit for ordinary purpose; | | |
| | | | | (3) Plaintiff notified the defendant of the breach; | | |
| | | | | (4) Plaintiff suffered injury. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F.Sup.2d 805, 816 (S.D. Tex. 2013) | | |
| **UTAH** | 4 years from sale.<br><br>The U.C.C. limitations period for breach of contract and warranty cases is four years from the date of the breach of contract or four years from the tender of delivery for a breach of warranty. § 2-725. That section provides in relevant part:(l) An action for breach of any contract for sale must be commenced within four | No. Breach occurs "when tender of delivery is made."<br><br>*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794P.2dll, 17 (Utah 1990) | Privity required.<br><br>*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794P.2dll, 18 (Utah 1990) | Implied in the sale if the seller is a merchant. Goods must:<br><br>a) Pass without objection in the trade under the contract description;<br><br>b) In the case of fungible goods, are of fair average quality;<br><br>c) Are fit for the | Utah § 70A-2-725 (UCC § 2-725) only applies to actions in which economic or breach of contract damages are sought. *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794P.2dll, 17 (Utah 1990)<br><br>Economic damages only. *W.R.H., Inc. v. Economy Builders Supply,*633 P.2d 42 (Utah 1981) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.<br><br>*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.* (Utah 1990) 794 P.2d 11, 14 | | | ordinary purposes;<br><br>d) Run, within the variations permitted by the agreement, of even kind, quality, and quantity;<br><br>e) Are adequately contained, packaged, and labeled; and<br><br>f) Conform to the promises or affirmations of fact made by the container or label<br><br>Utah § 70A-2-314 | | |
| **VERMONT** | 4 years from delivery.<br><br>The plaintiffs' cause of action, falling squarely within the scope of the Uniform Commercial Code, is governed by its four year statute of limitations. The plaintiffs' claim is for the breach of a contract for the sale of cattle and for the breach of express and implied warranties which emanate from those contracts. It is the classic type of commercial transaction which was envisioned by the Legislature when it adopted Article 2 of the Uniform Commercial Code. There is a privity of contract. The contract involved a bonded cattle dealer and a dairy farmer, both "merchants" within the meaning of 9A V.S.A. s 2-104(1). Under 9A V.S.A. ss 2-714 and 2-715, the types of damages sought by the plaintiffs, with the | Runs from date of tender of delivery.<br><br>9A Vermont Stat. Ann. § 2-725; *Gus' Catering, Inc. v. Menusoft Sys.*, 762 A.2d 804, 806-07 (Vt. 2000) | Privity required.<br><br>Our case law plainly contemplates the existence of contractual privity before a breach of implied warranty claim can be raised.<br><br>*Long Trail House Condo. Ass'n v. Engelberth* Const., Inc. (2012) 192 Vt. 322, 336 [59 A.3d 752, 761] | (1) Unless excluded or modified (§ 2- 316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.<br><br>(2) Goods to be merchantable must be at least such as:<br><br>(a) pass without objection in the trade under the contract description; and<br><br>(b) in the case of fungible goods, are of fair average quality within the description; and<br><br>(c) are fit for the ordinary purposes for which such goods are used; and<br><br>(d) run, within the variations | (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.(2) Consequential damages resulting from the seller's breach include:(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and(b) injury to person or property proximately resulting from any breach of warranty. | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | exception of punitive damages, are all potentially recoverable for such a breach of contract. *Aube v. O'Brien* (1981) 140 Vt. 1, 4 [433 A.2d 298, 300] | | | permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and<br><br>(e) are adequately contained, packaged, and labeled as the agreement may require; and<br><br>(f) conform to the promises or affirmations of fact made on the container or label if any.<br><br>(3) Unless excluded or modified (§ 2-316) other implied warranties may arise from course of dealing or usage of trade.<br><br>Vt. Stat. Ann. tit. 9A, § 2-314 | Vt. Stat. Ann. tit. 9A, § 2-715 (West) | |
| **VIRGINIA** | Four Years from the time of delivery.<br><br>The Court finds that a four-year statute of limitations governs such claims grounded upon implied warranties, Va.Code Ann. § 8.2-725 (1991), and that the causes of action at bar accrued upon tender of delivery, which occurred, at latest, upon completion of the town-homes.<br><br>*Winchester Homes, Inc. v. Hoover Univ., Inc.* (Va. Cir. Ct. 1992) 27 Va. Cir. 62 | Equitable estoppel can be used to toll statute of limitations.<br><br>*City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217-28 (4th Cir. 1977) | No privity required.<br><br>Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods; however, this section shall not be construed to affect any litigation pending on June twenty-nine, nineteen hundred sixty-two. (Code 1950 (Suppl.), s 8-654.3; 1962, c. 476; 1964, c. 219.)<br><br>*W. J. Rapp Co., Inc. v. Whitlock Equipment Corp.* (1981) 222 Va. 80, 85 [279 S.E.2d 133, 135] | (1) Unless excluded or modified (§ 8.2- 316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.