# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| **ALABAMA** | (1) the defendant holds money that (a) belongs, in equity and good conscience, to the plaintiff; or (b) was improperly paid to the defendant because of mistake or fraud; and<br><br>(2) retention of the money would be unjust, meaning (a) the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty; or (b) the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. | *Mantiply v. Mantiply*, 951 So.2d 638, 654–55 (Ala. 2006) (noting that "[i]n the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched") | |
| **ALASKA** | (1) a benefit conferred upon the defendant by the plaintiff;<br><br>(2) appreciation by the defendant of such benefit; and<br><br>(3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof | *Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007)<br><br>*State Dept. of Revenue, Child Support Enforcement Div. v. Wetherelt*, 931 F.2d 383, 390 (Alaska 1997) (noting that "enrichment to the defendant must be unjust; that is, the defendant must receive a true windfall or something for nothing") | |
| **ARIZONA** | (1) an enrichment to the defendant;<br><br>(2) an impoverishment to the plaintiff;<br><br>(3) a connection between the enrichment and the impoverishment;<br><br>(4) the absence of justification for the enrichment and the impoverishment; and<br><br>(5) the absence of a legal remedy | *Trustmark Ins. Co. v. Bank One, Arizona, N.A.*, 202 Ariz. 535 (2002) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain, or unjust enrichment claim requires that plaintiff lacks a legal remedy. *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 898 P.2d 1005 (Ct. App. 1995), corrected (July 10, 1995)(pleading requirements; *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) (affirming dismissal of unjust enrichment claims where plaintiff received the benefit of the bargain); *US Life Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986); *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) ("To establish a claim for unjust enrichment, a party must show . . . the absence of a legal remedy.) |
| **ARKANSAS** | (1) the defendant received money or the equivalent of money to which he/she/it was not entitled and which should be restored to the plaintiff;<br><br>(2) there was some operative act, intent, or situation that made the enrichment of the defendant unjust and inequitable;<br><br>(3) that the unjust enrichment of the defendant was at the expense or detriment of the plaintiff; and | *Hatchell v. Wren*, 363 Ark. 107, 117, 211 S.W.3d 516, 522 (2005), and *Guaranty Nat'l Ins. Co. v. Denver Roller, Inc.*, 313 Ark. 128, 138, 854 S.W.2d 312, 317 (1993) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Frein v. Windsor Weeping Mary LP*, 2009 Ark. App. 774, at *7-8 (Ark. Ct. App. 2009). |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (4) the amount by which the defendant was unjustly enriched. | | |
| **CALIFORNIA** | In cases where restitution is appropriate, California courts require proof of the following elements: (1) the defendant has been enriched; (2) at the expense of another; and (3) the circumstances are such that, as between the two individuals, it is unjust for the person to retain it. | *First Nationwide Savings v. Perry*, 15 Cal.Rptr.2d 173, 176 (Cal. App. 1992). Unjust enrichment is not a cause of action or a remedy under California law; instead, it is a "general principle, underlying various legal doctrines and remedies." *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Cal. App. 2004); *see also See Astiana v. Hain Celestial Group, Inc.*, 783 F3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution."). | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Peterson v. Cellco P'ship,* 164 Cal. App. 4th 1583 (4th Dist. 2008) (holding that the trial court properly sustained defendant's demurrer to plaintiffs' unjust enrichment claim because plaintiffs received the benefit of the bargain). |
| **COLORADO** | (1) the defendant received a benefit; (2) at the plaintiff's expense; and (3) the circumstances make it unjust for the defendant to retain the benefit without commensurate compensation | *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008) (noting that the third element "creates difficult questions for trial courts" and thus requires individualized inquiry depending upon the facts of the case) | |
| **CONNECTICUT** | (1) that the defendants were benefited; (2) that the defendants unjustly did not pay the plaintiffs for the benefit; and (3) that the failure of payment was to the plaintiffs' detriment | *Ayotte Bros. Const. Co. v. Finney*, 680 A.2d 330, 332 (Conn. App. 1996) (noting that a plaintiff who has a cause of action in contract for his claimed damages does not have a cause of action for unjust enrichment). | |
