Christopher D. Moon (State Bar No. 246622)
*chris@moonlawapc.com*
Kevin O. Moon (State Bar No. 246792)
*kevin@moonlawapc.com*
**MOON LAW APC**
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CARPENTER, Individually, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>PETSMART, INC.,<br><br>                Defendant. | Case No.: 3:19-cv-01731-CAB-LL<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS REGARDING PROPOSED NATIONWIDE CLASS**<br><br>Hearing Date: February 10, 2020 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................... 9

II. RELEVANT FACTUAL ALLEGATIONS ................................................ 10

III. LEGAL STANDARD .................................................................................. 11

IV. ARGUMENT ............................................................................................... 12

  A. THIS COURT HAS PERSONAL JURISDICTION OVER PLAINTIFF'S NATIONWIDE CLAIMS .................... 12

    1. BRISTOL-MYERS IS PLAINLY DISTINGUISHABLE ................................................. 13

    2. BRISTOL-MEYERS DOES NOT APPLY TO CLASS ACTIONS ............................................. 13

    3. BRISTOL-MYERS DOES NOT APPLY TO FEDERAL COURTS WITH FEDERAL QUESTION JURISDICTION ............................................... 16

    4. THE CASES DEFENDANT CITES SUCCEED IN ONLY FURTHER DEMONSTRATING THAT BRISTOL-MYERS DOES NOT APPLY TO THE INSTANT CASE ...................................... 18

  B. PLAINTIFF HAS STANDING TO REPRESENT UNNAMED, NON-RESIDENT CLASS MEMBERS ............ 19

  C. PLAINTIFF DOES NOT SEEK TO APPLY CALIFORNIA SUBSTANTIVE LAW TO THE NATIONWIDE CLASS ............................................................. 23

  D. CONDUCTING A CHOICE-OF-LAW ANALYSIS IS UNWARRANTED IN THIS CASE .............................. 24

  E. CONDUCTING A CHOICE OF LAW ANALYSIS AT THIS STAGE OF THE PROCEEDINGS IS PREMATURE .......................................................... 25

  F. DEFENDANT HAS FAILED TO SATISFY ITS BURDEN UNDER A CHOICE-OF-LAW ANALYSIS ......... 27

V. CONCLUSION ............................................................................................ 30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004)................................................................14

*Allen v. ConAgra Foods, Inc.*,
  No. 3:13-CV-01279-WHO, 2018 WL 6460451 (N.D. Cal. Dec. 10,
  2018), *on reconsideration,* No. 3:13-CV-01279-WHO, 2019 WL
  5191009 (N.D. Cal. Oct. 15, 2019) .......................................................11

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ......................19

*Andrade-Heymsfield v. Danone US, Inc.*,
  No. 19-CV-589-CAB-WVG, 2019 WL 3817948 (S.D. Cal. Aug.
  14, 2019) (Bencivengo, J.) ............................................................*passim*

*Arutunian v. Mercedes-Benz USA, LLC*,
  No. CV186806DMGRAOX, 2018 WL 6617636 (C.D. Cal. Dec.
  17, 2018) ...............................................................................................14

*AT&T Mobility LLC v. AU Optronics Corp.*,
  707 F.3d 1106 (9th Cir. 2013)...............................................................20

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) (en banc)..................................................16

*Branca v. Bai Brands, LLC*,
  No. 318CV00757BENKSC, 2019 WL 1082562 (S.D. Cal. Mar. 7,
  2019) .................................................................................................11, 21

*Brazil v. Dole Food Co., Inc.*,
  No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23,
  2013) .......................................................................................................23

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
  137 S. Ct. 1773 (2017) ..................................................................*passim*

*Bruno v. Eckhart Corp.*,
  280 F.R.D. 540 (C.D. Cal. 2012) ...............................................24, 25, 26

*Cadena v. Am. Honda Motor Co.*,
　No. CV184007MWFPJWX, 2018 WL 8130613 (C.D. Cal. Nov.
　14, 2018) ...........................................................................................26

*Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*,
　217 F. Supp. 2d 1028 (C.D. Cal. 2002)............................................9

*In re Carrier IQ, Inc.*,
　78 F. Supp. 3d 1051 (N.D. Cal. 2015) ......................................18, 19

*CE Distrib. v. New Sensor Corp.*,
　380 F.3d 1107 (9th Cir. 2004).........................................................14

*Choi v. Kimberly-Clark Worldwide, Inc.*,
　No. SACV190468DOCADSX, 2019 WL 4894120 (C.D. Cal. Aug.
　28, 2019) ...........................................................................................12

*In re Chrysler-Dodge-Jeep Ecodiesel Litig.*,
　295 F. Supp. 3d 927 (N.D. Cal. 2018) .............................................19

*Clancy v. The Bromley Tea Co.*,
　308 F.R.D. 564 (N.D. Cal. 2013) .....................................................24

*In re Clorox Consumer Litig.*,
　894 F. Supp. 2d 1224 (N.D. Cal. 2012) ...............................22, 23, 26

*Czuchaj v. Conair Corp.*,
　No. 13-CV-1901-BEN RBB, 2014 WL 1666427 (S.D. Cal. Apr.
　17, 2014) ...........................................................................................22

*Denney v. Deutsche Bank AG*,
　443 F.3d 253 (2d Cir. 2006).............................................................16

*Doe v. Successfulmatch.com*,
　No. 13-CV-03376-LHK, 2014 WL 1494347 (N.D. Cal. 2014)........23

*Elson v. Black*,
　No. 218CV00116ODWRAOX, 2019 WL 4673211 (C.D. Cal.
　Sept. 25, 2019) .................................................................................14

*Fabricant v. Fast Advance Funding, LLC*,
　No. 217CV05753ABJCX, 2018 WL 6920667 (C.D. Cal. 2018)......14

*Fehrenbach v. Hewlett Packard Co.*,
   No. 16CV2297-MMA (MDD), 2017 WL 11422106 (S.D. Cal. Jan.
   5, 2017) ...................................................................................................22

*Forcellati v. Hyland's, Inc.*,
   876 F. Supp. 2d 1155 (C.D. Cal. 2012).....................................................22, 23

*Forcellati v. Hyland's, Inc.*,
   No. CV 12-1983-GHK-MRWX, 2014 WL 1410264 at *2 (C.D.
   Cal. Apr. 9, 2014).....................................................................................25, 26

*Friedman v. 24 Hour Fitness USA, Inc.*,
   580 F. Supp. 2d 985 (C.D. Cal. 2008)........................................................8

