Christopher D. Moon (State Bar No. 246622)
*chris@moonlawapc.com*
Kevin O. Moon (State Bar No. 246792)
*kevin@moonlawapc.com*
**MOON LAW APC**
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432
Facsimile: (650) 542-8432

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CARPENTER, Individually, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETSMART, INC.,<br><br>Defendant. | Case No.: 19-cv-01731-CAB-LL<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

On February 11, 2020, the Court issued an Order to Show Cause ("Order") directing the parties to address why this action should not be dismissed for lack of subject matter jurisdiction. [Dkt. 23]. Plaintiff hereby responds as follows.

## I. <u>Legal Standard</u>

Pursuant to CAFA, federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen

of a state different from any defendant and the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "The only question . . . is whether the amount in controversy exceeded $5,000,000 when the lawsuit was filed." *Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at *3 (S.D. Cal. Mar. 24, 2017). As is relevant here, "the proper measure of this harm for calculation of the amount in controversy is the dollar amount of Defendants' retail sales of the products." *Id.* at 5. As the Court noted in its Order, "the evidence relevant to the aggregate amount in controversy is likely in the control of Defendant." Order at 2.

## II. Discussion

During a telephone call on February 18, 2020, Defendant's counsel informed Plaintiff's counsel that Defendant would disclose the relevant retail sales data in response to the Court's Order, and that Defendant's counsel would share that data with Plaintiff's counsel. However, as of the filing of this Response, Defendant has not done so. Therefore, Plaintiff is currently unable to provide the Court with the exact "dollar amount of Defendant['s] retail sales of the products" in order to show that the amount of "Defendant's sales of the products [], when combined with other measures of damages or other relevant amounts, supports a finding that more than $5,000,000 is in controversy." *Petkevicius*, 2017 WL 1113295 at *5; Order at 3. With the Court's permission, Plaintiff will supplement his response if and when the relevant sales information is made available.

## III. Conclusion

If the Court determines that it lacks subject matter jurisdiction over this case because the aggregate amount in controversy does not exceed $5,000,000, exclusive of interest and costs, Plaintiff respectfully requests that the Court dismiss the case without prejudice so that Plaintiff may refile in state court. *See*

*Petkevicius*, 2017 WL 1113295, at *12; *Lejbman v. Transnational Foods, Inc.*, No. 17-CV-1317-CAB-MDD, 2018 WL 2215420, at *3 (S.D. Cal. May 15, 2018).

Dated: February 21, 2020

Respectfully submitted,

**MOON LAW APC**

By: /s/ Christopher D. Moon          .
    CHRISTOPHER D. MOON
    KEVIN O. MOON
    Attorneys for Plaintiff