<br><br>(2) Goods to be merchantable must be at least such as<br><br>(a) pass without objection in the trade under the contract description; and<br><br>(b) in the case of fungible goods, are of fair average quality within the description; and<br><br>(c) are fit for the ordinary purposes for which such goods are used; and<br><br>(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and<br><br>(e) are adequately contained, packaged, and labeled as the | (1) Where the buyer has accepted goods and given notification (subsection (3) of § 8.2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.<br><br>(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.<br><br>(3) In a proper case any incidental and consequential damages under the next section [§ 8.2-715] may also be recovered.<br><br>Va. Code Ann. § 8.2-714 (West) | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | agreement may require; and<br><br>(f)  conform to the promises or affirmations of fact made on the container or label if any.<br><br>(3)  Unless excluded or modified (§ 8.2-316) other implied warranties may arise from course of dealing or usage of trade.<br><br>Va. Code Ann. § 8.2-314 (West) | | |
| **WASHINGTON** | 4 years from delivery<br><br>"In other words, the statute of limitations period normally starts upon delivery of the goods. *Holbrook, Inc. v. Link-Belt Constr. Equip. Co.*, 103 Wash.App. 279, 284, 12 P.3d 638 (2000)"<br><br>*Kittitas Reclamation Dist. v. Spider Staging Corp.*, 107 Wash. App. 468, 472, 27 P.3d 645, 647 (2001) | "At common law, fraudulent concealment of a cause of action tolls the statute of limitations. *McMaster v. Farmer*, 76 Wash.App. 464, 469, 886 P.2d 240 (1994), overruled on other grounds by, *Freitag v. McGhie*, 133 Wash.2d 816, 947 P.2d 1186 (1997). In order to establish fraudulent concealment, the plaintiff must show that he or she was ignorant of the defect and the plaintiff must further show that the defendant engaged in some conduct of an affirmative nature designed to prevent the plaintiff from becoming aware of the defect. *Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 237 (8th Cir.1996), aff'd, 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997)"<br><br>*Giraud v. Quincy Farm & Chem.*, 102 Wash. App. 443, 452, 6 P.3d 104, 110 (2000) | Privity required.<br><br>"In light of the pre-Code position of the Washington court, the Official Comments to R.C.W. 62A.2-318, and the restrictive trend of the post-Code case law, this Court is constrained to find that contractual privity is a requirement in Washington for recovery under the implied warranties of the Uniform Commercial Code. In light of the admitted absence of privity, plaintiff is precluded from recovery for breach of an implied warranty."<br><br>*Chance v. Richards Mfg. Co.*, 499 F. Supp. 102, 105 (E.D. Wash. 1980) | Implied in contract for sale if seller is a merchant with respect to goods of the kind. Goods are merchantable when:<br><br>a)   Pass without objection in the trade under the contract description;<br><br>b)   In the case of fungible goods, are of fair average quality within the description;<br><br>b)   Are fit for the ordinary purpose for which such goods are used;<br><br>c)    Run within the variations permitted by the agreement, of even kind, quality, and quantity;<br><br>d)   Are adequately contained, packaged, and labeled; and<br><br>e)   Conform to the promises or affirmations of fact made on any container or label.<br><br>Rev. Code of Wash. Ann. 62A.2-314 | Value of replacement of product (economic loss).Rev. Code Wash. Ann. 62A.2-714.<br><br>Or cost of repair. *Tacoma Athletic Club, Inc. v. Indoor Comfort Sys., Inc.*, 902 P.2d 175, 181 (Wash. Ct. App. 1995) | |
| **WEST VIRGINIA** | Four Years from the time of sale.<br><br>W. Va. Code, § 46-2-725 | Breach runs from time of delivery, not when defect is discovered.<br><br>W. Va. Code § 46-2-725 | No privity required.<br><br>After discussing the provisions of the UCC, which effectively abolished the requirement of privity for a breach of implied warranties in the sale of goods, we said:"It appears to this Court that it is not only the clear trend of the common law | (1)  Unless excluded or modified (section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the | (1)   Where the buyer has accepted goods and given notification (subsection (3) of § 2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | as articulated in other jurisdictions, but also the trend of modern legislation in West Virginia to recognize the problems inherent in complex, modern commerce concerning mass production, mass distribution, and mass demand generated through nation-wide advertising, and therefore, to provide functional rather than arbitrary rules for recovery in warranty." *Sewell v. Gregory* (1988) 179 W.Va. 585, 590 [371 S.E.2d 82, 87] W. Va. Code, § 46A-6-108 | premises or elsewhere is a sale.(2) Goods to be merchantable must be at least such as(a) pass without objection in the trade under the contract description; and(b) in the case of fungible goods, are of fair average quality within the description; and(c) are fit for the ordinary purposes for which such goods are used; and(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and(e) are adequately contained, packaged, and labeled as the agreement may require; and(f) conform to the promises or affirmations of fact made on the container or label if any.(3) Unless excluded or modified (section 2-316) other implied warranties may arise from course of dealing or usage of trade. W. Va. Code Ann. § 46-2-314 (West) | reasonable. (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. (3) In a proper case any incidental and consequential damages under the next section may also be recovered. | |