| **DELAWARE** | (1) an enrichment to the defendant; (2) an impoverishment to the plaintiff; (3) a relation between the enrichment and the impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by law | *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (1999) | SOL for unjust enrichment claims is 3 years. *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393-94 (Del. Ch. 1999). |
| **DISTRICT OF COLUMBIA** | (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retained the benefit; and (3) under the circumstances, retention of the benefit is unjust | *Vila v. Inter-American Investment Corp.*, 536 F.Supp.2d 41, 51 (D.D.C. 2008) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Dahlgren v. Audiovox Commc'ns Corp.*, No. 2002 CA 007884 B, 2012 WL 2131937 (D.C. Super. Ct. March 15, 2012) (plaintiffs who receive the benefit of the bargain are not entitled to restitution). |
| **FLORIDA** | (1) a direct benefit conferred upon the defendant by the plaintiff; | *Florida Power Corp. v. City of Water Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain, or if defendant has provided consideration for the benefit received. Unjust enrichment claim requires that plaintiff lack a legal remedy. *Prohias v. Pfizer, Inc.,* 485 F. Supp. |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (2) the plaintiff's appreciation or knowledge of the benefit;<br><br>(3) the defendant's appreciation and acceptance of the benefit; and<br><br>(4) the circumstances make retention of the benefit inequitable without paying the value of the benefit | | 2d 1329, 1335 (S.D. Fla. 2007)); *Am. Safety Ins. Serv., Inc. v. Griggs,* 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007). *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.,* 695 So. 2d 383, 390 (Fla. Dist. Ct. App. 1997); *Am. Safety Ins. Serv., Inc. v. Griggs,* 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005); *Prohias v. Pfizer, Inc.,* 490 F. Supp. 2d 1228, 1236-37 (S.D. Fla. 2007). |
| **GEORGIA** | (1) the plaintiff conferred a benefit on the defendant;<br><br>(2) equity requires that the defendant compensate the plaintiff for the benefit; and<br><br>(3) the parties did not have a legal contract | *Engram v. Engram,* 265 Ga. 804, 806 (1995)<br><br>Damages for unjust enrichment under Georgia law are the benefit conferred upon the recipient, not the cost of goods or services rendered. *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 130–31 (2001) | |
| **HAWAII** | (1) receipt of a benefit from the plaintiff without an adequate legal basis by defendants; and<br><br>(2) unjust retention of that benefit at the expense of plaintiff | *Chapman v. Journal Concepts, Inc.,* 2008 WL 5381353 at *20 (D. Haw. Dec. 24, 2008)<br><br>The Hawaii Supreme Court has observed that "unjust enrichment is a broad and imprecise term defying definition." *Small v. Badenhop,* 67 Haw. 626, 636 (1985); *see also Durette v. Aloha Plastic Recycling, Inc.,* 105 Haw. 490, 502 (2004) (stating that unjust enrichment, "as a claim for relief, is not clearly defined in either the Hawaii Revised Statutes or our jurisprudence"). | Unjust enrichment claim requires that plaintiff lacks a legal remedy. *Porter v. Hu,* 169 P.3d 994, 1006-07 (Haw. Ct. App. 2007); *Davis v. Four Seasons Hotel Ltd.,* No. 08-00525, 2011 WL 5025521, at *6 (D. Haw. Oct. 20, 2011) ("Hawaii courts observe the principle that equitable remedies, like unjust enrichment, are only available when legal remedies are inadequate."). |
| **IDAHO** | (1) a benefit is conferred on the defendant by the plaintiff;<br><br>(2) the defendant appreciates the benefit; and<br><br>(3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit | *Gibson v. Ada County,* 142 Idaho 746, 759 (2006) | Unjust enrichment does not require a wrongful act by the defendant. *Witt v. Jones,* 111 Idaho 165, 175 (1986)<br><br>A plaintiff has no claim for unjust enrichment under Idaho law where an express contract exists. *Blaser v. Cameron,* 121 Idaho 1012 (Idaho App. 1991). |
| **ILLINOIS** | (1) defendant receives a benefit;<br><br>(2) to the plaintiff's detriment; and<br><br>(3) the defendant's retention of that benefit would be unjust | *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.,* 153 F.3d 822, 828 (7th Cir. 1998) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *La Throp v. Bell Fed. Sav. & Loan Ass'n,* 370 N.E.2d 188, 195 (Ill. 1977) (affirming dismissal of an unjust enrichment claim because "[a] person is not entitled to compensation on the grounds of unjust enrichment if he receives . . . that which it was agreed between them the other should give in return" (citing *Brooks,* 548 P.2d at 1171)). |