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ...................12

*Hanna v. Am. Cruise Lines, Inc.*,
   No. 318CV0919CABWVG, 2018 WL 3993357 (S.D. Cal. Aug.
   21, 2018) (Bencivengo, J.) ...................................................................15

*Henderson v. United Student Aid Funds, Inc.*,
   2015 WL 12658485 (S.D. Cal. 2015) ...................................................12

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
   801 F. Supp. 2d 993 (S.D. Cal. 2011) ...................................................18

*In re Hyundai & Kia Fuel Econ. Litig.*,
   881 F.3d 679 (9th Cir. 2018)................................................................21, 25

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019)................................................................21, 25

*In re iPhone 4S Consumer Litig.*,
   No. C 1201127, 2013 WL 3829653 (N.D. Cal. 2013) ..........................23

*Johnson v. Fujitsu Tech. and Bus. of Am., Inc.*,
   250 F. Supp. 3d 460 (N.D. Cal. 2017) ...............................................17

*Joseph v. J.M. Smucker Co.*,
   No. CV 17-8735 FMO (KSX), 2019 WL 1219708 (C.D. Cal.
   2019) ..................................................................................................24

*Kutza v. Williams-Sonoma, Inc.*,
   No. 18-CV-03534-RS, 2018 WL 5886611 (N.D. Cal. 2018) ...........17

*Luna v. BMW of N. Am., LLC,*
    No. 317CV02067BENKSC, 2018 WL 2328365 (S.D. Cal. May 22,
    2018) ................................................................................................. 14

*Mack v. LLR, Inc.,*
    No. EDCV1700853JGBDTBX, 2018 WL 6927860 (C.D. Cal.
    Aug. 15, 2018).................................................................................... 22

*Matus v. Premium Nutraceuticals, LLC,*
    715 F. App'x 662 (9th Cir. 2018) ...................................................... 15

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012)......................................................*passim*

*In re: McCormick & Co., Inc.,*
    217 F. Supp. 3d 124 (D.D.C. 2016), *amended on reconsideration*
    *sub nom. In re McCormick & Co., Inc., Pepper Prod. Mktg. &*
    *Sales Practices Litig.,* 275 F. Supp. 3d 218 (D.D.C. 2017) ............... 18

*Melendres v. Arpaio,*
    784 F.3d 1254 (9th Cir. 2015)...................................................... 17, 19

*In re Morning Song Bird Food Litig.,*
    No. 12cv01592-JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal.
    Mar. 29, 2018).............................................................................. 11, 13

*Ortiz v. Fibreboard Corp.,*
    527 U.S. 815 (1999) ........................................................................... 19

*In re Packaged Seafood Prod. Antitrust Litig.,*
    338 F. Supp. 3d 1118 (S.D. Cal. 2018) ....................................... 13, 14

*Palmer v. Cognizant Tech. Sols. Corp.,*
    No. CV176848DMGPLAX, 2018 WL 4815757 (C.D. Cal. 2018)................... 17

*Pascal v. Concentra, Inc.,*
    No. 19-CV-02559-JCS, 2019 WL 3934936 (N.D. Cal. 2019)........................... 14

*Pecanha v. The Hain Celestial Grp., Inc.,*
    No. 17-CV-04517-EMC, 2018 WL 534299 (N.D. Cal. Jan. 24,
    2018) ................................................................................................. 19

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ...................... 11

*Ramirez v. STi Prepaid LLC*,
   644 F.Supp.2d 496 (D.N.J. 2009) ....................................................... 18

*RDF Media Ltd. v. Fox Broad. Co.*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005).................................................... 8

*Robinson v. Unilever United States, Inc.*,
   No. CV173010DMGAJWX, 2018 WL 6136139 (C.D. Cal. June
   25, 2018) ............................................................................................. 17

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
   No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. 2018).......................... 15

*Sloan v. Gen. Motors LLC*,
   287 F. Supp. 3d 840 (N.D. Cal. 2018), *order clarified*, No. 16-CV-
   07244-EMC, 2018 WL 1156607 (N.D. Cal. 2018)................................... 13, 14

*Sotomayor v. Bank of Am., N.A.*,
   377 F. Supp. 3d 1034 (C.D. Cal. 2019)........................................... 10, 11

*Stotz v. Mophie Inc.*,
   No. CV 16-8898-GW(FFMx), 2017 WL 1106104 (C.D. Cal. 2017) ............... 17

*Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016)............................................................ 16

*Valencia v. Volkswagen Grp. of Am. Inc.*,
   No. 15-CV-00887-HSG, 2015 WL 4760707 (N.D. Cal. 2015) ........................ 23

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products
   Liab. Litig.*,
   MDL No. 2672 ..................................................................................... 17

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................... 9

*Wolf v. Hewlett Packard Co.*,
   No. CV1501221BROGJSX, 2016 WL 8931307 (C.D. Cal. 2016).................... 23

*Won Kyung Hwang v. Ohso Clean, Inc.*,
   No. C-12-06355 JCS, 2013 WL 1632697 (N.D. Cal. 2013) ............................. 23

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007)............................................................... 26

**Other Authorities**

Federal Rules of Civil Procedure Rule 12...............................................................8

Federal Rules of Civil Procedure Rule 23.......................................................*passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

At its core, Defendant's Motion to Strike is an improper attempt to litigate, at this early juncture, issues reserved for class certification.  Defendant justifies doing so based on a complete misreading of U.S. Supreme Court and Ninth Circuit case law.  However, when these cases are properly applied, they demonstrate that Defendant's attempt to strike the nationwide allegations is both premature and meritless.

First, as a matter of law, only the named plaintiff's claims are considered for purposes of determining personal jurisdiction.  The claims of unnamed, non-resident members of a proposed class are ***irrelevant***.  Indeed, this Court previously recognized this distinction in *Andrade-Heymsfield v. Danone US, Inc.*, No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *3 (S.D. Cal. Aug. 14, 2019) (Bencivengo, J.).  Accordingly, because Defendant does not dispute that the Court has personal jurisdiction over it with regard to Plaintiff's claims, the Court has personal jurisdiction over Defendant for all claims asserted in the First Amended Complaint ("FAC").

Second, the Ninth Circuit is clear that once the named plaintiff demonstrates his or her individual standing to bring a claim, no more is required to satisfy Article III standing at this stage of the proceedings.  Therefore, because Defendant does not dispute that Plaintiff has standing to bring claims under the laws of California, under applicable law, Plaintiff has standing to represent unnamed, non-resident class members in this case.