| **WISCONSIN** | 6 years from the time goods are delivered. "Implied warranties cannot, by their very nature, explicitly extend to future performance." Id. at 879. "Stated differently, the statute of limitations will always start to run against claims based on implied warranty from the time when delivery of the goods is tendered." 2 William D. Hawkland, Uniform Commercial Code Series § 2-725:2 (1998) (collecting cases); accord Lawrence, Lawrence's Anderson on the Uniform Commercial Code § 2-725:131 (collecting cases). Thus, Selzer's implied | Runs at time of delivery, not at time of discovery of defect. Wisc. Stat. Ann. 402.725; *Selzer v. Brunsell Bros., Ltd.* (652 N.W.2d 806 (Wisc. Ct. App. 2002) | Privity required. Wisconsin, however, has not joined those *816 states that have done so and instead affirmed the principle that privity of contract must exist between a buyer and seller in order to create an implied warranty when it adopted strict liability as a tort concept, refusing to abrogate the privity requirement in warranty law. *Dippel v. Sciano*, 37 Wis.2d 443, 452-58, 155 N.W.2d 55 (1967) (dismissing claim for breach of implied warranty for lack of privity). Later decisions have both recognized and affirmed the State's law on the issue. Twin Disc, Inc. v. Big Bud Tractor, Inc., 582 F.Supp. | (1) Unless excluded or modified (s. 402.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale. (2) Goods to be merchantable must be at least such as: (a) Pass without objection in the trade under the contract description; and (b) In the case of fungible goods, are of fair average quality within the description; | (1) Where the buyer has accepted goods and given notification (s. 402.607(3)) the buyer may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.(3) In a | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | warranty claim accrued upon the delivery of the windows by at the latest 1990, and the limitation period elapsed six years later in 1996.<br><br>*Selzer v. Brunsell Bros., Ltd.* (Wis. Ct. App. 2002) 257 Wis.2d 809, 827 [652 N.W.2d 806, 814] | | 208, 215 (E.D.Wis.1984), aff'd, 772 F.2d 1329 (7th Cir.1985); *Paulson v. Olson Implement Co., Inc.*, 107 Wis.2d 510, 319 N.W.2d 855 (1982).<br><br>*Lamont v. Winnebago Industries, Inc.* (E.D. Wis. 2008) 569 F.Supp.2d 806, 815-16 | and<br><br>(c)  Are fit for the ordinary purposes for which such goods are used; and<br><br>(d)  Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and<br><br>(e)  Are adequately contained, packaged, and labeled as the agreement may require; and<br><br>(f)  Conform to the promises or affirmations of fact made on the container or label if any.<br><br>(3)  Unless excluded or modified (s. 402.316) other implied warranties may arise from course of dealing or usage of trade. | proper case any incidental and consequential damages under s. 402.715 may also be recovered.<br><br>Wis. Stat. Ann. § 402.714 (West) | |
| **WYOMING** | 4 years from the date of the sale<br><br>*Ogle v. Caterpillar Tractor Co.* (Wyo. 1986) 716 P.2d 334, 338 | "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."<br><br>*Ogle v. Caterpillar Tractor Co.* (Wyo. 1986) 716 P.2d 334, 338 | Not required.<br><br>**As the rule is applied in Wyoming, privity in contract is not required,** as is made clear by the extensive discussion set out above from Rissler. See also *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 16 (Utah 2003)<br><br>*United States Aviation Underwriters, Inc. v. Dassault Aviation* (D. Wyo. 2007) 505 F.Supp.2d 1252, 1268 | a) Unless excluded or modified (section 34.1-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.<br><br>(b) Goods to be merchantable must be at least such as:<br><br>(i) Pass without objection in the trade under the contract description; and<br><br>(ii) In the case of fungible goods, are of fair average quality within the description; and<br><br>(iii) Are fit for the ordinary purposes for which such goods are used; and<br><br>(iv) Run, within the variations permitted by the agreement, of even kind, quality and quantity | (a)  Where the buyer has accepted goods and given notification (section 34.1-2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.<br><br>(b)  The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.<br><br>(c)  In a proper case any incidental and consequential damages under the next section [§ 34.1-2-715] may also be recovered. | |

| State Law | Statute of Limitations | Tolling of Statute of Limitations | Privity Requirement | Cause of Action Elements | Available Damages | Other |
|---|---|---|---|---|---|---|
| | | | | within each unit and among all units involved; and<br><br>(v) Are adequately contained, packaged, and labeled as the agreement may require; and<br><br>(vi) Conform to the promises or affirmations of fact made on the container or label if any.<br><br>(c) Unless excluded or modified (section 34.1-2-316) other implied warranties may arise from course of dealing or usage of trade. | | |