| **IOWA** | (1) the defendant was enriched by the receipt of a benefit;<br><br>(2) the enrichment was at the expense of the plaintiff; and<br><br>(3) it is unjust to allow the defendant to retain the benefit under the circumstances | *Iowa v. Unisys Corp.,* 637 N.W.2d 142, 154–55 (Iowa 2001)<br><br>To be unjust, Iowa law requires that the benefit be conferred by mistake, fraud, coercion, or request. *Helm Fin. Corp. v. Iowa N. Ry. Co.,* 214 F.Supp.2d 934, 938 (N.D. Iowa 2002). Otherwise, an enrichment might have occurred, but it is not | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Smith v. Stowell,* 125 N.W.2d 795, 800 (Iowa 1964) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received . . . that which it was agreed between them the other should give in return." (quoting Restatement (First) of Restitution § 107 cmt. (1)a (1937))), overruled on other grounds, *Lamp v. Amer. Prosthetics, Inc.,* 379 |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | | unjust. | N.W.2d 909, 910 (Iowa 1986).<br><br>Iowa courts do not recognize a claim for unjust enrichment where an express contract exists on the same subject matter. *Giese Constr. Co. v. Randa*, 524 N.W.2d 427, 431 (Iowa App. 1994) |
| **KANSAS** | (1) a benefit conferred upon the defendant by the plaintiff;<br><br>(2) an appreciation or knowledge of the benefit by the defendant; and<br><br>(3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value | *T.R. Inc. of Ashland v. Brandon*, 87 P.3d 331, 336 (Kan. 2004)<br><br>The "position of the plaintiff is always a factor to be considered" in unjust enrichment cases under Kansas law. *Haz-Mat Response, Inc. v. Certified Waste Services Limited*, 910 P.2d 839, 846 (Kan. 1996). | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. *Senne & Co. v. Simon Capital Ltd. P'ship*, No. 93-302, 2007 WL 1175858, at *8 (Kan. Ct. App. Apr. 20, 2007) (underlying premise of a claim for unjust enrichment is that the D received a benefit w/o providing consideration); *Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1205-06 (D. Kan. 2002) (finding that requirement of unjust enrichment claim not met where P fails to allege that D failed to pay for the benefits conferred upon it).<br><br>In order to bring a case within the doctrine of unjust enrichment, there must be some specific legal principle or situation, which equity has established, present under the circumstances of the case. *Shutts v. Phillips Petroleum Co.*, 567 P.2d 1292, 1315 (Kan. 1977) |
| **KENTUCKY** | (1) a benefit conferred upon the defendant;<br><br>(2) at the plaintiff's expense; and<br><br>(3) under circumstances making it unjust for the defendant to retain the benefit without paying for it | *Nisbett v. National City Bank*, 2003 WL 21471909 at *1 (Ky. App. 2003) | |
| **LOUISIANA** | (1) an enrichment by the defendant;<br><br>(2) an impoverishment by the plaintiff;<br><br>(3) a rational connection between the enrichment and the impoverishment;<br><br>(4) a lack of justification or cause for enrichment; and<br><br>(5) the absence of any other legal remedy | *Kilpatrick v. Kilpatrick*, 660 So.2d 182, 187 (La. App. 1995)<br><br>Under Louisiana law, the impoverishment element may only be met when the factual circumstances show that the impoverishment was not a result of the plaintiff's own fault or negligence or was not undertaken at his own risk. *Charrier v. Bell*, 496 So.2d 601, 606 (La. App. 1986)<br><br>Reliance may be a consideration with regard to the third element, requiring a connection between enrichment and impoverishment. *See Marceaux v. Town of Lake Arthur*, 392 So.2d 783, 785 (La. App. 1980) | Unjust enrichment requires that plaintiff lack a legal remedy. La. Civ. Code Ann. art. 2298 (unjust enrichment "shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule"). |
| **MAINE** | (1) the plaintiff conferred a benefit on the other party; | *Howard & Bowie, P.A. v. Collins,* 759 A.2d 707, 710 (Me. | |

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (2) the other party had appreciation or knowledge of the benefit; and<br><br>(3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value. | 2000) | |
| **MARYLAND** | (1) the plaintiff conferred a benefit on the defendant;<br><br>(2) an appreciation or knowledge of the benefit by the defendant; and<br><br>(3) acceptance or retention of the benefit under such circumstances that it is inequitable for the defendant to retain the benefit without repayment of its value | *Jackson v. Brandywine*, 952 A.2d 304, 327 (Md. App. 2008)<br><br>Under Maryland law, unjust enrichment applies even where the defendant has come into the benefit "quite honestly" and has not done anything wrong. *Hill v. Cross Country Settlements, LLC*, 172 Md.App. 350, 361 (Md. App. 2007) | |