Third, Plaintiff does not seek to apply California substantive law to the claims of unnamed, non-resident class members.  Rather, Plaintiff merely seeks to ***represent*** unnamed, non-resident class members seeking relief under the common laws of their respective states, as well as under federal law.  Therefore, Defendant's due process concerns are unwarranted.

Fourth, conducting a choice-of-law analysis at this early stage of the

proceedings is premature and should be reserved for class certification. Indeed, conducting a choice-of-law analysis at class certification is critical because it is such a fact-specific inquiry, which requires a more developed factual record than is available at the motion-to-dismiss stage.

Finally, even if the Court did conduct a choice-of-law analysis at this early juncture, Defendant has plainly failed to satisfy its burden. That is because, under California's choice-of-law analysis, Defendant entirely skipped the second step of the governmental interest test. Indeed, while Defendant endeavored to explain purported material differences among certain state laws, merely identifying such differences without showing how the relevant differences are material under the circumstances of *this particular* case and given the *particular* legal issues in question is not sufficient to satisfy Defendant's burden.

For all of these reasons, the Court should deny Defendant's Motion to Strike in its entirety.

## II.   RELEVANT FACTUAL ALLEGATIONS

Throughout the United States Defendant sells a line of All Living Things® Tiny Tales™ Small Pet Habitats ("Tiny Tales Homes"), which are artificial habitats or cages for pet hamsters, gerbils, and mice ("Rodents"). FAC ¶¶ 18-20. Despite Defendant's self-proclaimed expertise concerning pets and pet care, the Tiny Tales Homes contain a critical defect, which renders them unsafe and dangerous to the very animals they are intended to house safely and securely. *Id*. ¶¶ 28-34. Specifically, the Tiny Tales Homes use a series of soft, malleable plastic connection pieces ("Connectors") to attach various transport tubes to a Tiny Tales Home. *Id.* A portion of the soft plastic Connectors protrudes outward, creating an exposed lip within the Tiny Tales Home. *Id.*

As alleged in the First Amended Complaint, Rodents are prone to chewing the Connectors, including the exposed, protruding portion of the Connector, which Rodents can—and do—easily chew through. FAC ¶ 32. In fact, Rodents are prone

to chewing a Connector until it no longer functions properly and fails to connect a transport tube to the Tiny Tales Home. *Id.* This, in turn, causes the transport tube to become dislodged from the Tiny Tales Home, creating an opening and permitting a Rodent to escape. *Id.* In addition, were a Rodent to ingest any of the plastic Connector, the Rodent could become sick or injured, or could be killed. *Id.* ¶ 34.

Unfortunately, Plaintiff Todd Carpenter, who lives in Encinitas, California, purchased four Tiny Tales Homes for his children for Christmas. FAC ¶¶ 5, 35. Mr. Carpenter purchased the Tiny Tales Homes from one of Defendant's California-based stores. *Id.* Mr. Carpenter assembled the Tiny Tales Homes to house his children's two pet hamsters. *Id.* ¶ 40.

To the utter horror of Mr. Carpenter and his children, their pet hamsters chewed apart numerous defective Connectors, causing the transport tubes to fail and become dislodged, thereby permitting the hamsters to escape. FAC ¶¶ 42-43. The hamsters were never found. *Id.*

As a result of his awful experience, Mr. Carpenter brought this class action, alleging both state, federal, and common law causes of action, on behalf of a nationwide class and a California Subclass of consumers who purchased the defective products.

## III.   LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a court may strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal citation and quotation marks omitted); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are

generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."). In addition, the Court must view the pleadings in the light most favorable to the non-moving party. *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

## IV.   ARGUMENT

### A.   This Court Has Personal Jurisdiction Over Plaintiff's Nationwide Claims

Defendant erroneously avers that the Court does not have personal jurisdiction over it as to any claims by ***unnamed***, non-resident putative class members. As an initial matter, the Court should reject outright Defendant's personal-jurisdiction argument in light of Defendant's Answer and Affirmative Defenses to First Amended Class Action Complaint ("Answer"), wherein Defendant explicitly admits that it "***does not contest personal jurisdiction***." Answer at 3 (emphasis added).[1]   In light of Defendant's admission, the Court should reject Defendant's incongruous argument in its Motion to Strike that the Court "lacks personal jurisdiction over PetSmart with respect to the claims of [] non-residents."   Memorandum and Points and Authorities in Support of Defendant's Motion to Strike Plaintiff's Allegations Regarding Proposed Nationwide Class ("Motion to Strike") at 4.

Putting aside Defendant's inconsistent positions, Defendant bases its personal-jurisdiction argument on a complete misapplication of the U.S. Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal.,* 137 S. Ct. 1773 (2017), as explained below.  Motion to Strike at 4-5.

---

[1] Nor does Defendant assert in its Answer any affirmative defense contesting the Court's personal jurisdiction.

1

### 1. *Bristol-Myers Is Plainly Distinguishable*

*Bristol-Myers* was a **mass tort** action brought in California **state court** by over 600 plaintiffs—the majority of whom were **non-residents**—based on injuries allegedly caused by a prescription drug sold by Bristol-Myers Squibb Company. *Bristol-Myers* at 1777-78. The issue was whether the state court could exercise specific jurisdiction over the claims of the non-resident **named** plaintiffs. The U.S. Supreme Court held that it could not. *Id.* at 1782. Critically, however, the Supreme Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-1784. In addition, the Supreme Court did not "confront the question [of] whether its opinion . . . would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 (Sotomayor, J., dissenting). Here, of course, a single **named** Plaintiff filed a **class action** complaint in **federal** court, and Defendant does not contest the Court's personal jurisdiction over the claims of the only named Plaintiff. Accordingly, *Bristol-Myers* is simply not relevant.

### 2. *Bristol-Meyers Does Not Apply to Class Actions*

Even more, "the weight of authority examining this issue has concluded that *Bristol-Myers* does not apply to class actions." *Sotomayor v. Bank of Am., N.A.,* 377 F. Supp. 3d 1034, 1037-39 (C.D. Cal. 2019) (citing *Cabrera v. Bayer Healthcare, LLC*, 2019 WL 1146828, at *7-8 (C.D. Cal. 2019) (collecting cases). The *Sotomayor* court identified two key elements that courts have relied upon to distinguish class actions from mass tort actions for purposes of personal jurisdiction; namely, the difference in status of **named** plaintiffs and **unnamed** class members, and the due process safeguards built into Rule 23 of the Federal Rules of Civil Procedure. On these two points, the *Sotomayor* court explained:

1
2
3
4
5
6
7
8
9
10
11
12

First, a plaintiff in a mass tort action is named as a plaintiff, making each "a real party in interest." In contrast, only the proposed class representative is actually named on the complaint in a class action. Accordingly, while the claims of nonresident plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, the claims of unnamed class members are not implicated in the question of specific jurisdiction in a class action. Second, Federal Rule of Civil Procedure 23 imposes additional due process safeguards on class actions that do not exist in the mass tort context. *See* Fed. R. Civ. P. 23 (requiring that there are common questions of law or fact, that the class representative's claims are typical to the class's claims, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy). Mass tort actions, like the one in *Bristol-Myers*, do not—and generally cannot—meet the requirements of Rule 23, because there are typically significant variations in the plaintiffs' claims. At its core, "[p]ersonal jurisdiction is rooted in fairness to the defendant, and Rule 23 provides significant safeguards to that end." These significant differences persuade the Court to decline to extend *Bristol-Myers* to the class action context.