| **MASSACHUSETTS** | (1) the defendant holds property;<br><br>(2) the circumstances dictate that in equity and good conscience, the defendant ought not retain the property; and<br><br>(3) the plaintiff does not have an adequate remedy at law | *Sutton v. Valois*, 846 N.E.2d 1171, 1177 (Mass. App. 2006); *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. 2005) (setting forth rule that "[a]n equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law")<br><br>Massachusetts courts examine the "reasonable expectations of the parties" in unjust enrichment cases. *Sutton*, 846 N.E.2d at 1177. | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain, or where defendant has provided consideration for the benefit received. Unjust enrichment claim requires that plaintiff lacks a legal remedy. *Ferola v. Allstate Life Ins. Co.*, No. 050996, 2007 WL 2705534, at *14 (Mass. Super. Ct. Aug. 30, 2007) (unjust enrichment will not lie where defendant provided valuable consideration); *Fernandes v. Havkin,* 731 F. Supp. 2d 103, 114 (D. Mass. 2010).<br><br>Whether receipt of benefit was unjust depends on parties' reasonable expectations. *Cmty. Builders, Inc. v. Indian Motorcycle Associates, Inc.*, 692 N.E.2d 964, 979 (Mass. App. Ct. 1998)(holding that to recover under restitution there must be an unjust benefit and whether the benefit is unjust is determined by the reasonable expectations of the parties); *Metro Life v. Cotter*, 464 Mass. 623, 644 (2013) (defining "unjust" based on parties' expectations). |
| **MICHIGAN** | (1) the defendant received a benefit; and<br><br>(2) retention of the benefit would result in an inequity | *Morris Pumps v. Centerline Piping*, 729 N.W.2d 898, 904 (Mich. App. 2007) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Isom v. NE Lots LLC*, No. 288378, 2010 WL 143470, at *6 (Mich. Ct. App. Jan. 14, 2010) (finding that a party cannot state a claim of unjust enrichment when said party received the benefit of its bargain); *Russell v. Zeemering*, No. 260660, 2006 WL 2382511, at *5 (Mich. Ct. App. Aug. 17, 2006).<br><br>Under Michigan law, a plaintiff "who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution" for unjust enrichment. *Estate of |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | | | *McCallum*, 395 N.W.2d 258, 261 (Mich. App. 1986) |
| **MINNESOTA** | (1) the defendant has knowingly received a benefit of value;<br><br>(2) that the defendant is not entitled to keep;<br><br>(3) the circumstances make it unjust for the defendant to retain the benefit; and<br><br>(4) the plaintiff lacks an adequate legal remedy | *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. App. 1992)<br><br>Proof that retention of a benefit is unjust requires proof that the enrichment was illegal or wrongful. *Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 440 (Minn. App. 2004). Accordingly, such claims must be premised on failure of consideration, fraud, mistake, or other situations where it would be morally wrong for one party to enrich himself at the expense of another. *Id*. | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. Unjust enrichment claims require that plaintiff lacks a legal remedy.<br><br>SOL for unjust enrichment claims is 6 years. *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. Ct. App. 2011) (holding a claim for unjust enrichment fails where a plaintiff receives the benefit for which she was entitled under an agreement),*review denied* (Aug. 16, 2011). *Kelley v. College of St. Benedict*, 901 F. Supp. 2d 1123, 1132-33 (D. Minn. 2012) (granting motion to dismiss unjust enrichment claims where the statute "provided [plaintiff] with an adequate legal remedy" even where plaintiff "did not timely avail himself of the statute"); *Arena Dev. Grp., LLC v. Naegele Commc'ns, Inc.*, Civ. No. 06–2806, 2007 WL 2506431, at *11 (D. Minn. Aug. 30, 2007); *Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004; *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) ("It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law."). |
| **MISSISSIPPI** | (1) there is no legal contract between the parties;<br><br>(2) the person sought to be charged is in possession of money or property;<br><br>(3) in good conscience and justice the defendant should not retain the money or property; and<br><br>(4) the defendant should deliver the property to another. | *Johnston v. Palmer*, 963 So.2d 586, 596 (Miss. App. 2007) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92 (Miss. 1992) (noting that the Supreme Court of Mississippi historically cites the Restatement of Restitution with approval). |
| **MISSOURI** | (1) a benefit conferred on one party by another;<br><br>(2) appreciation or recognition by the receiving party of the fact that what was conferred was a benefit;<br><br>(3) acceptance and retention of the benefit by the receiving party; and<br><br>(4) that the enrichment is unjust | *Am. Standard Ins. Co. of Wis. v. Bracht*, 103 S.W.3d 281, 291 (Mo. App. 2003) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain, or where defendant has provided consideration for the benefit received. *Howard v. Turnbull*, 316 S.W.3d 431, 438 (Mo. Ct. App. 2010) (affirming that plaintiff cannot recover for unjust enrichment when he received "precisely what he bargained for"), transfer denied (Aug. 31, 2010). *Cnty. Asphalt Paving, Co. v. Mosley Constr., Inc.*, 239 S.W.3d 704, 710 (Mo. Ct. App. 2007) (finding that plaintiff must plead nonpayment by defendant in order to assert an unjust enrichment claim). |
| **MONTANA** | (1) misconduct or fault on the part of the defendant; or<br><br>(2) that the defendant took advantage of the plaintiff | *Randolph V. Peterson, Inc. v. JR Simplot*, 239 Mont. 1, 8 (1989) | |