13
14
15
16
17
18
19
20
21
22
23
24

*Sotomayor,* 377 F. Supp. 3d at 1037-39 (internal citations omitted); *see also In re Morning Song Bird Food Litig.*, No. 12cv01592 JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) ("While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, 'claims of unnamed class members are irrelevant to the question of specific jurisdiction.'") (citation omitted); *Branca v. Bai Brands, LLC*, No. 318CV00757BENKSC, 2019 WL 1082562, at *13 (S.D. Cal. Mar. 7, 2019); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (finding a court "may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant").[2]

25
26
27
28

[2] *See also Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018), *on reconsideration*, No. 3:13-CV-01279-WHO, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) ("[I] conclude that *Bristol–Myers* does not require a personal jurisdiction inquiry for absent class members. Most importantly, the Supreme Court noted in its decision that 'settled

1    In the present case, there is one named plaintiff who resides in California.

2    Plaintiff's harm occurred in California and arises out of actions taken by Defendant

3    directed at California (that is, selling the defective products through one of its

4    California stores to Plaintiff). Importantly, Defendant does not dispute the Court's

5    personal jurisdiction over it with regard to Plaintiff's claims.

6    In addition to his California claims, Plaintiff also seeks to represent a

7    nationwide class, and the members of that class are ***unnamed*** at this point in the

8    litigation. As explained herein, the claims of unnamed members of a proposed

9    class are not relevant to the determination of specific jurisdiction—rather, only the

10   claims of named plaintiffs are pertinent. Indeed, this Court has previously

11   recognized this distinction. *See Andrade-Heymsfield v. Danone US, Inc.*, No. 19-

12   CV-589-CAB-WVG, 2019 WL 3817948, at *3 (S.D. Cal. Aug. 14, 2019)

13   (Bencivengo, J.).

14   Furthermore, extending *Bristol-Myers* to class actions, as Defendant urges,

15   would fundamentally alter the existing landscape of class-action jurisprudence.

16   "The class-action device was designed as an exception to the usual rule that

17   litigation is conducted by and on behalf of the individual named parties only,"

18   enabling both courts and parties to save resources by permitting an issue

19   potentially affecting every class member to be litigated in an economical fashion

20   under Rule 23. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 154, 102 S. Ct. 2364,

21

22   principles regarding specific jurisdiction control[led].' *Bristol–Myers*, 137 S.Ct. at
     1781. The decision overturned no Ninth Circuit law."). *See also Henderson v.*
23   *United Student Aid Funds, Inc.*, 2015 WL 12658485, at *4 (S.D. Cal. 2015)
     ("Specific personal jurisdiction in a class action is based only on the named
24   plaintiffs and may not be based on allegations about the residency of unnamed
     putative class members."); *Choi v. Kimberly-Clark Worldwide, Inc.*, No.
25   SACV190468DOCADSX, 2019 WL 4894120, at *5-6 (C.D. Cal. Aug. 28, 2019)
26   ("The Court agrees with the line of cases holding *Bristol-Myers* does not bar
27   nationwide        putative        class        actions        where        the        Court        has
28   specific personal jurisdiction over the named plaintiff.").

2369, 72 L. Ed. 2d 740 (1982) (internal citation and quotation marks omitted). *Bristol-Myers* does not suggest any intent to dramatically curtail the availability of the class-action device, by requiring class actions, even those involving federal questions in federal court, to be filed in each state or only in the state in which the defendant is incorporated or has its principal place of business.[3]   Accordingly, the Court should join the "weight of authority" and hold that *Bristol-Myers* does not apply, and find that personal jurisdiction exists over Defendant for all claims alleged in the First Amended Complaint.

### 3. *Bristol-Myers Does Not Apply to Federal Courts with Federal Question Jurisdiction*

*Bristol-Myers* is also inapplicable where, as here, the Court has federal question jurisdiction.   Indeed, in *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 859 (N.D. Cal. 2018), *order clarified*, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. 2018), the court reasoned that "where a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers* and which may be 'decisive' in a state court's analysis."   In light of this reasoning, the *Sloan* court exercised pendent personal jurisdiction over other non-California plaintiffs' claims. *See also In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1172 (S.D. Cal. 2018) ("The Court finds *Sloan* persuasive for the proposition that where a federal court sits in federal question jurisdiction, the due process concerns are different than those animating *Bristol-Myers* and a court

---

[3] *See also In re Morning Song Bird Food Litig.*, No. 12CV01592 JAH-AGS, 2018 WL 1382746, at *2 (S.D. Cal. Mar. 19, 2018) ("This Court finds <u>Bristol-Myers</u> is not an intervening change in controlling law. In reaching its decision, the [Supreme] Court explicitly stated 'settled principles regarding specific jurisdiction control[led] the case' and further described its holding as a 'straightforward application' of those settled principles. . . . Contrary to Defendants' assertion, the [Supreme] Court did not change personal jurisdiction jurisprudence but applied 'settled principles' in reaching its decision.").

would not apply *Bristol-Myers* when sitting in federal question jurisdiction."); *Pascal v. Concentra, Inc.*, No. 19-CV-02559-JCS, 2019 WL 3934936, at *4-6 (N.D. Cal. 2019) ("The undersigned finds the reasoning in *Sloan* to be persuasive and therefore concludes that *Bristol-Myers* does not apply in this case because Plaintiff asserts his claim in a federal court and under federal law."); *Fabricant v. Fast Advance Funding, LLC*, No. 217CV05753ABJCX, 2018 WL 6920667, at *4-6 (C.D. Cal. 2018).