| **NEBRASKA** | (1) the defendant unjustly received money; | *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain *Washa v. Miller*, 546 N.W.2d 813, 819 (Neb. |

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (2) the defendant unjustly retained possession of the money; and<br><br>(3) the defendant in justice and fairness ought to pay the money to the plaintiff | | 1996) ("[T]he enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract."). |
| **NEVADA** | (1) the defendant obtains a benefit;<br><br>(2) the defendant retains the benefit; and<br><br>(3) retention of the benefit is unjust because the benefit in equity and good conscience belongs to another | *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. *Bowyer v. Davidson*, 584 P.2d 686, 687 (Nev. 1978) (finding no unjust enrichment where defendant paid the amounts due on the contract). |
| **NEW HAMPSHIRE** | (1) the defendant was enriched;<br><br>(2) through wrongful acts or passive acceptance of a benefit;<br><br>(3) retention of the benefit would be unconscionable; and<br><br>(4) restitution should be made | *Kowalski v. Cedars of Portsmouth Condominium Ass'n*, 769 A.2d 344, 347 (N.H. 2001); *Cohen v. Frank Developers, Inc.*, 389 A.2d 933 (1978)<br><br>The value of unjust enrichment is measured by the benefit of to the enriched party, not the expense to the plaintiff. *Petrie-Clemons v. Butterfield*, 441 A.2d 1167, 1172 (N.H. 1982) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain, or where defendant has provided consideration for the benefit received. *Clapp v. Goffstown Sch. Distr.*, 977 A.2d 1021, 1025 (N.H. 2009) (holding that a person who has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is rescinded).<br><br>Unjust enrichment claims allowed where D innocently received a benefit and passively accepted it. *Axenics, Inc. v. Turner Constr. Co.*, 62 A.3d 754, 766-67 (N.H. 2013). *Petrie-Clemons v. Butterfield*, 441 A.2d 1167, 1172 (N.H. 1982)(applying passive acceptance standard). |
| **NEW JERSEY** | (1) the defendant received a benefit;<br><br>(2) retention of that benefit without payment would be unjust;<br><br>(3) the plaintiff expected remuneration from the defendant at the time it performed or conferred a benefit on defendant; and<br><br>(4) the failure of remuneration enriched defendant beyond its contractual rights | *Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 110, 922 A.2d 710 (2007)<br><br>Absent demonstration of an expectation of remuneration, a claim for unjust enrichment cannot exist. *See e.g., Assocs. Commercial Corp. v. Wallia*, 211 N.J. Super. 231, 243, 511 A.2d 709 (App. Div. 1986)(noting that a "common thread running throughout successful invocation of the doctrine of unjust enrichment is that the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred"). Still, "[l]iability may be imposed if facts were concealed from the plaintiff, but the plaintiff would have expected remuneration from the defendant at the time the benefit was conferred had he or she known the true facts." *Castro v. NYT Television*, 370 N.J. Super. 282, 299, 851 A.2d 88. 98 (App. Div. 2004). Accordingly, a plaintiff may recover under a claim for unjust enrichment if there was some direct relationship between the plaintiff and defendant that created a reasonable expectation of benefit, and the plaintiff thus expected remuneration. *See id.* at 98-99. | Unjust enrichment requires some direct relationship between the parties. *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109-110 (1966). |

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| **NEW MEXICO** | (1) the defendant has been knowingly benefited at the plaintiff's expense; and<br><br>(2) in a manner such that allowing the defendant to retain the benefit would be unjust | *Heimann v. Kinder-Morgan CO2 Co.*, 144 P.3d 111, 118 (N.M. App. 2006) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010) (finding a person that has conferred a benefit is not entitled to compensation, other than in accordance with the terms of such bargain, unless the transaction is rescinded). |
| **NEW YORK** | (1) the defendant was enriched;<br><br>(2) at the plaintiff's expense; and<br><br>(3) permitting the defendant to retain the benefit conferred would be against equity and good conscience | *Clark v. Daby*, 751 N.Y.S.2d 622, 623 (N.Y. App. Div. 2002) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418, 437 (S.D. N.Y. 2009) (certifying class based upon UCL and unjust enrichment claims); *One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 925 N.Y.S.2d 61, 70 (N.Y. App. Div. 2011) (dismissing claim for unjust enrichment where "plaintiff received the benefit of its bargain")<br><br>Unjust enrichment requires that plaintiff lack a legal remedy. *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 854 N.Y.S.2d 83, 883 N.E.2d 990, 996 (N.Y.2008) (cause of action for unjust enrichment "does not lie as plaintiffs have an adequate remedy").<br><br>The benefit conferred must be a direct benefit from a plaintiff in privity with the defendant. *Sperry v. Crompton Corp.*, 810 N.Y.S.2d 498, 499–500 (N.Y. App. Div. 2006) |