Here, Plaintiff invokes the Court's federal question jurisdiction by asserting a cause of action based on the Magnuson-Moss Warranty Act ("MMWA"). FAC at ¶¶ 163-76. *See Luna v. BMW of N. Am., LLC*, No. 317CV02067BENKSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) (holding that "the Court has federal question jurisdiction over the MMWA claim"); *Arutunian v. Mercedes-Benz USA, LLC*, No. CV186806DMGRAOX, 2018 WL 6617636, at *3 (C.D. Cal. Dec. 17, 2018) (holding that "the Court has federal question jurisdiction over Plaintiff's MMWA claims"). In light of the Court's federal question jurisdiction, "due process concerns are different than those animating *Bristol-Myers*," providing yet another reason for this Court to disregard *Bristol-Myers*.[4]

---

[4] In the event the Court determines that Plaintiff asserts claims that have "no independent basis of personal jurisdiction," (*Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)), Plaintiff respectfully requests that the Court exercise pendent personal jurisdiction over those claims. *See Elson v. Black*, No. 218CV00116ODWRAOX, 2019 WL 4673211, at *6 (C.D. Cal. Sept. 25, 2019) ("[T]he Ninth Circuit does not require nationwide personal jurisdiction to assert pendent personal jurisdiction; rather 'the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists,'" citing *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *CE Distrib. v. New Sensor Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004).). *See also Andrade-Heymsfield v. Danone US, Inc.*, No. 19-CV-589-CAB-WVG, 2019 WL 3817948, at *5 (S.D. Cal. Aug. 14, 2019) (Bencivengo, J.); *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1172 (S.D. Cal. 2018). As is clear from the

4.      **The Cases Defendant Cites Succeed in Only Further Demonstrating that Bristol-Myers Does Not Apply to the Instant Case**

Defendant relies on several cases that actually underscore the inapplicability of *Bristol-Myers* to this case.  Indeed, in each of the cases Defendant cites, the court found it lacked personal jurisdiction based on a defendant's relationship to a **"named"** plaintiff's forum.   Here, however, Defendant does not dispute the Court's personal jurisdiction vis-à-vis the only "named" Plaintiff in the case.

For example, Defendant cites *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. 2018).   However, in that case, recognizing a distinction between "named" and "unnamed" plaintiffs, the court applied *Bristol-Myers* to a "***named*** plaintiff seeking to represent a statewide class of non-forum residents proceeding under non-forum law."   *Id.* at 2 (emphasis added).   Again, in the instant case, Defendant does not contest the Court's personal jurisdiction at it relates to the claims of the only named Plaintiff.

Defendant fares no better with *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018), in which the Ninth Circuit found a lack of personal jurisdiction where the defendant maintained an out-of-state "passive website" not directed at California and where the California-based plaintiff did not even purchase the subject product from the defendant.   Similarly unhelpful is *Hanna v. Am. Cruise Lines, Inc.*, No. 318CV0919CABWVG, 2018 WL 3993357, at *2 (S.D. Cal. Aug. 21, 2018) (Bencivengo, J.)—which is not even a class-action case.   In *Hanna*, this Court correctly determined that it lacked personal jurisdiction where the defendant "does not conduct business in California, does not employ individuals to work in California, does not have a physical presence in California,

First Amended Complaint, all claims arise from the same "common nucleus of operative facts": the identical defect inherent in each of the Tiny Tales Homes.

does not have a bank account in California, is not registered to do business in California, and does not own any real or personal property in California."  In short, Defendant has failed to provide any cogent legal support for its argument that the Court lacks personal jurisdiction over the claims of unnamed, non-resident putative class members.

## B.  Plaintiff Has Standing to Represent Unnamed, Non-Resident Class Members

Defendant does not dispute that Plaintiff has standing to bring claims under the laws of California.  Nor does Defendant dispute that Plaintiff seeks to *represent* unnamed class members pursuing claims under the laws of their respective states. Presumably, Defendant also does not dispute that these unnamed class members would have standing in their respective states to bring claims under the laws of their respective states.  On these facts alone, the Ninth Circuit is clear that no more is required to satisfy Article III standing at this stage of the proceedings.[5]

By arguing that Plaintiff lacks standing "to bring claims under the laws of

---

[5] *See also Torres v. Mercer Canyons Inc.,* 835 F.3d 1125, 1137 n.6 (9th Cir. 2016), wherein the Ninth Circuit explained:

> *Mazza* quotes a Second Circuit decision stating that "no class may be certified that contains members lacking Article III standing." *Mazza*, 666 F.3d at 594 (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)). However, that statement taken in context signifies only that it must be possible that class members have suffered injury, not that they did suffer injury, or that they must prove such injury at the certification phase. *See Denney*, 433 F.3d at 263–64 ("We do not require that each member of a class submit evidence of personal standing.... [Rather], the class must ... be defined in such a way that anyone within it would have standing."); *see also Stearns*, 655 F.3d at 1021 ("At least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class."); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc).

each state nationwide," Defendant improperly conflates the issue of standing with class certification.  Defendant's misstep is especially clear in light of *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015), where the Ninth Circuit adopted the "class certification approach," which "holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met" (quoting NEWBERG ON CLASS ACTIONS § 2:6.).[6]  "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'"  *Id.* at 1262 (quoting 7AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1785.1 (3d ed.)).[7]  Because Defendant does not dispute Plaintiff's individual standing to bring a claim, "the standing

---

[6] In adopting the "class certification approach," the Ninth Circuit explained, "This approach has been embraced several times (though not always) by the Supreme Court, and is the one adopted by 'most' other federal courts to have addressed the issue."  *Melendres*, 784 F.3d at 1262.

[7] *See also Kutza v. Williams-Sonoma, Inc.*, No. 18-CV-03534-RS, 2018 WL 5886611, at *2-3 (N.D. Cal. 2018) (applying the "class action approach" and explaining that the nationwide "claims are brought under a federal statute [Magnuson-Moss Warranty Act], and the common law [breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud], **which likely will not vary much among the states**") (emphasis added).  *See also Robinson v. Unilever United States, Inc.*, No. CV173010DMGAJWX, 2018 WL 6136139, at *4 (C.D. Cal. June 25, 2018); *Palmer v. Cognizant Tech. Sols. Corp.*, No. CV176848DMGPLAX, 2018 WL 4815757, at *6 (C.D. Cal. 2018); *Johnson v. Fujitsu Tech. and Bus. of Am., Inc.*, 250 F. Supp. 3d 460, 465 (N.D. Cal. 2017); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, MDL No. 2672 CRB(JSC), 2017 WL 3058563, at *4 (N.D. Cal. 2017); *Stotz v. Mophie Inc.*, No. CV 16-8898-GW(FFMx), 2017 WL 1106104, at *5-6 (C.D. Cal. 2017).