| **NORTH CAROLINA** | (1) the plaintiff conferred a benefit on the defendant;<br><br>(2) the benefit was not conferred officiously or gratuitously;<br><br>(3) the benefit is measurable;<br><br>(4) the defendant consciously accepted the benefit; and<br><br>(5) the benefit to the defendant is unjust | *Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 72 Fed. Appx. 916, 920 (4th Cir. 2003) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Britt v. Britt*, 359 S.E.2d 467, 471 (N.C. 1987) (holding plaintiff cannot recover for unjust enrichment where she received the agreed to consideration for the benefit conferred), abrogated on other grounds by *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385 (N.C. 1988).<br><br>Unjust enrichment requires that plaintiff lack a legal remedy. *Jones Cooling & Heating, Inc. v. Booth*, 99 N.C. App. 757, 394 S.E.2d 292, 294 (N.C. App. 1990) (plaintiff may not recover under a theory of unjust enrichment where an adequate remedy at law exists). |
| **NORTH DAKOTA** | (1) an enrichment;<br><br>(2) an impoverishment;<br><br>(3) a connection between the enrichment and the impoverishment;<br><br>(4) absence of a justification for the enrichment and impoverishment;<br><br>(5) an absence of a remedy provided by law; and | *Schroeder v. Buchholz*, 622 N.W.2d 202, 207 (N.D. 2001); *Apache Corp. v. MDU Resources Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999)<br><br>Unjust enrichment under North Dakota law does not require a showing of wrongdoing or actual fraud. *Richland Country v. State*, 180 N.W.2d 649, 655–56 (N.D. 1970) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 328 (N.D. 1982) ("[A] person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them that the other should give in return." (citing 17 CJS Contract § 6, 570-574)).<br><br>Unjust enrichment claims require that plaintiff lacks a legal remedy. *Schroeder v. Buchholz*, 622 N.W.2d 202, 207 (N.D. 2001) (including "[a]n absence of a remedy provided by law" as an essential element of unjust enrichment); *Apache Corp. v.* |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (6) as between the parties, retention of the enrichment would be inequitable | | *MDU Res. Group, Inc.*, 603 N.W.2d 891, 894-95 (N.D. 1999) (same). |
| **OHIO** | (1) the claimant conferred a benefit upon the recipient;<br><br>(2) the recipient had knowledge of that benefit; and<br><br>(3) circumstances render it unjust or inequitable to permit the recipient to retain the benefit without compensating the party who conferred it | *Struna v. Convenient Food Mart*, 160 Ohio App. 3d 655, 662 (2005) | The benefit under Ohio law must be direct from the plaintiff to the defendant, meaning that an indirect purchaser cannot assert a claim for unjust enrichment. *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) |
| **OKLAHOMA** | Oklahoma law does not specify specific elements for an unjust enrichment cause of action. Instead, it points to general principles that govern the claim. Those principles include enrichment coupled with an injustice. | *Harvell v. Goodyear Tire and Rubber Co.*, 164 P.3d 1028, 1035 (Okla., 2006); *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okl. App. 1996). | A plaintiff who has an adequate remedy at law does not have a claim for unjust enrichment. *Harvell*, 164 P.3d 1028, 1035 (Okla. 2006) |
| **OREGON** | (1) a benefit conferred;<br><br>(2) awareness of the recipient that a benefit has been received; and<br><br>(3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it | *Summer Oaks Ltd. Partnership v. McGinley*, 183 Or. App. 645, 654 (2002) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *High v. Davis*, 584 P.2d 725, 736 (Or. 1978) (en banc) ("We … do not believe that the claimants will be unjustly enriched. They are receiving what they bargained and paid for."); *Winters v. County of Clatsop*, 150 P.3d 1104, 1108 (Or. Ct. App. 2007) ("[W]e agree with the [defendant] that plaintiff has not carried her burden . . . Under the circumstances, it is not unjust to deny restitution and to honor the terms of the bargain. . . that [plaintiff] accepted.").<br><br>Unjust enrichment is a theory of quasi-contract that depends on the existence of an implied contract. *Stovall v. State by and through Oregon Dept. of Transp.*, 324 Or. 92 (1996) |