inquiry is concluded," and any additional inquiries regarding this issue are reserved for class certification. *Id.*[8]

Defendant's position to the contrary was also expressly rejected in *In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1005 (S.D. Cal. 2011). In that case, "Defendants [] contend that Plaintiffs lack standing to assert claims under the laws of those states in which no named Plaintiff resides." *Id.* at 1004. In rejecting that argument, the court "agree[d] with the reasoning of the courts that hold that the issue of individual standing is separate and distinct from the inquiry of whether named plaintiffs can meet the requirements to certify a class under Rule 23." *Id.* at 1005. The court reasoned further that "[t]he constitutional issue of standing should not be conflated with Rule 23 class action requirements. 'The relevant question . . . is not whether the Named Plaintiffs have standing to sue Defendants—they most certainly do—but whether their injuries are sufficiently similar to those of the purported Class to justify the prosecution of a nationwide class action. This question is . . . appropriately answered through the class certification process.'" *Id.* (internal citation omitted).

In support of its standing argument, Defendant cites a single California case: *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015). There, the Honorable Edward M. Chen acknowledged that the court "has the discretion to

---

[8] *See also In re: McCormick & Co., Inc.*, 217 F. Supp. 124, 144 (D.D.C. 2016), *amended on reconsideration sub nom. In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 218 (D.D.C. 2017) ("Thus, when defendants are not challenging Plaintiffs' standing to bring their own claims but rather their standing to bring claims on behalf of the class, [t]his question would be appropriately, and more efficiently addressed at the class certification stage.") (internal citations and quotation marks omitted); *Ramirez v. STi Prepaid LLC*, 644 F.Supp.2d 496, 505 (D.N.J. 2009) ("[T]he fact that the named Plaintiffs may not have individual standing to allege violations of consumer protection laws in states other than those in which they purchased Defendants' calling cards is immaterial. The issue Defendants raise is one of predominance[.]").

1   defer questions of [a plaintiff's] standing until *after* class certification." *Id.* at 1074.

2   The court, however, declined to exercise that discretion and opted, as a matter of

3   case management, to require the plaintiffs to present at the pleading stage a named

4   class member who possessed individual standing to assert each state law's claims

5   against the defendants. *Id.*

6           Remarkably, Defendant fails to direct the Court to the two post-*Melendres*

7   cases decided by Judge Chen, wherein the court reversed course in light of the

8   Ninth Circuit's adoption of the "class action approach." In *Pecanha v. The Hain*

9   *Celestial Grp., Inc.*, No. 17-CV-04517-EMC, 2018 WL 534299, at *9 (N.D. Cal.

10  Jan. 24, 2018), defendants argued that, because plaintiffs were citizens of

11  California only, they could not represent a nationwide class but at best only

12  a statewide class. And defendants argued that the court should decide that issue as

13  a part of the motion-to-dismiss proceedings, and not wait until class certification.

14  *Id.* However, Judge Chen declined to do so in light of *Melendres*, and deferred any

15  such considerations until class certification. *Id.* Similarly, in *In re Chrysler-*

16  *Dodge-Jeep Ecodiesel Litig.*, 295 F. Supp. 3d 927, 953-56 (N.D. Cal. 2018), Judge

17  Chen concluded that *Melendres* requires courts to postpone considering the named

18  plaintiffs' standing to bring "sister state" claims on behalf of class members until

19  class certification.

20          Defendant also attempts to find support in *Amchem Products, Inc. v.*

21  *Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). However, in

22  *Amchem*, the Supreme Court held that the lower courts had properly addressed

23  class certification **before** Article III standing questions. Specifically, the Court

24  stated that because resolution of the certification issues was "logically antecedent

25  to the existence of any Article III issues, it is appropriate to reach them first." *Id.*

26  at 612. *See also Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 831 (1999) ("Thus the

27  issue about Rule 23 certification should be treated first, mindful that [the Rule's]

28  requirements must be interpreted in keeping with Article III constraints[.]")

(internal citation and quotation marks omitted).   In light of the Supreme Court precedent Defendant surprisingly cites, Defendant's argument that the Court must assess at this very early stage the standing of unnamed, non-resident class members is completely meritless.

### C.   Plaintiff Does Not Seek to Apply California Substantive Law to the Nationwide Class

Defendant summarily states that "the FAC alleges no basis for the nationwide application of California law."  Motion to Strike at 6.  Whether or not that is true is of no moment, because Plaintiff does not seek to apply California substantive law to the claims of unnamed, non-resident class members.  Rather, Plaintiff merely seeks to *represent* unnamed, non-resident class members seeking relief under the common laws of their respective states, as well as under federal law.  *See* FAC at ¶¶ 145-183.  Accordingly, Defendant's due process concerns are unwarranted.

However, if the Court nevertheless determines it is appropriate to evaluate Defendant's contacts with California, the FAC more than adequately alleges sufficient contacts.   Specifically, Defendant marketed, advertised and sold the defective products, in addition to other products, in California and through its stores located in California.  *See id.* at ¶¶ 4-5, 8-11, 35-45.  Defendant also employs PetSmart "associates" in its California stores.  *See id.* at ¶¶ 8, 68.  And Plaintiff, who resides in California, was injured by Defendant's conduct directed at California.   *See id.* at ¶¶ 4-5, 8-11, 35-45.   *See AT&T Mobility LLC v. AU Optronics Corp.,* 707 F.3d 1106, 1113 (9th Cir. 2013) ("[C]onduct by a defendant within a state that is related to a plaintiff's alleged injuries and is not 'slight and casual' establishes a 'significant aggregation of contacts, creating state interests.'") (internal citations omitted).  Defendant's contacts with California are clearly more than "slight and casual" and, therefore, sufficient as a matter of law.   *AT&T Mobility LLC,* 707 F.3d at 1113.

1
2

### D. Conducting a Choice-of-Law Analysis Is Unwarranted in This Case

3
4
5
6
7
8
9
10
11
12

Defendant—once again—improperly attempts to litigate class certification issues at this early stage of the case. Specifically, Defendant requests that the Court strike Plaintiff's nationwide claims based upon a choice-of-law analysis. To justify doing so, Defendant cites *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679 (9th Cir. 2018) and *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). As a threshold matter, Defendant appears to be unaware that the *In re Hyundai* case it repeatedly cites was reversed by the Ninth Circuit's en banc decision in *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019). In any event, nothing in either *In re Hyundai* case, nor in *Mazza*, militates in favor of this Court conducting a choice-of-law analysis under the facts of this case.