| **PENNSYLVANIA** | (1) benefits conferred on defendant by plaintiff;<br><br>(2) appreciation of such benefits by defendant;<br><br>(3) the defendant wrongfully secured or passively received the benefit; and<br><br>(4) the circumstances between the parties make acceptance and retention of such benefits inequitable without payment of value | *Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. 2001); *Torchia v. Torchia*, 346 Pa. Super. 229, 233 (1985)<br><br>Reliance is an essential element of unjust enrichment under Pennsylvania law. *MacAleer v. Sun Oil Co.*, 280 Pa. Super. 148, 152 (1980) (stating that proving unjust enrichment requires "a showing of detrimental reliance" on the part of the plaintiff); *Levy v. Keystone Food Products*, 2008 WL 4115856 at *5, *7 (E.D. Pa. Aug. 28, 2008) (recognizing that plaintiff's unjust enrichment claim required proof of reliance and refusing to certify a class because of the need for particularized proof of reliance)<br><br>Application of the doctrine of unjust enrichment is a highly particularized factual inquiry. *Limbach Co. v. City of Philadelphia*, 905 A.2d 567, 575 (Pa. Commw. Ct. 2006). | SOL for unjust enrichment claims is 4 years |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| **RHODE ISLAND** | (1) benefit conferred upon the defendant by the plaintiff;<br><br>(2) appreciation by the defendant of such benefit; and<br><br>(3) an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof | *Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 1997)<br><br>The most significant requirement of a claim for unjust enrichment is that the enrichment to the defendant must be unjust. *R&B Electric Co. v. Amco Constr. Co.*, 471 A.2d 1351, 1356 (R.I. 1984)<br><br>Unlike many states, Rhode Island permits overlapping unjust enrichment claims. *Richmond Square Capital Corp. v. Ins. House*, 744 A.2d 401, 402 (R.I. 1999). | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Rosetta v. Moretti*, No. 98-89, 2005 WL 1109638, at *8 (R.I. Super. May 4, 2005) (granting motion for judgment as matter of law in favor of defendant because plaintiffs failed to establish that allowing defendant to retain the negotiated purchase price would be inequitable). |
| **SOUTH CAROLINA** | (1) the plaintiff conferred a non-gratuitous benefit on the defendant;<br><br>(2) that the defendant realized some value from the benefit; and<br><br>(3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value | *Sauner v. Public Serv. Authority of South Carolina*, 2003 WL 21057314 at *6 (S.C. 2003) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. *Johnston v. Brown*, 348 S.E.2d 391, 395 (S.C. Ct. App. 1986) (holding plaintiff cannot recover under unjust enrichment where he received the agreed to consideration for the benefit conferred), *rev'd on other grounds*, 357 S.E.2d 450 (S.C. 1987). |
| **SOUTH DAKOTA** | (1) defendant received a benefit;<br><br>(2) defendant was aware he was receiving a benefit; and<br><br>(3) allowing the defendant to retain the benefit without reimbursement would unjustly enrich the defendant | *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000) (plaintiff cannot recover under unjust enrichment where defendant already paid consideration for the benefit conferred). |
| **TENNESSEE** | (1) plaintiffs conferred a benefit upon defendants;<br><br>(2) defendants appreciated the benefit;<br><br>(3) it would be inequitable for defendants to retain the benefit without paying for it; and<br><br>(4) the plaintiff has exhausted its remedies against the person with whom it had contracted or with whom the plaintiff is in privity so long as the pursuit of such remedies would not be futile | *Freeman Industries, LLC v. Eastman Chemical Co.*, 175 S.W.3d 512, 525 (Tenn. 2005) | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. Unjust enrichment claims require that plaintiff lacks a legal remedy. *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966); *McKee v. Meltech, Inc.*, No. 10-2730, 2011 WL 1770461, at *10 (W.D. Tenn. May 9, 2011) (rejecting unjust enrichment claim where defendant "has already given consideration for any benefit that [plaintiff]'s services provided"); *Weather Doctor Servs. Co., Inc. v. Stephens*, No. E2000-1427-COA-R3-CV, 2001 WL 849540, at *2-3 (Tenn. Ct. App. July 27, 2001); *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525-26 (Tenn. 2005) |
| **TEXAS** | Under Texas law, unjust enrichment is "an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits."<br><br>A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage.<br><br>Unjust enrichment occurs when the "person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." | *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App. 2004)<br><br>Unjust enrichment is not an independent cause of action but is instead a measure of damages which places the aggrieved plaintiff in the position he occupied prior to dealing with the defendant. *Oxford v. Williams Cos.*, 137 F. Supp. 2d 756, 762 (E.D. Tex. 2001); *see also LeChance v. Hollenbeck*, 695 S.W.2d 618, 620 (Tex. App. 1985) (stating that "[u]njust enrichment, however, does not provide an independent basis for a cause of action"); *Richardson v. Amer. Home Shield of* | |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | | *Tex., Inc.*, 2006 WL 903721 at *5 (S.D. Tex. Apr. 7, 2006).<br><br>"Money voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion, cannot be recovered back merely because the party at the time of payment was ignorant or mistook the law as to his liability." *BMG Direct Marketing, Inc. v. Peake*, 178 S.W.3d 763, 768 (Tex. 2005). | |