13
14
15
16
17
18
19
20
21
22
23
24

That is because a choice-of-law analysis is reserved for those cases in which a party seeks to apply the law of the forum state (i.e., California substantive law) to the claims of non-residents. Defendant appears to agree. *See generally* Motion to Strike at 8-10 (describing the choice-of-law analysis in relation to whether California law materially differs from other states' laws). *See also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012); *Branca v. Bai Brands, LLC*, No. 318CV00757BENKSC, 2019 WL 1082562, at *10 (S.D. Cal. Mar. 7, 2019). As explained *supra*, Plaintiff does not seek to apply California substantive law to the claims of unnamed, non-resident class members. Rather, Plaintiff merely seeks to **represent** unnamed, non-resident class members seeking relief under the common laws of their respective states, as well as under federal law. Accordingly, a choice-of-law analysis is inapplicable.

25
26
27
28

In addition, to the extent Defendant wishes to argue that the variations in state law render a nationwide class unmanageable, those are issues addressed the class certification stage, not at this early stage of the proceedings. *See* Rule 23(b)(3) of the Federal Rules of Civil Procedure (addressing whether "questions of

*law* or fact common to class members predominate over any questions affecting only individual members).

### E.   Conducting a Choice of Law Analysis at This Stage of the Proceedings Is Premature

A legion of district courts in California have declined to apply the choice-of-law analysis Defendant advances at the pleading stage, and instead have deferred the issue until class certification. *See, e.g.*, *Fehrenbach v. Hewlett Packard Co.*, No. 16CV2297-MMA (MDD), 2017 WL 11422106, at *6 (S.D. Cal. Jan. 5, 2017) (denying defendant's request to dismiss plaintiff's nationwide class allegations under *Mazza* as "premature at this stage of the proceedings," and explaining that *Mazza* "is procedurally distinguishable from the case at bar [because] *Mazza* was decided at the class certification stage, whereas Defendant's argument is presently before the Court on a motion to dismiss"); *Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN RBB, 2014 WL 1666427, at *3 (S.D. Cal. Apr. 17, 2014) ("determination of the choice of law issue is premature at this stage of litigation" and denying defendant's motion to strike nationwide classes); *Mack v. LLR, Inc.*, No. EDCV1700853JGBDTBX, 2018 WL 6927860, at *3-5 (C.D. Cal. Aug. 15, 2018) (denying defendant's motion to strike nationwide class allegations because "it would be premature to engage in a detailed choice-of-law analysis" at the pleadings stage, and finding defendant's reliance on Mazza "misplaced").[9]

---

[9] *See also Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012) (denying defendant's motion to strike nationwide class claims and explaining that "[c]ourts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation."); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (rejecting defendant's motion to strike plaintiff's nationwide class allegations under *Mazza* and explaining that "*Mazza* was decided on a motion for class certification, not a motion to strike. At this stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate."); *Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *11 (N.D. Cal. Sept. 23, 2013) ("find[ing] that striking the nationwide

1    Deferring a choice-of-law analysis until class certification is critical because

2  it is such a fact-specific inquiry, which requires a more developed factual record

3  than is available at the motion-to-dismiss stage.  *See Valencia v. Volkswagen Grp.*

4  *of Am. Inc.*, No. 15-CV-00887-HSG, 2015 WL 4760707, at *1 (N.D. Cal. 2015)

5  (denying defendant's motion to strike nationwide allegations in a product defect

6  case and explaining that "[w]hether California law differs from the laws of other

7  states in a way that is material *to this litigation* is not a proper inquiry at the

8  pleading stage.  Such a deeply factual inquiry is more appropriately addressed at

9  the class certification stage, which was, incidentally, the posture of

10  the *Mazza* action when it was appealed to the Ninth Circuit.").[10]

---

11  class allegations at this stage of this case would be premature."); *Doe v.*
12  *Successfulmatch.com*, No. 13-CV-03376-LHK, 2014 WL 1494347, at *7 (N.D.
13  Cal. 2014) ("Here, the Court finds that striking the nationwide class allegations at
    this stage of the case would be premature."); *Wolf v. Hewlett Packard Co.*, No.
14  CV1501221BROGJSX, 2016 WL 8931307, at *8 (C.D. Cal. 2016) ("It is
15  unnecessary at this time to strike Plaintiff's FAC to the extent Plaintiff seeks to
    represent a class of out-of-state consumers.  That issue is more properly addressed
16  at the class certification stage."); *In re iPhone 4S Consumer Litig.*, No. C 1201127,
17  2013 WL 3829653, at *8-9 (N.D. Cal. 2013).

18  [10] *See also In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal.
19  2012) ("Since the parties have yet to develop a factual record, it is unclear whether
    applying different state consumer protection statutes could have a material impact
20  on the viability of Plaintiffs' claims."); *Forcellati v. Hyland's, Inc.*, 876 F. Supp.
21  2d 1155, 1159 (C.D. Cal. 2012) ("Until the Parties have explored the facts in this
    case, it would be premature to speculate about whether the differences in various
22  states' consumer protection laws are material in this case. . . . Additionally, once
23  the relevant facts of the case have been explored during discovery, it is possible
    that Plaintiff could narrow or define the class in such a way at the class
24  certification stage to make any differences between applicable laws immaterial.");
25  *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 WL 1632697,
    at *21 (N.D. Cal. 2013) ("The Court finds the choice of law question raised by
26  Defendants to be premature" because "[s]uch an inquiry is most appropriate at the
27  class certification stage of the case, after the parties have engaged in discovery.");
    *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013) ("Such a
28  detailed choice-of-law analysis is not appropriate at this stage of the litigation.

---

Plaintiff's Opposition to Defendant's Motion to Strike Nationwide Class Allegations

### F.   Defendant Has Failed to Satisfy Its Burden Under a Choice-of-Law Analysis

Even if the Court determines it is appropriate to engage in a choice-of-law analysis at this early juncture, Defendant has plainly failed to satisfy its burden.[11] In *Mazza*, the Ninth Circuit explained that ***Defendant*** bears the burden to demonstrate "that foreign law, rather than California law, should apply to class claims."[12]   *Mazza,* 666 F.3d at 590 (internal citation and quotation marks omitted). To determine whether the interests of other states outweigh California's interest, Defendant must satisfy a three-step governmental interest test.   *Id.*   Under the second step of that test, and assuming Defendant has adequately demonstrated that the relevant state laws materially differ, Defendant must then demonstrate the foreign jurisdiction's "interest in the application of its own law ***under the circumstances of the particular case*** to determine whether a true conflict exists." *Id.* (emphasis added).   The Ninth Circuit reiterated this requirement in *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 562 (9th Cir. 2019): "[B]efore the

---

Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery."); *Joseph v. J.M. Smucker Co.*, No. CV 17-8735 FMO (KSX), 2019 WL 1219708, at *4 (C.D. Cal. 2019).