| **UTAH** | (1) a benefit conferred on one person by another;<br><br>(2) an appreciation or knowledge by the conferee of the benefit;<br><br>(3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value; and<br><br>(4) the plaintiff lacks an adequate remedy at law | *Am. Towers Owners Ass'n v. CCI Mech.*, 930 P.2d 1182, 1192–93 (Utah 1996) | Unjust enrichment is unavailable if plaintiff has received the benefit of its bargain. Unjust enrichment claims require that plaintiff lacks a legal remedy. *S. Title Guar. Co., Inc. v. Bethers*, 761 P.2d 951, 955 (Utah Ct. App. 1988); *Bray Lines Inc. v. Utah Carriers, Inc.*, 739 P.2d 1115, 1117 (Utah Ct. App. 1987) (holding unjust enrichment does not occur when a party receives the benefit of its bargain). *Mann v. Am. W. Life Ins. Co.*, 586 P.2d 461, 465 (Utah 1978); *Ockey v. Lehmer*, 189 P.3d 51, 61 n.42 (Utah 2008); *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996) ("The doctrine is designed to provide an equitable remedy where one does not exist at law."), *abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234 (Utah 2009); *Nickerson Co. v. Energy W. Mining Co.*, No. 20090221–CA, 2009 WL 4681778, at *2 (Utah Ct. App. Dec. 10, 2009) (barring recovery on an unjust enrichment theory where there is an express contract). |
| **VERMONT** | (1) a benefit was conferred on defendant;<br><br>(2) defendant accepted the benefit; and<br><br>(3) in light of the totality of the circumstances, equity and good conscience demand that the defendant return the benefit | *Johnson v. Harwood*, 945 A.2d 875, 881–82 (Vt. 2008)<br><br>Reliance must also be shown in unjust enrichment cases. *DJ Painting, Inc. v. Baraw Enterprises, Inc.*, 776 A.2d 413, 418 (Vt. 2001) | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987) ("[I]f the [defendant] has given any consideration to any person for the [benefit], it would not be unjust for him to retain the benefit without paying the furnisher." (quoting *Paschall's v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966))); *Will v. Mill Condo. Owners' Ass'n, Inc*., No. 457-10-01 WRCV, 2002 WL 34340312 (Vt. Sup. Ct. July 5, 2002). |
| **VIRGINIA** | (1) the plaintiff conferred a benefit on the defendant;<br><br>(2) the defendant knew of the benefit and the defendant should reasonably be expected to repay the plaintiff;<br><br>(3) the defendant accepted or retained the benefit without paying for its value; and<br><br>(4) the plaintiff does not have a remedy at law for any wrong perpetrated on him by the defendant | *Schmidt v. Household Finance Corp., II*, 661 S.E.2d 834, 838 (Va. 2008); *Wright v. Cangiano*, 1993 WL 946172 at *1 (Va. Cir. Ct. 1993) | |
| **WASHINGTON** | (1) a benefit conferred on the defendant by the plaintiff; | *Ballie Communications, Ltd. v. Trend Business Sys., Inc.*, 810 P.2d 12, 18 (Wash. App. 1991); *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838–39 | |

# 50-STATE SURVEY OF LAWS REGARDING UNJUST ENRICHMENT

| State | Elements of Unjust Enrichment | Authority and Notes | Limitations on Unjust Enrichment |
|---|---|---|---|
| | (2) appreciation or knowledge by the defendant of the benefit;<br><br>(3) the acceptance or retention by the defendant of the benefit under such circumstances that it is inequitable for the defendant to retain the benefit; and<br><br>(4) the plaintiff does not have an adequate remedy at law | (2000). | |
| **WEST VIRGINIA** | (1) the defendant received money;<br><br>(2) to which the defendant was not entitled; and<br><br>(3) that the payment was the result of a mistake on the part of the plaintiff | *Absure, Inc. v. Huffman*, 584 S.E.2d 507, 510 (W.Va. 2003) | |
| **WISCONSIN** | (1) a benefit conferred upon the defendant by the plaintiff;<br><br>(2) knowledge or appreciation of the benefit by the defendant; and<br><br>(3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof | *Ludyjan v. Continental Cas. Co.*, 747 N.W.2d 745 (Wis. App. 2008) | Unjust enrichment is unavailable if defendant has provided consideration for benefit received. *Tri-State Mech., Inc. v. Northland Coll.*, 681 N.W.2d 302, 305-06 (Wis. Ct. App. 2004) (denying unjust enrichment claim where defendant "has fully paid for the benefits it received") |
| **WYOMING** | (1) valuable services were rendered;<br><br>(2) to the party to be charged;<br><br>(3) which services were accepted, used and enjoyed by the charged party; and<br><br>(4) under circumstances that reasonably notified the party being charged that the other party would expect payment for the services. | *Horn v. Wooser*, 165 P.3d 69, 76 (Wyo. 2007)<br><br>Recovery is appropriate only when the benefited party would be unjustly enriched. *Id*. | |