[11]   Defendant also summarily states that "Plaintiff does not specify which state's laws apply to his common law claims."   Motion to Strike at 2.   Not so.   The FAC clearly alleges that the nationwide causes of action are based on the respective states' common laws of fraud by omission, implied warranty and unjust enrichment, as well as on the Magnuson-Moss Warranty Act.   *See* FAC ¶¶ 145-183.   Evidently, there was sufficient detail in the FAC to enable Defendant to draft three 50-state surveys, which also identify each relevant state law.   *See* Exhibits 1-3 to Decl. of Meegan B. Brooks.

[12] *See also Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 545 (C.D. Cal. 2012) ("[T]he California Supreme Court has expressly held that California's choice-of-law analysis, also referred to as the 'governmental interest test,' places the burden on the *defendant* to show that another state's law, rather than California law, should apply to class claims.").

district court, no objector presented an adequate choice-of-law analysis or explained how, ***under the facts of this case***, the governmental interest test's three elements were met." (emphasis added).

As the Ninth Circuit made clear in *Mazza* and *In re Hyundai*, to satisfy its burden under a choice-of-law analysis, Defendant must not only demonstrate material differences in the relevant state laws, but must also demonstrate how the relevant differences are material to the facts of ***this particular case***.   Failing to do so dooms a defendant's attempt to strike the nationwide allegations.   For example, in *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK MRWX, 2014 WL 1410264, at *2 (C.D. Cal. Apr. 9, 2014), the court held that "Defendants—as the party bearing the burden of demonstrating that foreign law, rather than California law, should apply to class claims—have failed to satisfy their burden under California's governmental interest analysis test" (internal citation and quotation marks omitted).   In arriving at this determination, the court explained that "Defendants can only meet their burden under this test 'by engaging in an analytically rigorous discussion of each prong of [the] test based on **the facts and circumstances of *this* case**, **and [*these*] Plaintiff[s'] allegations**.'" *Id.* (internal citation omitted and emphasis added).   Merely "identifying differences in state law is but the first step in an analysis under the first prong of the governmental interest analysis test.   The only differences that are relevant to the conflict-of-laws analysis are those that are material *in this litigation." Id*. (emphasis in original).   Because the defendants in *Forcellati* merely identified the differences in the various states' laws without showing how the relevant differences were "material *in this litigation*," the defendants failed to satisfy their burden. *Id.*[13]

---

[13] *See also Bruno v. Eckhart Corp.,* 280 F.R.D. 540, 545 (C.D. Cal. 2012) ("[T]he California Supreme Court has expressly held that California's choice-of-law analysis must be conducted on a case-by-case basis because it requires analyzing various states' laws 'under the circumstances of the ***particular*** case' and given 'the ***particular*** [legal] issue in question.'" (quoting *Kearney v. Salomon Smith*

1    Here, Defendant has entirely skipped the second step of the governmental
2    interest test.  While Defendant endeavors to explain purported material differences
3    among certain state laws (Motion to Strike at 10-20), as in *Forcellati,* merely
4    identifying the differences in the various states' laws without showing how the
5    relevant differences are material "under the circumstances of the ***particular*** case
6    and given the ***particular*** [legal] issue in question" is not sufficient to satisfy
7    Defendant's burden.  *Bruno,* 280 F.R.D. at 545 (internal quotation marks omitted
8    and emphasis added).    *See also Cadena v. Am. Honda Motor Co.*, No.
9    CV184007MWFPJWX, 2018 WL 8130613, at *5-6 (C.D. Cal. Nov. 14, 2018)
10   ("Honda's inquiry into ***fact-specific*** materiality is virtually 'non-existent.'  And
11   because '*Mazza* did not announce a change in state law that would allow
12   [defendants] to substitute *Mazza*'s holding in lieu of [defendants'] own careful
13   analysis of choice-of-law rules ***as applied to this particular case*,'** Honda has
14   failed to satisfy its burden.") (internal citations omitted and emphasis added).
15   Here, because Defendant made ***no*** such analysis of the choice-of-law rules—much
16   less a "careful" one—as applied to this particular case, Defendant has failed to
17   satisfy its burden.[14]
18   *///*
19

20   *Barney,* 39 Cal.4th 95, 107-08, 45 Cal.Rptr.3d 730, 137 P.3d 914 (2006))
21   (emphasis added); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D.
22   Cal. 2012) ("[U]nlike the defendant in *Mazza,* Clorox has not explained how
     differences in the various states' consumer protection laws would materially affect
23   the adjudication of ***Plaintiffs'*** claims.") (emphasis added).

24   [14] Defendant should be precluded from attempting to correct its failings heretofore
25   by actually addressing the second step of the governmental interest test for the first
     time in its Reply in Support of Defendant's Motion to Strike Plaintiff's Allegations
26   Regarding Proposed Nationwide Class.  It is axiomatic that it is improper for a
     moving party to introduce new facts or different legal arguments in the reply brief
27   than those presented in the moving papers.  *See Zamani v. Carnes*, 491 F.3d 990,
28   997 (9th Cir. 2007).

**V.   CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that the Court deny in its entirety Defendant's Motion to Strike Plaintiff's Allegations Regarding Proposed Nationwide Class.

Dated: January 17, 2020                    Respectfully submitted,

**MOON LAW APC**

By: _____
CHRISTOPHER D. MOON
KEVIN O. MOON
Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 600 West Broadway, Suite 700, San Diego, California 92101.

On January 17, 2020, I served true copies of the following document(s) described as

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS REGARDING PROPOSED NATIONWIDE CLASS**

on the interested parties in this action as follows:

**STEPTOE & JOHNSON LLP**
Stephanie Sheridan
Anthony J. Anscombe
Meegan B. Brooks
One Market Plaza, Spear Tower, Suite 39
San Francisco, CA  94105
Telephone:  (415) 365-6700
Facsimile:  (415) 365-6699
Email:  *ssheridan@steptoe.com*
         *aanscombe@steptoe.com*
         *mbrooks@steptoe.com*

*Attorneys for Defendant*
*PetSmart, Inc.*

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on January 17, 2020 at San Diego, California.

_____
Christopher D. Moon

MOON LAW APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432

2550524